**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KIERRA THOMAS,** | * | **CASE NO:** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **RANDALL CHAMBERS,** | * | |
| **GOD'S WAY TRUCKING, LLC** | * | **MAG.** |
| **CANAL INSURANCE COMPANY** | * | |
| | * | |

* * * * * * * * * * * * *

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come Defendants, Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company (hereinafter collectively referred to as "Defendants"), which files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

I.

On April 6, 2018, Plaintiffs, Kierra Thomas, Antoine Clark and Shirley Harris (hereinafter referred to as "Plaintiffs"), filed a personal injury lawsuit against Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket Number 18-3418, entitled, "*Kierra Thomas, Antoine Clark and Shirley Harris versus Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company*."[1] The lawsuit arises from an alleged motor vehicle collision which occurred on or about April 24, 2017, in Orleans Parish, Louisiana.[2]

---

[1] A copy of the Petition for Damages is attached hereto as Exhibit "A"
[2] *Id*. at paragraphs 7-10.

II.

Service of citation and a copy of the Original Petition for Damages was requested on Defendants, Randall Chambers and God's Way Trucking, LLC, via the Louisiana Long Arm Statute, and Randall Chambers and God's Way Trucking, LLC were served on or about April 16, 2018.

III.

Service of citation and a copy of the Original Petition for Damages was requested on Defendant, Canal Insurance Company, via the Louisiana Secretary of State. As of this filing, Canal Insurance Company has not been served with the Plaintiffs' Petition for Damages, but Canal Insurance Company waives service and consents to this removal.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.

IV.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states…."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

V.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely

exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[3]

VI.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiffs' Petition for Damages did not set forth the specific amount of damages sought. However, Plaintiffs' Petition for Damages does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. C.C.P. art. 893(A)(1).

VII.

Plaintiff, Shirley Harris, claims that she suffered "personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known." [4]

VIII.

Plaintiff, Shirley Harris, further alleged in Paragraph 24 of her Petition for Damages as follows:

> As a result of the motor vehicle collision at issue, Ms. Harris suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages, including, but not limited to:
>
> a. Past, present and future mental pain and suffering;
> b. Past, present and future physical pain and suffering;
> c. Past, present and future medical expenses;
> d. Past, present and future lost earnings;
> e. Loss of earning capacity;
> f. Loss of enjoyment of life; and
> g. All damages allowed under Louisiana law which may be proven at the trial of this matter. [5]

[3] *Grant v. Chevron Phillips Chemical Co*., 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).
[4] *See* Exhibit "A", ¶ 22.

IX.

Further, Plaintiff's counsel, Vanessa Motta, indicated that:

> Shirley Harris – Has multiple injuries where she is doing pain management and her neuro has stated she is a surgical candidate for a disc herniation in her cervical back in August. She has undergone injections in both her cervical and lumbar area. Please note she is in her early 30's, bills are over $40,000.00 thus far. Surgery is approximately $150,000.00 dollars.[6]

X.

Also, Plaintiff, Antoine Clark, claims that he suffered "personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known." [7]

XI.

Plaintiff, Antoine Clark, further alleged in Paragraph 21 of his Petition for Damages as follows:

> As a result of the motor vehicle collision at issue, Mr. Clark suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages, including, but not limited to:
>
> a. Past, present and future mental pain and suffering;
> b. Past, present and future physical pain and suffering;
> c. Past, present and future medical expenses;
> d. Past, present and future lost earnings;
> e. Loss of earning capacity;
> f. Loss of enjoyment of life; and

---

[5] *See* Exhibit "A", ¶ 24.
[6] See correspondence from Vanessa Motta to Canal Insurance Company, dated October 11, 2017, attached hereto as Exhibit "B".
[7] *See* Exhibit "A", ¶ 19.

g. All damages allowed under Louisiana law which may be proven at the trial of this matter. [8]

XII.

Further, Plaintiff's counsel, Vanessa Motta, indicated that:

Antoine Clark- Has a SEVERE disc herniation that is 10MM with a tear and measures 15MM and has affected the nerve root near the L5-S1, and is being recommended for lumbar surgery and is recommended to have surgery immediately. Her bills are over $20,000.00 this far and surgery will be over $150,000.00 dollars. Please not she is not even 30.[9]

XIII.

Spine injuries vary by severity, though spine injuries, especially herniations, often exceed $65,000.00. Both Ms. Harris and Mr. Clark alleged injuries including herniations, and both have reportedly incurred over $20,000.00 in past medical expenses. Routinely, un-operated herniation general damage awards in the Fourth Circuit and other circuits are in the range of $65,000.00 to $100,000.00[10], or even up to $150,000.00.[11]

XIV.

