**CLERK OF CIVIL DISTRICT COURT**
421 Loyola Avenue, Rm. 402
New Orleans, LA 70112




*Dale N. Atkins*
CLERK OF COURT

Telephone: (504) 592-9100
Fax: (504) 592-9128
Email: cdcclerk@orleanscdc.com

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

I, *Gwendolyn Cameron-Allen*, Deputy Clerk for the Civil District Court for the Parish of Orleans, do hereby certify that the attached *8* pages is a ***true and correct*** certified copy of the entire proceeding entitled:

**CASE NO.: 2018-03418** **DIVISION: "L-6"**

**KIERRA THOMAS, ANTOINE CLARK, AND SHIRLEY HARRIS**

VERSUS

**RANDALL CHAMBERS, GOD'S WAY TRUCKING L.L.C., AND CANAL INSURANCE COMPANY**

**IN TESTIMONY WHEREOF**, I have hereunto set My hand and affixed the seal of said Court at New Orleans, Louisiana, on this 24th day of April, 2018.

Deputy Clerk, Orleans Parish
***Hon. Chelsey Richard Napoleon, Clerk***
Civil District Court Clerk's Office
421 Loyola Avenue, Room 402
New Orleans, Louisiana 70112

EXHIBIT
A

FILED

2018 APR -6 P 1:45

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS CIVIL DISTRICT COURT

STATE OF LOUISIANA

NO.: 18-3418 DIVISION: 

KIERRA THOMAS, ANTOINE CLARK, AND SHIRLEY HARRIS

VERSUS

SECTION 6

RANDALL CHAMBERS, GOD'S WAY TRUCKING L.L.C., AND CANAL INSURANCE COMPANY

FILED: ______________________ ______________________ DEPUTY CLERK

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

| | |
|---|---|
| Receipt Date | 4/6/2018 2:28:00 PM |
| Receipt Number | 887475 |
| Cashier | mgagliano |
| Register | CDCCASH1 |
| Case Number | 2018-03418 |
| Grand Total | $514.50 |
| Amount Received | $514.50 |
| Balance Due | $0.00 |
| Over Payment | $0.00 |

Payment / Transaction List
Credit Card # 000536 $514.50

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Petition for Damages | $444.50 | $444.50 | $0.00 |
| Judicial College | $0.50 | $0.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| JSC | $24.50 | $24.50 | $0.00 |
| Supreme Court-Processing Fee | $10.00 | $10.00 | $0.00 |

***************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, KIERRA THOMAS, ANTOINE CLARK, and SHIRLEY HARRIS, who respectfully submit the following Petition for Damages:

### I. INTRODUCTION

1.

This cause of action arises out of a motor vehicle accident that occurred on or about April 24, 2017, in the Parish of Orleans, State of Louisiana.

### II. THE PARTIES

2.

Made Plaintiffs herein are:

KIERRA THOMAS ("Ms. Thomas"), a person of the full age of the majority and resident of and domiciled in the County of Denton, State of Texas;

ANTOINE CLARK ("Mr. Clark"), a person of the full age of the majority and resident of and domiciled in the Parish of Orleans, State of Louisiana; and

SHIRLEY HARRIS ("Ms. Harris"), a person of the full age of the majority and resident of and domiciled in the Parish of Orleans, State of Louisiana.



3.

Made Defendants herein are:

RANDALL CHAMBERS ("Defendant Chambers") a person of the full age of the majority and resident of and domiciled in the County of Bulloch, State of Georgia;

GOD'S WAY TRUCKING, L.L.C., (hereinafter, Gods Way), a foreign limited liability company licensed by the State of Georgia, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the April 24, 2017, motor vehicle collision at issue and the entity that employed Defendant Chambers while he was driving in the course and scope of his employment at the time of the April 24, 2017, motor vehicle collision; and

CANAL INSURANCE COMPANY, (hereinafter, Canal), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in the State of South Carolina with its principal place of business located at 400 East Stone Avenue, Greenville, SC 29601, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Chambers and owned by Gods Way.

## III. VENUE

4.

Venue in this Court is proper according to Louisiana Code of Civil Procedure, Articles 42 and 74, *et seq*. because the wrongful conduct occurred in Orleans Parish, and two Plaintiffs are domiciled in Orleans Parish.

## IV. JURISDICTION

5.

This Court has personal jurisdiction over Defendant Chambers and Gods Way pursuant to La. R.S. 13:3201, because they transact business in this State and caused injury and damage in this State by an offense committed through an act or omission in the State. This Court has personal jurisdiction over Canal pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer authorized to do business in and regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

6.

This Court has original subject matter jurisdiction over this cause of action.

