UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIERRA THOMAS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-4373 |
| RANDALL CHAMBERS, ET AL. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court are plaintiffs' motion to dismiss defendants' counterclaim and plaintiffs' motion for sanctions under Federal Rule of Civil Procedure 11.[1] Because defendants' counterclaim fails to state a claim for fraud under Louisiana law and the Federal Rules of Civil Procedure, the Court grants plaintiffs' motion to dismiss. The Court denies plaintiffs' motion for Rule 11 sanctions because plaintiffs have failed to comply with the rule's procedural requirements.

### I.  BACKGROUND

This case arises out of a motor vehicle accident in Orleans Parish.[2] On April 24, 2017, plaintiff Kierra Thomas was driving an automobile

---

[1]  R. Doc. 14.
[2]  R. Doc. 1-4.

westbound on Interstate 10 in the right-hand lane with plaintiffs Antoine Clark and Shirley Harris as passengers.[3] Defendant Randall Chambers was allegedly driving a tractor-trailer next to plaintiffs in the middle lane.[4] Chambers was allegedly driving the tractor-trailer in the course of his employment with defendant God's Way Trucking, LLC.[5] Plaintiffs allege that Thomas was driving "straight in a cautious fashion" when Chambers negligently attempted to move into the right-hand lane without "keep[ing] a proper lookout."[6] Chambers' vehicle allegedly struck plaintiffs' vehicle, causing all three plaintiffs to be "violently jolted."[7] All three plaintiffs allege that the accident caused serious injuries to their necks and backs, and that their injuries require continuing medical care and treatment.[8]

On April 6, 2018, plaintiffs filed suit against Chambers, God's Way Trucking, and defendant Canal Insurance Company.[9] Canal Insurance allegedly insured the vehicle Chambers drove on the day of the collision.[10] Plaintiffs allege that Chambers' negligence caused their injuries, and that

---

[3] *Id.* at 3 ¶¶ 7-8.
[4] *Id.* ¶ 9.
[5] *Id.* at 2 ¶ 3.
[6] *Id.* at 3 ¶ 10.
[7] *Id.* ¶¶ 10-11.
[8] *Id.* at 5 ¶ 16; 6 ¶¶ 19 & 22.
[9] *Id.* at 2 ¶ 3.
[10] *Id.*

God's Way Trucking is liable for their damages as Chambers' employer under the doctrine of respondent superior.[11] Plaintiffs also allege causes of action for negligent entrustment and negligent hiring against God's Way Trucking.[12] Defendants removed the action to federal court on April 27, 2018, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13]

On July 3, 2018, defendants filed a counterclaim against plaintiffs.[14] In the counterclaim defendants allege that plaintiffs intentionally caused the collision and that plaintiffs suffered no injuries as a result of the accident.[15] Defendants assert that plaintiffs' petition for damages constitutes a fraudulent misrepresentation under Louisiana law.[16] Defendants further assert that as a result of plaintiffs' alleged misrepresentations, they have suffered damages to be shown at trial, including attorneys' fees and litigation expenses.[17] On July 11, 2018, plaintiffs filed a motion to dismiss defendants' counterclaim and a motion for sanctions under Federal Rule of Civil

---

11     *Id.* at 4 ¶¶ 13-14.
12     *Id.* ¶ 14.
13     R. Doc. 1.
14     R. Doc. 13.
15     *Id.* at 2 ¶ 4.
16     *Id.*
17     *Id.* ¶ 5.

Procedure 11.[18] Plaintiffs allege that Rule 11 sanctions are warranted because defendants' counterclaim is frivolous.[19] Defendants oppose both motions.[20]

## II. LEGAL STANDARD

Plaintiffs' motion to dismiss defendants' counterclaim is brought under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint or counterclaim must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels,

---

[18] R. Doc. 14.
[19] R. Doc. 14-1 at 5-6.
[20] R. Doc. 17.

4

legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint or counterclaim must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint or counterclaim that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

#### A. Motion to Dismiss

Defendants' counterclaim asserts a claim for fraud, which Louisiana law defines as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. The elements of a Louisiana fraud and intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008).

Defendants' fraud claim is subject to the heightened pleading requirement in Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the [complaining party] to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Finally, "although scienter may be 'averred generally,' . . . pleading scienter requires more than a simple allegation that a [party] had fraudulent intent. To plead scienter adequately, a [complaining party] must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting Fed. R. Civ. P. 9(b)).

Here, defendants have failed to satisfy even the less stringent Rule 12(b)(6) pleading standard because they do not allege that they justifiably

relied on plaintiffs' alleged misrepresentations. *See Iqbal*, 556 U.S. at 678. Defendants do not allege any facts in their counterclaim addressing this element. Defendants contend in their opposition that plaintiffs' alleged misrepresentations were "used to deceive" them into "defend[ing] a meritless claim . . . in justifiable reliance."[21] But the Court cannot consider this allegation in defendants' opposition when adjudicating plaintiffs' motion to dismiss. *See Estes v. JP Morgan Chase Bank, Nat'l Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) (district court did not err when refusing to consider new factual allegations in party's opposition, because "when deciding a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings"); *Goodwin v. Hous. Auth. of New Orleans*, No. 11-1397, 2013 WL 3874907, at *9 n.37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").

Even if the Court were to consider defendants' belated allegation, dismissal would still be required because it does not satisfy the Rule 12(b)(6) requirement that a claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. Defendants appear to assert that being forced to defend against what they see as a fraudulent claim for damages is equivalent to "justifiable

---

[21] R. Doc. 17 at 5.

reliance" on that claim. This contention misconstrues the definition of "reliance," which Black's Law Dictionary defines as "dependence or trust by a person." *Black's Law Dictionary* (10th ed. 2014). Any assertion that defendants depended upon or trusted plaintiffs' alleged misrepresentations is facially absurd, because defendants are contesting them in this litigation. It therefore defies comprehension how defendants have justifiably relied on plaintiffs' representations and been injured as a result.

Lastly, defendants fail to allege any facts in support of their conclusory allegation that plaintiffs intentionally caused the automobile collision. Defendants thus fall well short of their obligation to "set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d at 1068; *see also* Fed. R. Civ. P. 9(b) (complaining party "must state with particularity the circumstances constituting fraud").

Because defendants have failed to sufficiently allege their fraud claim, the Court must dismiss the counterclaim. The Court finds that dismissal with prejudice is warranted. Defendants' fraud claim is not legally cognizable because they cannot allege justifiable reliance sufficiently under the set of facts they have presented. *See Dumas v. Jefferson Par. Sewerage Dep't*, No. 00-2993, 2001 WL 699045, at *3 (E.D. La. June 21, 2001)

(dismissing complaint with prejudice when plaintiff's state law claims were not cognizable).

B.  **Motion for Sanctions**

Plaintiffs assert that defendants should be sanctioned under Federal Rule of Civil Procedure 11 because their counterclaim lacks any evidentiary support.[22] Rule 11(b) provides that when an attorney submits a pleading, motion or other paper to the court, he certifies to the best of his knowledge that (1) the filing is not presented for an improper purpose, such as to harass, cause unnecessary delay, or increase costs of litigation; (2) the filing is warranted by existing law or by a nonfrivolous argument for modifying or reversing existing law; and (3) the factual contentions have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b).

If a party believes that an opposing party has violated Rule 11(b), it may move for sanctions under Rule 11(c). Rule 11(c) sets forth strict procedural requirements for how the party must proceed with its motion. Rule 11(c)(2) provides that

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged

---

[22]  R. Doc. 14-1 at 5-6.

> paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). The requirements in Rule 11(c)(2) are strictly enforced. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the district court's imposition of sanctions under Rule 11 was an abuse of discretion because the party seeking sanctions did not serve its motion for sanctions against the opposing party at least 21 days prior to filing); *Johnson ex. rel. Wilson v. Dowd*, 345 F. App'x 26, 30 (5th Cir. 2009) (affirming the district court's imposition of Rule 11 sanctions, in part, because plaintiff was served with the motion for sanctions 21 days before the motion was filed with the court); *Richardson v. U.S. Bank Nat'l Ass'n*, No. 09-7383, 2010 WL 4553673, at *1 (E.D. La. Oct. 29, 2010) (denying defendant's motion for sanctions for failure to comply with the requirements in Rule 11(c)).

Here, there is no indication in the record that plaintiffs complied with the requirements of Rule 11(c)(2). First, plaintiffs filed their motion for sanctions alongside their motion to dismiss, in violation of the requirement that motions for sanctions be filed "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Second, while plaintiffs' counsel notified defendants'

counsel that plaintiffs planned to move for sanctions,[23] plaintiffs do not aver that they served the motion on defendants in compliance with Rule 5 at least 21 days prior to filing. Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216. Because plaintiffs have failed to comply with the procedural requirements in Rule 11(c), their motion for sanctions must be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss defendants' counterclaim is GRANTED. Defendants' counterclaim is DISMISSED WITH PREJUDICE. Plaintiffs' motion for sanctions is DENIED.

New Orleans, Louisiana, this __24th__ day of October, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23] *See* R. Doc. 14-4. This notification occurred nine days before plaintiffs' filed their motion for sanctions.