UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS,** | * | **CASE NO: 18-cv-4373** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **RANDALL CHAMBERS,** | * | |
| **GOD'S WAY TRUCKING, LLC** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **CANAL INSURANCE COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT AND/OR
MOTION FOR RELIEF FROM A JUDGMENT OR ORDER AND/OR
<u>MOTION FOR RECONSIDERATION</u>**

MAY IT PLEASE THE COURT:

Defendants, Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company (hereinafter "Defendants"), through undersigned counsel, submit this Reply Memorandum to the Opposition to Defendants' *Motion to Alter of Amend a Judgment and/or Motion for Relief from a Judgment or Order and/or Motion for Reconsideration* filed by Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris (hereinafter "Plaintiffs"). For the reasons more fully explained herein, Defendants' *Motion to Alter of Amend a Judgment and/or Motion for Relief from a Judgment or Order and/or Motion for Reconsideration* should be granted.

**PROCEDURAL HISTORY AND BACKGROUND**

Defendants removed the instant litigation to the United States District Court for the Eastern District of Louisiana on April 27, 2018. Rec. Doc. 1. Defendants submitted their Answer and Affirmative Defenses on April 30, 2018 asserting that Plaintiffs' alleged damages and injuries were caused solely and entirely by Plaintiffs. Rec. Doc. 4, at ¶ 13-16. In order to gather

support for their assertions and defenses, Defendants <u>immediately requested the Plaintiffs depositions no later than September, 2018 and propounded written discovery.</u> Plaintiffs' depositions were noticed on or about July 10, 2018; however, their <u>depositions were only very recently conducted on October 19, 2018</u>.

Approximately one month after submission of Defendants' Answer and Affirmative Defenses, on May 31, 2018, the Court established a July 2, 2018 deadline for amended pleadings, counterclaims, etc. As a result, Defendants timely submitted their original Counterclaim, alleging that the "accident or collision was intentionally caused by defendants-in-counterclaim and/or that defendants-in-counterclaim suffered no injury as a result of the alleged accident;" and that Plaintiffs' "allegations of the defendants-in-counterclaim to the contrary are misrepresentations in accordance with Louisiana Civil Code article 1953." Rec. Doc. 13. *Id.*

## **LAW AND ARGUMENT**

### A. Defendants' Counterclaim for Fraud is Legally Cognizable and would be Considered a Delictual Fraud Claim.

Under Louisiana law, "*Fraud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or cause a loss or inconvenience to the other.*" La. C.C. art. 1953, emphasis added. The same definition applies in contractual or delictual fraud claims. *Caldwell v. Bristol Myers Squibb Sanofi Pharmaceuticals Holding Partnership*, 116 F.Supp.3d 727,735 (W.D. La. 2015). However, a delictual fraud claim arises solely under Louisiana state tort principles. *Id*. at 736. In *Caldwell*, the Western District of LA noted that the plaintiff's amending petition can be read as stating both a contractual fraud claim under Article 1953 and a delictual fraud claim under Article 2315, but it can also be read as stating only a delictual fraud claim, with the reference to Article 1953 constituting nothing other than a signal that the term "fraud" is defined in that statute. *Id*. at 735. In the present case,

Defendants very clearly establish that they are making a delictual fraud claim against the Plaintiffs under La. C.C. art. 2315.

An action for fraudulent activity may be brought as a breach of contract or in tort. *Haggerty v. March*, 480 So.2d 1064, 1068 (La. App. 5 Cir. 1985). If plaintiff's cause is under an action in contract, his damages would be limited to actual pecuniary losses actually proven. *Id*. However, <u>if the action is brought in tort under La. C.C. Article 2315, the plaintiff may recover non-pecuniary losses.</u> *Id*.; citing *Meador v. Toyota of Jefferson*, 332 So.2d 433 (La. 1976); *see also, Water Craft Management, LLC v. Mercury Marine*, 361 F.Supp.2d 518, 562 (M.D. La. 2004).

In *Williamson v. Haynes Best Western of Alexandria*, 688 So.2d 1201 (La. App. 4 Cir. 1997), the Louisiana Fourth Circuit Court of Appeal addressed the issues present in a fraudulent insurance claim. This fraud, like its French counterpart, "dol", need not be a criminal act. La. C.C. art.1953, Comment (c). *Williamson*, 688 So.2d at 1239. Two elements are necessary to prove fraud: an intent to defraud and actual or <u>*potential loss or damages*</u>. *Williamson*, 688 So.2d at 1239 (emphasis added); citing *Transworld Drilling Co. v. Texas General Resources, Inc*., 604 So.2d 586, 590 (La. App. 4 Cir. 1992), writs denied, 608 So.2d 174 (La. 1992).

Therefore, while lack of justifiable reliance may be sufficient to defeat a contractual fraud claim; by its very nature, delictual fraud encompasses facts which are entirely different from those required to vitiate consent in a contract dispute. Defendants can sustain a claim for delictual fraud by pleading that they will suffer potential non-pecuniary losses, i.e. potential economic damages, mental anguish, emotional distress, etc.

### B. New Evidence Was Not Available to Defendants When They Filed Their Original Counterclaim

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Colonial Mortg. & Loan Corp. v. Ellzey*, 445 B.R. 674, 676 (E.D. La. 2011); See also *Lines v. Fair Ins. Co.*, 2010 WL 4338636, at *1 (E.D. La. 2010) (citing *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. 2002)). Through recent discovery efforts, such as subpoenas and Plaintiffs' October 19, 2018 depositions, Defendants have uncovered significant links in approximately fifteen (15) of the over thirty (30) similar accidents referenced in Defendants' Supplement and Amended Counterclaim. (*see* Rec. Doc. 22-4). What Plaintiffs do not explain when making cursory assumptions that public record are easily searchable is how Defendants confirmed and verified links to the other accidents and/or claims involving <u>direct family members and associates of Plaintiffs</u>, which were detailed in Defendants' Supplemental and Amended Counterclaim.

After Plaintiffs filed their initial petition on April 6, 2018, Defendants reviewed the police report and spoke with the 18 wheeler tractor trailer driver accused of fault, Randall Chambers. Defendants began their investigation and uncovered enough evidence to confirm that Plaintiffs misrepresented and/or staged the accident and/or injuries at issue in this matter. *See* Rec. Doc. 13, at ¶ 4-5. However, uncovering the significant links in the numerous similar accidents referenced in Defendants' Supplement and Amended Counterclaim was an arduous process. To suggest that this evidence was always available to Defendants undermines the extensive efforts necessary to compile and organize the referenced evidence. The accidents that occurred in a similar time, place, and manner as the accident at issue, which involved Plaintiffs'

4

associates and close relatives, were not simply searchable via "Google" as Plaintiffs propose. Further, Defendants could not confirm the relationships between the various claimants and plaintiffs until the October 19, 2018.  After the depositions, Plaintiffs' fraudulent misrepresentations became clear and more evident, denying knowledge of other accidents within weeks of other direct family members, i.e., Shirley Harris' sister, Evelina Harris, or Shirley Harris' cousin, Ryan Harris, even while cell phone records indicate both Shirley Harris and Antoine Clark had significant communication with Ryan Harris on the day of the accident. Ultimately, after conducting Plaintiffs' October 19, 2018 depositions, Defendants were in the process of supplementing and amending their original Counterclaim to demonstrate the concrete connections, not "attenuated and speculative" as characterized by Plaintiffs.

Plaintiffs also cite to *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563 (5th Cir. 2003), in support of their contention; however, there does not appear to be any similarities between *Schiller* and the present matter. In *Schiller*, the district court allowed Albert Group [plaintiff's counsel] to amend its complaint <u>four times</u>. 342 F.3d at 567. The Fifth Circuit noted that Albert Group did <u>not begin its investigation</u> until after the Third Amended Complaint was filed. *Id*. at 569. Plaintiff failed to explain why he waited more than three years after this case before he thoroughly investigated the factual bases of his claims. *Id*. at 568.

In the present matter, Defendants timely began investigating Plaintiffs' potentially fraudulent activity and submitted its *first* Supplemental and Amended Counterclaim just six (6) months after Plaintiffs filed their initial Petition. Furthermore, Defendants provided more than sixteen (16) paragraphs of new evidence detailing the insidious and pervasive nature of the current fraudulent scheme conducted by Plaintiffs, their relatives, and other known associates, which supports a strong inference of fraud.

5

### C. Reconsideration or Relief From this Court's Judgment Would Not Undermine the Particularity Requirements for Pleading Fraud

The belief that Plaintiffs staged the accident at issue or purposefully drove their vehicle into another vehicle is what precipitated the original Counterclaim. Plaintiffs allege that granting this Motion would reward Defendants' fishing expedition; however, they cite no legal authority to support this presumption. Defendants' position has not changed.

"What constitutes 'particularity' will necessarily differ with the facts of each case....At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992) and *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).

The particulars of the fraudulent representations in this case are clear. Plaintiffs' claim they "did not have sufficient notice of the fraud to prepare a defense" is even more perplexing. While Defendants have uncovered newly discovered evidence that bolsters their claim for fraud, Plaintiffs, or at a minimum, their counsel, have been aware from the time of the Cornelius Garrison, III and/or Selita Harris litigation. As a result of the October 19, 2018 depositions, the links became clear for Defendants.

Although Plaintiffs denied knowing about any other accidents on I-10 or 610 involving 18-wheelers in the past three years, the below chart demonstrates, in addition to significant factual and familial links, there is significant overlap between counsel in each "accident." It begs the question, how does a Plaintiff that does not know about another's accident end up being represented by the same attorney(s)? The answer is simple, the majority, if not all, of the plaintiffs in the below outlined accidents knew about each other's accident and sought the advice

6

of co-conspirators (family, friends, associates)to perpetuate their ongoing scheme to defraud insurance and trucking companies, utilizing similar representation in each accident. This pattern is demonstrated in the below chart:

| **Case Caption** | **Plaintiffs** | **Plaintiff's Counsel** | **Date of Loss** | **Location** | **Description** |
|---|---|---|---|---|---|
| Cornelius Garrison, III v. Lancer Ins. Co., et. al. | Cornelius Garrison, III[1] | Vanessa Motta | 10/15/2015 | I-10 by I-510 | Lane Change |
| Darnell Harris, et. al. v. US Express, Inc., et. al. | **Darnell Harris & Selita Harris**[2] Leon Parker | Jason Baer King Law Firm | 1/17/16 | I-10 near Clairbone | Failure to yield / Lane change |
| Kent Parker, et. al. v. Walmart Transportation, LLC, et. al. | Kent Parker[3], Lakeisha Parker, Teshana Jones[4], Beverly Heno | Vincent Arnona | 1/4/17 | I-10 near Michoud | Lane Change |
| Ryan Harris v. RLC Trucking, LLC, et. al. | **Ryan Harris**[5] | Vanessa Motta | 3/29/17 | I-10 near 610 | Lane Change |
| De'Angelo Adams, et. al. v. National Union Fire Ins. Co. of Pittsbugh, PA, et. al. | De'Angelo Adams, **Tara Blunt**[6], Fran Bell, Willard Perry, Shantrica Carraby, and Jerome Clark | Lori Waters and Anthony Irpino | 3/29/17 | I-10 near 610 | Lane Change |
| Harris, et. al. v. Celadon Trucking Services, Inc., et. al. | **Evelina Harris**[7], Winthrop Carrie | Lionel Sutton and Jason Bear | 4/10/17 | I-10E near Louisa | Lane Change |
| Morgan, et. al. v. Surim Trucking Express, et. al. | Carl Morgan, **Shirley Morgan, Daniel Harris, and on behalf of minor, Nyla Arnold**[8] | Vanessa Motta and Jason Baer | 4/12/17 | I-10E near Dowman | Lane Change |
| Kierra Thomas, et. al. v. Randall Chambers, et. al. | Kierra Thomas, Antoine Clark, **Shirley Harris** | Vanessa Motta and Jason Baer | 4/24/17 | I-10W near Crowder | Lane Change |
| Raphus Adams, et. al. v. Barry M. Hart, et. al. | Raphus Adams, Morris Thompson, Samara Jefferson, **Randy Harris** | Vanessa Motta and Jason Baer | 5/9/17 | I-10W | Lane Change |

---

[1] Telephone records indicate significant communication between Cornelius Garrison, III and Plaintiff, Shirley Harris, on the day of the accident
[2] Shirley Harris' Aunt and Cousin
[3] Leon Parker's brother.
[4] Leon Parker's wife.
[5] Shirley Harris' Cousin and son of Selita Harris. Telephone records indicate significant communication between Ryan Harris and both Plaintiffs, Shirley Harris and Antoine Clark, on the day of the accident.
[6] Shirley Harris' cousin; Tara Blunt's apartment is where Plaintiffs gathered before the alleged accident.
[7] Shirley Harris' sister.
[8] Shilery Harris' Mother, uncle and daughter, respectively.

| | | | | | |
|---|---|---|---|---|---|
| Ciara Williams v. Great American Ins. Co., et. al. | Ciara Williams | Vanessa Motta | 6/8/17 | I-10W near Michoud | Lane Change |
| Reynard Nobles, et. al. v. Great West Cas. Co., et. al. | Reynard Nobles, Jasmine Howard[9], Yolanda Jones | King Law Firm | 6/27/17 | I-10W near Almonaster | Lane Change |
| Teresa Jefferson, et. al. v. Travelers Ins. Co., et. al. | Teresa Jefferson, Juan Matthews[10], Deoushia Jefferson, James Hinton | Vanessa Motta | 7/23/17 | I-10W near 610 | Lane Change |
| Latoya Statum, et. al. v. Old Republic Ins. Co., et. al. | Latoya Statum, Jason Peters Sr. & Jr., **Rashaad Harris** | Vanessa Motta | 7/26/17 | I-10 E near 610 | Lane Change |
| Paul Clark v. Jiri Janda, et. al. | Paul Clark[11] | Lionel Sutton and Jason Baer | 8/4/17 | I-10 W near Chef Menteur | Lane Change |
| Harry Dorsey, et. al. v. Courtney Jamair, et. al. | Harry Dorsey, Lesdreaka Dickson | Lionel Sutton and Jason Baer | 8/9/17 | I-610 near Canal | Lane Change |
| Raymond Riley v. Ace American Ins. Co., et. al. | Raymond Riley | Louis Gerdes, Jr. | 8/9/17 | I-610 near Canal | Lane Change |
| Zounda Lee, et. al. v. Werner Enterprises, Inc. of Nebraska, et.al. | Zounda Lee, Tasha Green, Eric Lewis, Michael Ruffin[12], Lounda Lee | Amy Fontenot and Vanessa Motta | 8/9/17 | I-610 near Canal | Lane Change |
| Lynisha Reff, et. al. v. Werner Enterprises, Inc., et. al. | Lynisha Reff, Lyndon Red, Sr., **Tracy Harris**[13], Lyschine Williams | Jason Baer and Vanessa Motta | 9/4/17 | I-10E near Almonaster | Lane Change |
| Dimitri Frazier, et. al. v. Robert Runnels, et. al. | Dimitri Frazier, Adonte Turner, Tiffany Turner[14] | Edwin Shorty, Jr. (Letter of Representation previously provided by Vanessa Motta) | 11/13/17 | I-10E near Paris | Lane Change |
| Rashad Turner v. Torrence Williams, et al | Rashad Turner[15] | Edwin Shorty, Jr. | 11/20/17 | I-10E | Lane Change |
| Richard J. Turner, et. al. v. Christopher C. Cook, et. al. | Richard Turner[16], Taminka Shaul, Derrick Thomas | Edwin Shorty, Jr. | 11/29/17 | I-10 W near High Rise | Lane Change |

Plaintiffs were put on notice by the filing Defendants' original Counterclaim on July 2, 2018, that Defendants are alleging Plaintiffs (identity of person making the misrepresentation)

---

[9] Shirley Harris' friend and associate of her family members, including Ryan Harris and Selita Harris
[10] Tiffany Turner's ex-husband.
[11] Antoine Clark's brother.
[12] Attempted telephone communications on the day of the accident with Shirley Harris.
[13] Shirley Harris' associate (though Jasmine Howard) and lived on same street as Shirley Harris' cousin
[14] Telephone records indicate communication of day of accident between Tiffany Turner and Ryan Harris
[15] Tiffany Turner's Son
[16] Tiffany Turner's Brother

misrepresented and/or staged the accident at issue (contents of false representation) on April 24, 2017 (time) on I-10 in New Orleans, LA (place). Defendants further explained in both the original Counterclaim and Supplemental and Amended Counterclaim exactly what Plaintiffs obtained by their misrepresentation, i.e. Plaintiffs alleged that they suffered injury as a result of the alleged accident and have sought damages from Defendants. *See* Rec. Docs. 13, at ¶ 3 and 22-4, at ¶ 5.  As Plaintiffs seek significant damages for alleged injuries as a result of this alleged accident, the potential loss alone is sufficient to withstand challenge.  Finally, Defendants provided a detailed explanation why Plaintiffs' allegations regarding the alleged accident and injuries were fraudulent in their Supplemental and Amended Counterclaim. Rec. Doc. 22-4.[17]

As mentioned above, the Fifth Circuit has acknowledged that what constitutes particularity will necessarily differ with the facts of each case. *Benchmark Elec. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Further, a complaint may allege facts upon "information and belief" where the "belief is based on factual information that makes the inference of culpability plausible." *Barnett v. Patwardhan*, 2013 WL 1290201, at *1 (W.D. La. 2013); citing *Arista Records v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957. Circumstantial evidence, including highly suspicious facts and circumstances surrounding a transaction, may be considered in determining whether a fraud has been committed. *Williamson v. Haynes Best Western of Alexandria*, 688 So.2d 1201, 1239 (La. App. 4 Cir. 1997); citing *Transworld Drilling Co. v. Texas General Resources, Inc.*, 604 So.2d 586, 590 (La. App. 4 Cir. 1992), *writs denied*, 608 So.2d 174 (La. 1992). In *Williamson*, the defendants showed evidence of suspicious other insurance claims by the

---

[17] Defendants Motion for Leave to Submit Amending and Supplemental Counterclaim is set for submission on November 21, 2018, and Plaintiffs have not submitted an Opposition to the Court regarding Defendants' Request for Leave.

plaintiff's family and a jury concluded that there was fraud, which the court of appeal upheld. Appellants contended that the introduction of information concerning the Williamson family's claims history resulted in a finding that [plaintiff] Sonya was guilty merely by association. *Williamson*, 688 So.2d at 1239. The Court indicated that "it is clear that Sonya was a direct, willing participant, as victim, witness, or employer, in the claims history." *Id*. at 1240. Accidents that occurred in a similar time, place, and manner as the accident at issue that involved parties with such close ties to the Plaintiffs are the exact type of circumstantial evidence that would create an inference of fraud.

## CONCLUSION

Defendants uncovered new evidence that was not available at the time of filing their original Counterclaim, such that amendment of their Counterclaim would result in a different outcome. Further, vacating this Honorable Court's October 24, 2018 Judgment dismissing Defendants' original Counterclaim would prevent manifest injustice and will not prejudice the Plaintiffs. For the foregoing reasons and authority, Defendants' *Motion to Alter or Amend a Judgment and/or Motion for Relief from a Judgment or Order and/or Motion for Reconsideration* should be granted, and the October 24, 2018 Judgement should be vacated.

Respectfully submitted,

*/s/ Guy D. Perrier*
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system this **20th** day of **November, 2018**.

*/s/ Guy D. Perrier*
**GUY D. PERRIER**