UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIERRA THOMAS, ET AL.                     CIVIL ACTION

VERSUS                                     NO. 18-4373

RANDALL CHAMBERS, ET AL.                  SECTION "R" (4)


**ORDER AND REASONS**

Defendants have moved under Federal Rules of Procedure 59 and 60 for the Court to reconsider its Order dismissing their counterclaim with prejudice.[1] Defendants separately seek leave to file a supplemental and amending counterclaim.[2] Because defendants' newly uncovered evidence in support of their counterclaim does not remedy the fact that their claim is not legally cognizable, their motions are denied.

**I.  BACKGROUND**

This case arises out of a motor vehicle accident in Orleans Parish.[3] According to the plaintiffs' complaint, on April 24, 2017, plaintiff Kierra Thomas was driving an automobile westbound on Interstate 10 in the right-

---

1   R. Doc. 21; R. Doc. 20.
2   R. Doc. 22.
3   R. Doc. 1-4.

hand lane with plaintiffs Antoine Clark and Shirley Harris as passengers.[4] Defendant Randall Chambers was allegedly driving a tractor-trailer next to plaintiffs in the middle lane.[5] Chambers was allegedly driving the tractor-trailer in the course of his employment with defendant God's Way Trucking, LLC.[6] Plaintiffs allege that Thomas was driving "straight in a cautious fashion" when Chambers negligently attempted to move into the right-hand lane without "keep[ing] a proper lookout."[7] Chambers' vehicle allegedly struck plaintiffs' vehicle, causing all three plaintiffs to be "violently jolted."[8] All three plaintiffs allege that the accident caused serious injuries to their necks and backs, and that their injuries require continuing medical care and treatment.[9]

On April 6, 2018, plaintiffs filed suit against Chambers, God's Way Trucking, and defendant Canal Insurance Company.[10] Canal Insurance allegedly insured the vehicle Chambers drove on the day of the collision.[11] Plaintiffs allege that Chambers' negligence caused their injuries, and that

---

[4] *Id.* at 3 ¶¶ 7-8.
[5] *Id.* ¶ 9.
[6] *Id.* at 2 ¶ 3.
[7] *Id.* at 3 ¶ 10.
[8] *Id.* ¶¶ 10-11.
[9] *Id.* at 5 ¶ 16; 6 ¶¶ 19, 22.
[10] *Id.* at 2 ¶ 3.
[11] *Id.*

God's Way Trucking is liable for their damages as Chambers' employer under the doctrine of respondent superior.[12] Plaintiffs also allege causes of action for negligent entrustment and negligent hiring against God's Way Trucking.[13] Defendants removed the action to federal court on April 27, 2018, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[14]

On July 3, 2018, defendants filed a counterclaim against plaintiffs.[15] Defendants alleged, in conclusory fashion, that plaintiffs intentionally caused the collision and/or that plaintiffs suffered no injuries as a result of the accident.[16] Defendants asserted that plaintiffs' petition for damages constitutes a fraudulent misrepresentation under Louisiana law.[17] Defendants further asserted that as a result of plaintiffs' alleged misrepresentations, they have suffered damages to be shown at trial, including attorneys' fees and litigation expenses.[18]

On July 11, 2018, plaintiffs filed a motion to dismiss defendants' counterclaim and a motion for sanctions under Federal Rule of Civil

---

12  *Id.* at 4 ¶¶ 13-14.
13  *Id.* ¶ 14.
14  R. Doc. 1.
15  R. Doc. 13.
16  *Id.* at 2 ¶ 4.
17  *Id.*
18  *Id.* ¶ 5.

Procedure 11.[19] On October 24, 2018, the Court granted plaintiffs' motion to dismiss, and dismissed defendants' counterclaim with prejudice.[20] The court held that defendants' counterclaim for fraud was not legally cognizable because the claim was incompatible with an assertion that they justifiably relied on plaintiffs' alleged misrepresentations.[21] The Court noted that defendants did not allege that they ever believed plaintiffs' representations were truthful, considering defendants were contesting them in litigation.[22] The Court also held that defendants failed to allege sufficient facts to state a claim for fraud under Federal Rule of Procedure 9(b).[23] The Court denied plaintiffs' motion for sanctions.[24]

On October 26, 2018, two days after the Court issued its order, defendants filed a motion under Federal Rule of Civil Procedure 59(e) and 60, requesting that the Court reconsider the dismissal on the grounds that they uncovered new evidence supporting their fraud claim.[25] They separately filed a motion seeking leave to file an amended counterclaim.[26]

---

[19] R. Doc. 14.
[20] R. Doc. 20.
[21] *Id.* at 8.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 9-11.
[25] R. Doc. 21.
[26] R. Doc. 22.

The proposed amended counterclaim explains in greater detail the basis for defendants' assertion that plaintiffs' complaint misrepresents what took place on the day of the alleged collision.[27] Defendants assert (1) that Chambers "did not experience any type of impact consistent with a motor vehicle accident," (2) that Chambers only merged into the right lane after "an unknown third vehicle swerved directly in front of him into his lane 2-3 times," and (3) that shortly after merging, plaintiffs "flagged" Chambers down and indicated that they had been in a collision.[28] Defendants further allege that there is circumstantial evidence supporting their allegation that plaintiffs' claims are fabricated.[29] Defendants assert that they have connected plaintiffs to approximately fifteen other lawsuits where the plaintiffs alleged they were side-swiped by an 18-wheel truck on Interstate 10 under very similar circumstances.[30] Defendants have attached police reports associated with these other lawsuits to their motions.[31] On January 17, 2019, plaintiffs' counsel filed a motion to withdraw as counsel-of-record, which the Court granted.[32]

---

[27] *See* R. Doc. 22-4.
[28] *Id.* at 2 ¶ 3.
[29] *Id.* at 2-9.
[30] *Id.* Defendants generally assert that the individuals involved in these other accidents are either the plaintiffs' relatives or "associates." *Id.*
[31] *See generally* R. Doc. 21.
[32] R. Doc. 34; R. Doc. 35.

## II. DISCUSSION

Defendants' motions are all premised on the argument that their newly discovered evidence entitles them to the relief they seek. Both Rule 59(e) and Rule 60 allow a party to move for reconsideration of a judgment based on newly discovered evidence. *See Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2018 WL 814187, at *2 (E.D. La. Feb. 9, 2018) (moving party can prevail on Rule 59(e) motion by presenting "newly discovered or previously unavailable evidence"); Fed. R. Civ. P. 60(b)(2) (a court may relieve a party from a final judgment or order on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered" at the time the order was issued). But "[a] motion to reconsider [under Rule 59(e)] based on an alleged discovery of new evidence should be granted only if . . . the facts discovered are of such a nature that they would probably change the outcome." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015). That same standard applies to motions brought under Rule 60. *See Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence."). Defendants' motion to amend their counterclaim likewise cannot be granted if the proposed amendment does not remedy the

6

deficiencies in their previous pleading. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (courts consider the "futility of [the] amendment" on a motion to amend a complaint); *Carmouche v. Nat'l Flood Ins. Program*, No. 17-11479, 2018 WL 5279121, at *5 (E.D. La. Oct. 24, 2018) (denying motion to file amended complaint under Fed. R. Civ. P. 16(b) because amendment would be futile). Because defendants' newly discovered facts would not change the outcome of the Court's Order dismissing their fraud claim, their motions are denied.

The Court dismissed defendants' counterclaim with prejudice principally because their claim was incompatible with a plausible assertion that they justifiably relied upon plaintiffs' alleged misrepresentations.[33] Justifiable reliance is an element of an intentional misrepresentation claim under Louisiana law. *See Kadlec Med'l Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008) ("The elements of a claim for intentional misrepresentation in Louisiana are: (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury."); *Becnel v. Grodner*, 982 So. 2d 891, 894 (La. App. 4 Cir. 2008). None of defendants' new evidence is relevant to the Court's analysis.

---

[33] R. Doc. 20 at 8 ("Any assertion that defendants depended upon or trusted plaintiffs' alleged misrepresentations is facially absurd, because defendants are contesting them in this litigation.").

7

Defendants remain unable to state a cognizable claim for fraud because they do not assert that they ever relied upon plaintiffs' alleged misrepresentations.

Defendants argue that Louisiana law does not require a showing of justifiable reliance when alleging a claim for delictual fraud.[34] Defendants correctly point out that Louisiana courts have been inconsistent with explicitly naming justifiable reliance as an element of this claim. *Compare Williamson v. Haynes Best Western of Alexandria*, 688 So. 2d 1201, 1239 (La. App. 4 Cir. 1997) ("Two elements are necessary to prove fraud: an intent to defraud and actual or potential loss or damages."), *with Becnel*, 982 So. 2d at 894 ("To recover under a cause of action in delictual fraud, a plaintiff must prove three elements: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury."). Federal courts applying Louisiana law, by contrast, routinely include justifiable reliance as a distinct element of the claim. *See, e.g.*,

---

[34] R. Doc. 32 at 2-3. Defendants' emphasis on the fact that they state a claim for delictual, rather than contractual, fraud is irrelevant. *Id.* at 3. There has never been any confusion that defendants' claim is for delictual fraud. Indeed, in both is order dismissing defendants' counterclaim and in this order, the Court has applied the Louisiana standard for alleging delictual fraud.

8

*Kadlec*, 527 F.3d at 418; *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 (5th Cir. 1993); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1131 n.33 (5th Cir. 1988).

But defendants wrongly conclude from these slight discrepancies that they are not required to assert that they at one point believed plaintiffs' alleged misrepresentations, and acted to their detriment because of that belief. The court in *Sun Drilling Products Corporation v. Rayborn*, 798 So. 2d 1141 (La. App. 4 Cir. 2001) explained:

> Two elements are necessary to prove fraud: (1) an intent to defraud and (2) actual or potential loss or damage. Federal courts applying Louisiana law indicate that reliance is an element of a claim for fraud. Moreover, for fraud or deceit to have caused plaintiff's damage, he must at least be able to say that had he known the truth, he would not have acted as he did to his detriment. Whether this element is labeled reliance, inducement, or causation, it is an element of a plaintiff's case for fraud.

*Id.* at 1152-53 (internal citations omitted). As this quotation makes clear, it is immaterial whether Louisiana courts always explicitly list justifiable reliance as an element. They nonetheless recognize that a party asserting fraud is required to allege that it was unaware that the opposing party's representation was false, and that the misrepresentation caused it to act differently than it would have had it known the truth. Defendants have not made this assertion here. They do not allege that they were fooled by plaintiffs' alleged misrepresentations, so they therefore cannot allege that they would have acted differently had they "known the truth." *Id.*

Defendants assert that they have been damaged by being forced to spend money on "attorney's fees and litigation expenses" to defend themselves from plaintiffs' alleged lies.[35] If defendants can prove their allegations, there are other avenues by which they can recover the relief they seek. *See* Fed. R. Civ. P. 11(b)(1), (b)(3), (c)(1), (c)(2). But defendants' factual assertions are incompatible with a claim for delictual fraud under Louisiana law, and their motions must therefore be denied.

### III. CONCLUSION

For the foregoing reasons, defendants' (1) motion to alter the judgment and/or motion for relief from judgment, and (2) defendants' motion to file an amended counterclaim, are DENIED.

New Orleans, Louisiana, this __7th__ day of February, 2019.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[35] R. Doc. 22-4 at 10 ¶ 27.