The Court can exercise supplemental jurisdiction over the claims of Kierra Thomas regardless of the amount in controversy with respect to their claims. 28 U.S.C.A. § 1367(a);

[8] *See* Exhibit "A", ¶ 21.

[9] See correspondence from Vanessa Motta to Canal Insurance Company, dated October 11, 2017, attached hereto as Exhibit "B".

[10] *Williams v. Mathieu*, 2013-1373 (La. App. 4 Cir. 10/29/14), 155 So.3d 54 ($65,000.00 for herniated discs at C3-4. C5-6, bulge at C6-7 and L5-S1); *Donaldson v. Hudson Ins. Co*., 2012-1013 (La. App. 4 Cir. 4/10/13), 116 So.3d 46 ($125,000 for cervical and lumbar disc herniations, cervical injections, future care required); Woolfork v. Trism, Inc., 2007-0749 (La. App. 4 Cir. 1/16/08); 976 So.2d 216 ($63,000 for herniated lumbar disc); *Fruge v. Hebert Oilfield Const., Inc.,* 2003-349 (La. App. 3 Cir. 10/1/03), 856 So. 2d 100, *writ denied sub nom*. *Fruge v. Herbert Oilfield Const., Inc*., 2003-2997 (La. 1/30/04), 865 So. 2d 77 ($100,000.00 for lumbar herniation with possible future surgery).

[11] *Hoyt v. Gray Ins. Co*., 00-2517, (La. App. 4 Cir. 1/31/02), 809 So.2d 1076 (lumbar disc bulge; cervical radiculopathy; residual pain).

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *Earl v. Myers*, No. CIV.A. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010). Ms. Thomas alleged "personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known,"[12] seeking damages for:

a. Past, present and future mental pain and suffering;
b. Past, present and future physical pain and suffering;
c. Past, present and future medical expenses;
d. Past, present and future lost earnings;
e. Loss of earning capacity;
f. Loss of enjoyment of life;
g. Property Damage; and
h. All damages allowed under Louisiana law which may be proven at the trial of this matter. [13]

**B. COMPLETE DIVERSITY EXISTS**

XV.

Defendant, Randall Chambers, is a person of the full age of majority and is domiciled in a citizen of the County of Bulloch, State of Georgia.[14]

XVI.

Defendant, God's Way Trucking, LLC is a "foreign limited liability company licensed by the State of Georgia."[15] God's Way Trucking has only one member, Laura Chambers, who is a citizen of the State of Georgia.[16]

XVII.

Defendant, Canal Insurance Company, is a foreign insurance company, incorporated in the State of South Carolina with its principal place of business in Greenville, South Carolina.[17]

---

[12] *See* Exhibit "A", ¶ 16.
[13] *See* Exhibit "A", ¶ 18.
[14] *See* Exhibit "A", ¶ II-3.
[15] *See* Exhibit "A", ¶ II-3.
[16] Articles of Organization of God's Way Trucking, LLC, attached hereto as Exhibit "C".

XVIII.

Based on Paragraph II-2 of the Petition for Damages, Plaintiffs, Antoine Clark and Shirley Harris, are persons of the full age of majority and is domiciled in Orleans Parish, Louisiana, and resides in and is a citizen of the State of Louisiana.[18] Plaintiff, Kierra Thomas, is a person of full age of majority and is domiciled in County of Denton, Texas.[19]

XIX.

There is complete diversity between the Plaintiffs and Defendants. As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XX.

Citation and a copy of the Original Petition for Damages was served on Randall Chambers and God's Way Trucking, LLC on or about April 16, 2018. Canal Insurance Company has not been served as of this filing, but waives service and consents to this removal.

XXI.

There is no other party needed to consent to the removal of this case.

XXII.

The Notice of Removal was properly filed within thirty (30) days of service of Plaintiffs' Petition for Damages on April 16, 2017.

XXIII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by

[17] *See* Exhibit "A", ¶ II-3. *See also*, Louisiana Department of Insurance listing for Canal Insurance Company, attached hereto as Exhibit "D".

[18] *See* Exhibit "A".

[19] *Id*.

Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiffs' alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from the Defendants.

XXIV.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the plaintiff and to the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana.

XXV.

No previous application has been made for the relief requested herein.

XXVI.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXVII.

Defendants are entitled to and hereby request a trial by jury on all issues herein.

WHEREFORE, Defendants, Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company, pray that the action entitled, "*Kierra Thomas*, *Antoine Clark and Shirley Harris versus Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company*," bearing number 18-3418, pending in the Civil District Court for the Parish of Orleans, State of Louisiana be removed from the state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Guy D. Perrier*________________

**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **27th** day of **April**, **2018**, at their last known address of record.

*/s/ Guy D. Perrier*__________
**GUY D. PERRIER**