## V. FACTS OF CRASH

7.

On or about April 24, 2017, Ms. Thomas was the owner and operator of a 2016 Nissan Altima bearing VIN No. 3N1AB7AP1GY272658, travelling west bound in the right-hand lane of I-10.

8.

Plaintiffs, Mr. Clark and Ms. Harris were passengers in the vehicle driven by Ms. Thomas at the time of the April 24, 2017 crash.

9.

At the same date and time, Defendant Chambers, was driving a 2007 Peterbilt vehicle (VIN: 1XP5DU9X97N693468) with an attached trailer (Georgia Plate No.: TR6297Q), westbound on I-10 in the middle lane.

10.

Ms. Thomas, following all traffic regulations and proceeding straight in a cautious fashion, was then struck near milepost 242 of I-10 by the rear of Defendant Chamber's trailer as he negligently attempted to change lanes, failing to keep a proper lookout and notice Ms. Thomas's vehicle.

11.

As a result of Defendant Chambers colliding with Ms. Thomas's vehicle, she along with her passengers, Mr. Clark and Ms. Harris, were violently jolted inside the vehicle.

12.

At the time of the collision, the vehicle being driven by Defendant Chambers was owned by Gods Way, and Defendant Chambers was within the course and scope of his employment with Gods Way.

## VI. FAULT OF RANDALL CHAMBERS

13.

The above described April 24, 2017, motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant, Mr. Chambers, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Operation of the vehicle in a reckless and/or negligent manner;

i) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

j) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## VII. FAULT OF GOD'S WAY TRUCKING L.L.C.

14.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Gods Way is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Chambers.

## VIII. LIABILITY OF CANAL INSURANCE COMPANY

15.

Canal, at all times relevant herein, had in full force and effect a policy of automobile liability insurance coverage in favor of defendants, Gods Way, as owner, and Mr. Chambers, as

operator of the insured vehicle, for his negligence in connection with the April 24, 2017, motor vehicle collision at issue herein.

As a result of the foregoing and as per applicable Louisiana law, Canal has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Chambers and Gods Way.

## IX. DAMAGES

16.

As a result of said April 24, 2017, motor vehicle collision, Ms. Thomas suffered personal and bodily injuries including, but not limited to, injuries to her neck, left flank, and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

17.

Ms. Thomas's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Chambers and his failure to operate his vehicle in a proper, prudent, and safe manner.

18.

As a result of the motor vehicle collision at issue, Ms. Thomas suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Past, present, and future lost earnings;

e) Loss of earning capacity;

f) Loss of enjoyment of life;

g) Property damage; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

19.

As a result of said April 24, 2017, motor vehicle collision, Mr. Clark suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

20.

Mr. Clark's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Chambers and his failure to operate his vehicle in a proper, prudent, and safe manner.

21.

As a result of the motor vehicle collision at issue, Mr. Clark suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Past, present, and future lost earnings;

e) Loss of earning capacity;

f) Loss of enjoyment of life; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

22.

As a result of said April 24, 2017, motor vehicle collision, Ms. Harris suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

23.

Ms. Harris's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Chambers and his failure to operate his vehicle in a proper, prudent, and safe manner.

24.

As a result of the motor vehicle collision at issue, Ms. Harris suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Past, present, and future lost earnings;

e) Loss of earning capacity;

f) Loss of enjoyment of life; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris, pray that Defendants, RANDALL CHAMBERS, GOD'S WAY TRUCKING L.L.C., and CANAL INSURANCE COMPANY, be served with a copy of this Petition, and, after being duly cited to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

*[SIGNATURE BLOCK ON NEXT PAGE]*

Respectfully Submitted,

**PANDIT LAW FIRM, LLC**

BY: ______________________

**JASON M. BAER (# 31609)**
**RAJAN PANDIT (# 32215)**
**CASEY C. DEREUS (# 37096)**
**JOSHUA A. STEIN (# 37885)**
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jstein@panditlaw.com
*Counsel for Plaintiffs*

and

**MOTTA LAW FIRM, LLC**
**VANESSA MOTTA (# 36915)**
525 Clay Street
Kenner, LA 70062
Telephone: (504) 500-7246
Facsimile: (504) 513-3122
Email: Vanessa@mottalaw.com
*Counsel for Plaintiffs*

PLEASE SERVE:

**Randall Chambers**
Through Louisiana Long Arm Statute:
806 Maple Drive
Statesboro, GA 30461

**God's Way Trucking, LLC**
Through Louisiana Long Arm Statute:
Laura Chambers
806 Maple Drive
Statesboro, GA 30461

**Canal Insurance Company**
Through its Registered Agent:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA