**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

KIERRA THOMAS,
ANTOINE CLARK, ET AL.       *    NO. 2:18-cv-04373-SSV-KWR
                           *
                           *
VERSUS                        *
                           *    JUDGE SARAH S. VANCE
RANDALL CHAMBERS,       *
GOD'S WAY TRUCKING, L.L.C.,   *    MAGISTRATE JUDGE KAREN
AND CANAL INSURANCE COMPANY.  *     WELLS ROBY
                           *
                           *

**************************************************************************

<u>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH AND MOTION FOR
PROTECTIVE ORDER BY SPECIALLY APPEARING THIRD-PARTIES, MEDPORT
LA, LLC AND SEAN ALFORTISH**</u>

<u>**May It Please the Court**</u>:

       Specially Appearing Third-Parties, Medport LA, LLC and Sean Alfortish (collectively, "Medport"), move this Court to quash the deposition subpoena (the "Subpoena")[1] issued by Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (collectively "Defendants"), to Sean Alfortish "individually and in capacity as representative of Medport LA" and/or alternatively issue a protective order prohibiting the deposition from moving forward and further barring any additional subpoenas being issued or served on Medport in this case by Defendants and/or their counsel.  Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the Subpoena, which is one of *seven* subpoenas issued to Medport by Defendants in this case, is invalid and should be quashed for the following non-exclusive reasons:

- Defendants plainly seek to obtain corporate testimony from Medport LA as the Subpoena is directed to Mr. Alfortish "individually and **in capacity as representative of Medport**,"[2] yet Defendants do not "describe with particularity the matters for examination" of Medport in accordance with Rule 30(b)(6).

---

[1] *See* Subpoena, attached as Exhibit 1.
[2] Emphasis added.

- Defendants do not have the right to unilaterally select Mr. Alfortish as Medport's corporate representative. Rule 30(b)(6) provides that, after being provided with sufficient matters for examination, "[Medport] must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Defendants cannot strip this right from Medport.

- Service of the Subpoena was not proper because a witness and mileage fee was not tendered upon service on Mr. Alfortish in accordance with Rule 45(b), plus Mr. Alfortish would not the correct person to receive service for Medport.

- The place of compliance for any corporate deposition of Medport must be in or around Las Vegas, Nevada, pursuant to Rule 45(c), because Medport's headquarters is located there.

- The Subpoena violates Rule 45(d) because it places an undue burden on Mr. Alfortish and Medport, who are not parties to this litigation, as any information sought to be obtained by Defendants is not proportional to the needs of this case.

- Additionally and/or alternatively, Medport is entitled to a protective order pursuant to Rule 26(c).

For these reasons, as more fully demonstrated below, Medport ask this Court to quash the Subpoena, to issue a protective order, and to impose sanctions on Defendants and their counsel, including attorneys' fees, lost earnings, and costs, for failing to avoid undue burden or expense as required by Rules 26(c)(3) and 45(d)(1)of the Federal Rules of Civil Procedure. This is the ***seventh*** subpoena that Defendants have issued to Medport in this case, including three more subpoenas recently received by Medport from Defendants on February 7, 2019.[3] Additionally, this is roughly the ***twenty-third*** subpoena that Defendants' counsel have issued to Medport in the last two months in three other personal injury cases pending in this Court. Any relevant information that Defendants' counsel could obtain from Medport, like medical records for accounts purchased by Medport, is obtainable from other sources, i.e. the medical providers for the respective plaintiffs. Yet, Defendants and their counsel have continued to harass Medport through the issuance of

---

[3] This total does not include the subpoena issued by Defendants to "Loy Ernst, individually and in capacity as representative of Total Medical Concepts." Mr. Ernst has not been served with this subpoena.

improper subpoenas.  Consequently, sanctions, including attorneys' fees, lost earnings, and costs, are warranted against both Defendants and their counsel in order to enforce the requirements of avoiding undue burden under Rule 45(d)(1) of the Federal Rules of Civil Procedure.

## I.        BACKGROUND

Medport is a limited liability company organized under the laws of the State of Nevada.[4] Medport does not lease or own any immovable property in Louisiana, nor is it registered to do business in Louisiana.[5]  Medport's company headquarters is located at 6325 S. Jones Blvd., Suite 400, Las Vegas, Nevada 89118.[6]

Medport purchases accounts receivable from medical providers who assign the rights to payment on the accounts to Medport.[7]  Medport is not a medical provider, nor does it direct any medical care or treatment on any of the accounts that it purchases from medical providers.[8] Medport purchased certain accounts receivable from medical providers who furnished medical care and treatment to Shirley Harris and Antoine Clark, who are plaintiffs in this case.[9] Additionally, Medport purchased certain payment accounts from Total Medical Concepts, LLC for Plaintiffs, Kierra Thomas and Shirley Harris.[10]  Medport was assigned the right to payment on each of these accounts, including the ones that it directly purchased form the medical providers and the ones assigned from Total Medical Concepts, LLC.[11]

---

[4] *See* Declaration of Doris Pranicevic at ¶ 2, attached as Exhibit 2.
[5] *Id*. at ¶ ¶ 4-5.
[6] *Id*. at ¶ 2.
[7] *Id*. at ¶ 2.
[8] *Id*.
[9] *Id*. at ¶ 9.
[10] *See* Declaration of Marisa Stearns at ¶ 2, attached as Exhibit 3.
[11] *Id.* at ¶ 3.

Sean Alfortish is an independent sales representative for Medport.[12] He is not a member or manager of Medport.[13]  He was neither a witness nor a party to the alleged vehicular collision in this case.[14]  Neither Medport nor Mr. Alfortish play any role in the diagnosis or treatment of individual patients whose accounts are sold or assigned to Medport.[15] Mr. Alfortish does not know any of the plaintiffs in this case, has not met them, nor does he have any independent knowledge of any accounts that Medport may have purchased from medical providers for treatment of any of the plaintiffs.[16]

On January 29, 2019, the Subpoena, addressed to "Sean Alfortish, individually and in capacity as representative of Medport LA," was served on Mr. Alfortish.[17] The Subpoena commands Mr. Alfortish to appear and provide deposition testimony at the law office of Perrier & Lacoste, LLC at One Canal Place, 365 Canal Street, Suite 2550, New Orleans, Louisiana 70130.[18] Although the Subpoena plainly seeks corporate testimony, neither the Subpoena nor the accompanying Notice of Deposition provide any list of topics to be discussed at the deposition in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure.[19]  The Subpoena was not accompanied by either a witness fee or mileage fee in accordance with Rule 45(b) of the Federal Rules of Civil Procedure.[20]

---

[12] *See* Declaration of Doris Pranicevic at ¶ 7, Exhibit 2; *see also* Declaration of Sean Alfortish at ¶ 1, attached as Exhibit 4.
[13] *See* Declaration of Doris Pranicevic at ¶ 7, Exhibit 2; *see also* Declaration of Sean Alfortish at ¶ 1, Exhibit 4.
[14] *See* Declaration of Sean Alfortish at ¶ 6, Exhibit 4.
[15] *Id*. at ¶ 6; *see also* Declaration of  Doris Pranicevic at ¶ 3.
[16] *See* Declaration of Sean Alfortish at ¶ 4, Exhibit 4.
[17] *Id*. at ¶ 1.
[18] *See* Subpoena, Exhibit 1.
[19] *Id.*
[20] *See* Declaration of Mr. Alfortish at ¶ 3, Exhibit 4.

4

This is not the first subpoena directed to Medport in this case.  Defendants have previously issued *seven* subpoenas to Medport in this case, including a subpoena duces tecum for records related to Kierra Thomas received on November 28, 2018;[21] a subpoena duces tecum for records related to Shirley Harris received on November 28, 2018;[22] a subpoena duces tecum for records related to Tominika Shawl received on November 28, 2018;[23] a second subpoena duces tecum for records related to Ms. Thomas received on February 7, 2019; a second subpoena duces tecum for records related to Ms. Harris received on February 7, 2019; and a second subpoena duces tecum for records related to Mr. Clark received on February 7, 2019.[24]  The place of compliance for each of these subpoenas was New Orleans, Louisiana.

Pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure, Medport issued written objections to these subpoenas based on the incorrect place of compliance, in addition to asserting objections to the production of certain pricing information between Medport and the medical providers that were not proportional to the needs of this case.[25]  Defendants continue to level burdensome discovery requests on Medport and now its independent contractors, like Mr. Alfortish.  On February 7, 2019, for example, Defendants three additional subpoenas to Medport in this case, plus Defendants' counsel issued six other subpoenas to Medport in two other cases pending in this Court.[26]  Although the return date on the subpoenas is February 25, 2019, Medport has already responded to these subpoenas by providing medical records and total amount of accounts purchased, plus issued additional written objections.[27]

---

[21] *See* Declaration of Marisa Stearns at ¶ 5, Exhibit 3; *see also* Exhibit 3-A.
[22] *See* Exhibit 3-A.
[23] Ms. Shawl is not a plaintiff in this action as the subpoena was issued by Defendants under the incorrect case caption.
[24] *Id.*
[25] *Id.*
[26] *See* Declaration of Marisa Stearns at ¶ 5, Exhibit 3.
[27] *Id.*

## II.      LAW and ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoena to obtain discovery from non-parties, like Medport and Mr. Alfortish.  Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45 was amended in 2013 as to the interplay between the issuing court of the subpoena and the place of compliance.[28]  While the issuing court is now the court where the underlying action is pending, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person."[29]

Rule 45(d)(3)(A) provides that a Court must quash or modify a subpoena when it (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  This Court has also held that a subpoena must be quashed if service is improper and in instances when the appropriate witness and mileage fee is not tendered simultaneously with service of the subpoena.[30]

Here, the Subpoena should be quashed because it is an improper subpoena of a company for deposition testimony.  Alternatively, the Subpoena should be quashed because it is an unduly burdensome subpoena of an individual or company that did not witness the subject accident nor provide any medical treatment to any of the plaintiffs.  In either case, this Subpoena should be

---

[28] *See* Fed. R. Civ. Proc.45(c)(1)(A).
[29] *Id.*
[30] *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003); *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 10, 2015).

6

quashed as the latest in a line of harassing subpoenas leveled against Medport and now its independent contractors.

### A.   The Subpoena improperly seeks the deposition of Medport.

Defendants plainly seek to obtain testimony from Medport because the Subpoena is addressed to Mr. Alfortish "individually and **in capacity as representative of Medport LA**."[31] Defendants' desire to take a Rule 30(b)(6) deposition of Medport should come as no surprise, considering they previously issued *four* prior subpoenas each directed to Medport, not including the *sixteen* other substantially similar subpoenas issued by Defendants' counsel to Medport over the last two months in three other personal injury cases.  This Subpoena is deficient and should be quashed because:  (i) it violates Rule 30(b)(6); (ii) it was improperly served on a non-officer of Medport, plus the necessary witness or mileage fee was not tendered to either Medport or Mr. Alfortish;  (iii) and improperly designates a Louisiana address as the location of compliance for a subpoena of a Nevada corporation.

### 1.   The Subpoena violates Rule 30(b)(6).

Rule 30(b)(6) of the Federal Rules of Civil Procedure governs deposition notices or subpoenas issued to corporations or organizations, like Medport:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and **must describe with reasonable particularity the matters for examination**. **The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testif**y. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.[32]

---

[31] *See* Subpoena, Exhibit 1 (emphasis added).
[32] *See* Fed. R. Civ. P. 30(b)(6) (emphasis added).

Accordingly, a subpoena seeking the deposition of a corporation or organization must: 1) describe with reasonable particularity the matters for examination; 2) permit the corporation or organization to designate its own knowledgeable representative; and 3) advise a nonparty corporation of its duty to make this designation.   Here, the Subpoena fails to meet *any* of the three requirements under Rule 30(b)(6). The Subpoena does not set forth matters for discussion, presumes to designate Mr. Alfortish as the representative of Medport, and does not advise Medport of its right and duty to designate knowledgeable corporate representatives for the deposition.   Federal district courts have quashed subpoenas when a party fails to identify matters for examination with particularity, [33] and here there are no matters for examination identified despite Defendants unilaterally designating Mr. Alfortish as Medport's representative.   Consequently, this Court should quash the Subpoena and the deposition of Mr. Alfortish as representative of Medport.

### 2.    The Subpoena was improperly served vis-a-vis Medport.

Because the Subpoena plainly seeks corporate testimony from Medport, Defendants must comply with Rules 45 and 4 of the Federal Rules of Civil Procedure.   Rule 45(b)(1) provides, in part, that "[s]erving a subpoena requires delivering a copy to the named person."   Rule 45(b)(1) does not define "named person," nor does it expressly direct how service is to completed on a company or other association. Nonetheless, for service of subpoenas on companies or organizations, like Medport, federal district courts have filled in the gaps that exist under Rule 45(b)(1), by reference to Rule 4 governing service of a summons on a corporation, partnership, or association.   Rule 4(h)(1)(B) provides that corporations, partnerships, or other associations must be served through an "officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." "Where a witness named in a subpoena is a

---

[33] *See In re Miscellaneous Subpoenas*, No. 3:16-MC-00003-MAM, 2016 WL 4154889, at *5 (D.S.D. Aug. 1, 2016).

corporation, the subpoena may be served upon an officer, managing agent, or general agent of the corporation."[34]

Here, the Subpoena was not served upon an officer, managing agent, or general agent of Medport. Medport is a limited liability company organized under the laws of Nevada.[35] Medport is not registered to do business in Louisiana, nor does it have a registered agent here in Louisiana.[36] Medport's registered agent in Nevada is Louis E. Garfinkel, whose address is 1671 W. Horizon Ridge Parkway, Suite 230, Henderson, Nevada 89012.[37] Mr. Alfortish, upon whom the Subpoena was served, is an independent sales representative of Medport and is not authorized to receive service on behalf of Medport.[38] Because the Subpoena plainly seeks to obtain corporate testimony from Medport, the Subpoena is invalid and should be quashed because it is directed to and served on the wrong person. Defendants are acutely aware of the identity of the correct person to be served with the Subpoena as each of its *six* other subpoenas were addressed to Medport's registered agent in Las Vegas, Nevada, Mr. Garfinkel.[39] Additionally, in the latest three subpoenas that Defendants have issued to Medport, not including this one, the place of compliance is identified as Las Vegas, Nevada.[40]

In addition to failing to properly serve Medport, Defendants did not tender a witness and mileage check when it delivered the Subpoena.[41] Rule 45(d) of the Federal Rules of Civil Procedure provides that "[a] party or attorney responsible for issuing and serving a subpoena must

---

[34] *See Liberty Mut. Fire Ins. Co. v. Ravannack*, No. 00-1209, 2002 WL 1770936 (E.D. La. Aug. 1, 2002)(Roby, J.).
[35] *See* Declaration of Doris Pranicevic at ¶ 7, Exhibit 2.
[36] *Id*. at ¶ 4.
[37] *Id*. at ¶ 2.
[38] *Id*. at ¶ 7; *see also* Declaration of Mr. Alfortish at ¶ 2, Exhibit 4.
[39] *See* Declaration of Ms. Stearns at ¶ 5, Exhibit 3; *see also* Exhibit 3-A.
[40] *See* Exhibit 3-A
[41] *See* Declaration of Mr. Alfortish at ¶ 3, Exhibit 4.

take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  "[Rule 45(d)] is clear and 'requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.'"[42]  "[Rule 45(b)] makes no provision for serving a subpoena and promising to pay the fee later."[43]  Courts have regularly nullified or invalidated subpoenas that are not accompanied by a witness fee or mileage check.[44] Because Defendants did not tender a witness fee or mileage fee when it improperly served the Subpoena, it must be quashed because it violates Rule 45(b)(1).

### 3.     The Subpoena commands an appearance outside the geographic distance permitted by the Federal Code of Civil Procedure.

Because the Subpoena is truly directed to Medport, the Subpoena should also be quashed, pursuant to Rule 45(d)(3), because it requires Medport to comply beyond the geographical limits specified in Rule 45(c).  Prior to 2013, a party seeking to serve a subpoena on a non-resident deponent or non-party, like Medport, would issue the subpoena from the district court where the non-resident deponent or non-party resided and any compliance issues would be adjudicated by the issuing court.[45]  In 2013, Rule 45 was modified to provide that the issuing court is the court where the suit is pending, but the "place of compliance" is now defined under Rules 45(c)(1) and 45(c)(2) as "within 100 miles of where the person resides, is employed, or regularly transacts business in person."[46]

Here, the proper place of compliance for any corporate deposition of Medport should be in or around Las Vegas, Nevada, not New Orleans, Louisiana.  Here, the Subpoena purports to compel

---

[42] *See Tucker v. Tangipahoa Parish School Board*, No. 06-3818, 2007 WL 1989913 (E.D. La. Jul. 3, 2007)(Roby, J.)(quoting *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).
[43] *Id*. at *2.
[44] *See Tucker*, 2007 WL 1989913 at *3; *see also In re Dennis*, 33 F.3d 696 at 704.
[45] *See* Fed. R. Civ. Proc. 45, prior to the 2013 amendments.
[46] *See* Fed. R. Civ. Proc. 45(c)(1) and 45(c)(2).

Medport, through Mr. Alfortish, to present deposition testimony in New Orleans, Louisiana.[47] Medport is organized under the laws of Nevada and its office is located at 6325 S. Jones Blvd., Suite 400, Las Vegas, Nevada 89118, which is over 1,729 miles from location of the scheduled deposition or 3,458 miles round trip.[48] Each member or manager of Medport resides in Nevada.[49] Medport is not registered to do business in Louisiana.[50] Medport does not own or lease any office space in or within 100 miles of New Orleans, Louisiana.[51] Medport does not transact business in person or within 100 miles of New Orleans, Louisiana as the accounts receivables are purchased by Medport through its home office in Las Vegas, Nevada.[52]

In *Fradella v. Coca-Cola Co.*, this Court quashed subpoenas for testimony at a class certification hearing that was addressed to Coca-Cola Company and Coca-Cola Refreshments USA, Inc.[53] The subpoena purported to compel a corporate representative for defendants to appear at the class certification hearing and to bring information related to issues identified in an exhibit to the subpoena.[54] This Court noted "the headquarters for both Defendants is in Atlanta, Georgia, which is greater than 100 miles from New Orleans, Louisiana."[55] This Court further noted that none of the defendants' independent contractors who might possess relevant knowledge lived within 100 miles of the courthouse.[56] Accordingly, this Court held that the subpoena fell outside the scope of Rule 45(c) and quashed the subpoena.[57]

---

[47] *See* Subpoena, Exhibit 1.
[48] *See* Declaration of Ms. Pranicevic at ¶ 2, Exhibit 2.
[49] *Id*. at ¶ 4.
[50] *Id*. at ¶ 5.
[51] *Id.* at ¶ 3.
[52] *Id.*
[53] No. CV 17-9622, 2018 WL 3455707, at *3 (E.D. La. July 18, 2018)(Morgan, J.).
[54] *Id.* at *1.
[55] *Id.* at *3.
[56] *Id.*
[57] *Id.*

11

Likewise, this Court's decision in *Ponson v. Bell South Telecommunications, Inc*. is also persuasive.[58]  There, both the plaintiffs and defendant subpoenaed Chevron USA, Inc. ("Chevron") for records, depositions, and a trial appearance.[59]   One of the plaintiffs was an employee of Chevron at the time of the motor vehicle accident that gave rise to the lawsuit.[60]  Chevron filed a motion to quash the subpoena on the grounds that the place of compliance for the production of documents, deposition, and trial testimony in Slidell or New Orleans, Louisiana was invalid.[61]  Chevron asserted that it was domiciled in Pennsylvania and its principal place of business was in California.[62]  Chevron further asserted that any relevant documents or corporate representatives in its control would be based in Houston, Texas or San Ramon, California.[63]  This Court granted Chevron's motion to quash because, among other reasons, "[t]he subpoenas would require Chevron's representative to travel over 100 miles to attend the trial or depositions."[64]

Just as was the case for the subpoenaed corporations in *Fradella* and *Ponson*, Medport is not headquartered within 100 miles of Louisiana and does not employ any managers with information relevant to the underlying facts of this case within 100 miles of Louisiana.  Just as this Court quashed the subpoenas in *Fradella* and *Ponson,* so too should the Court quash the Subpoena in this case.

---

[58] *See* No. 09-0149, 2010 WL 1552802 (E.D. La. Apr. 23, 2018)(Roby, J.)
[59] *Id*. at *2.
[60] *Id.*
[61] *Id*.
[62] *Id*.
[63] *Id*.
[64] *Id*. at *3.

**B.**     **The Subpoena is unduly burdensome and not proportional to the needs of this case.**

Regardless of whether the Subpoena is directed to Mr. Alfortish, Medport, or both, it should be quashed as unduly burdensome and not proportional to the needs of this case.[65]   Rule 45(d)(3) provides that the "court for the district where compliance is required must quash or modify a subpoena that. . . subjects a person to undue burden."   In evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information."[66]   Rule 26 explicitly requires that discovery, including nonparty discovery, be proportional to the needs of the case.[67]   Given the burden and expense that discovery can impose, nonparties like Medport "deserve extra protection from the Courts."[68]

Mr. Alfortish does not have any relevant information regarding the underlying facts of this case. This is a personal injury case arising from a motor vehicle collision.  Mr. Alfortish is not one of the witnesses who would testify in such a case because: he did not witness the incident; is not a family member or friend of any of the plaintiffs; is not a police officer or law enforcement officer who may have responded to the scene of the incident; is not an expert witness in this case; and is

---

[65] The proper place of compliance for any deposition of Medport should be in or around Las Vegas, Nevada. While the Subpoena should be quashed based on any one of the foregoing reasons, Medport also asserts that the Subpoena is unduly burdensome and not proportional to the needs of this case, in an abundance of caution, without waiving its arguments as to place of compliance and improper service.

[66] *See Wahoo Int'l. Inc. v. Phix Doctor Inc*., No. 13CV1395, 2014 WL 3573400 at *2 (S.D. Cal. Jul. 18, 2014).

[67] *See* Fed. R. Civ. P. 26(a)(1).

[68] *See High Tec Medical Instrumentation v. New Image Industries*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing United States v. Columbia Broadcast Systems, 666 F.2d 364, 371-72 (9th Cir. 1982).

not a doctor or medical provider.[69] Mr. Alfortish does not have any personal knowledge regarding the medical diagnoses or treatment of any of the plaintiffs in this case, nor does not have any independent knowledge of any of the accounts that Medport purchased involving any of the plaintiffs.[70] Consequently, any deposition of Mr. Alfortish, whether personally or as a representative of Medport, to which Medport strongly objects, would be unduly burdensome and not proportional to the needs of this case.

Defendants plainly desire a corporate deposition of Medport, but the Subpoena is plainly deficient because there are no matters for examination; it was not properly served on Medport; and the place of compliance must be in Las Vegas, Nevada. Nonetheless, Medport's sole connection to this case—tenuous as it is—is as purchaser of certain accounts receivable formerly held by treating physicians for Ms. Thomas, Ms. Harris, and Mr. Clark.[71] Neither Medport nor Mr. Alfortish took any role in plaintiff's treatment or in any investigation of the accident that alleged to have caused plaintiff's injuries.[72] The party seeking the discovery of information has the burden to demonstrate the information sought is relevant or will lead to the discovery of admissible evidence.[73] Here, Defendants have failed to identify matters for examination, so they plainly cannot meet that burden. Any argument otherwise would reveal Defendants' true motives in seeking a corporate deposition of Medport. The lack of proportionality is even more skewed when considering that Defendants truly desire a representative of Medport to travel over 3,451 miles to testify, especially considering the four earlier subpoenas they issued to Medport. Consequently, Medport and Mr. Alfortish ask this Court to quash the Subpoena.

---

[69] *See* Declaration of Mr. Alfortish at ¶¶ 4-5, Exhibit 4.
[70] *Id.*
[71] *See* Declaration of Ms. Stearns at ¶¶ 2-4, Exhibit 3.
[72] *See* Declaration of Ms. Pranicevic at ¶ 3; see also Declaration of Mr. Alfortish at ¶ 6.
[73] *See Tingle v. Hebert*, 2016 WL 7230499 (M.D. La. Dec. 14, 2016) (Wilder-Doomes, J.).

**C.**     **Mr. Alfortish and Medport are entitled to lost earnings, attorneys' fees, and costs against Defendants and their counsel, *in solido*, pursuant to Rule 45(b).**

Finally, given that Defendants have now issued *seven* subpoenas to Medport in this case, and its counsel has issued roughly *twenty-three* subpoenas to Medport in the last two months in three other personal injury cases pending in this Court, Mr. Alfortish and Medport ask for an award of sanctions, including lost earnings, attorneys' fees and costs, against Defendants and their counsel, *in solido*, in order to stop this madness.   Rule 45(d)(1) of the Federal Rules of Civil Procedure provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district court where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorneys' fees—on a party or attorney who fails to comply.

Non-parties, like Medport and Mr. Alfortish, have greater protections from discovery. "Rule 45[(d)(1)] affords non-parties a higher protection in terms of the burden that can be imposed upon them and states that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  In *Guy Chemical v. Romaco AG*,[74] the federal district court, in analyzing the costs and production by a non-party, stated that "[t]he most crucial factor.. . is the fact that [the producing party] is a non-party."

This Court has imposed routinely sanctions on parties who violate Rule 45(d)(1) for imposing an undue burden on non-parties, like Medport and Mr. Alfortish.  In *Hahn v. Hunt*,[75] for example, Honorable Wilkinson, after conducting a separate hearing on the amount of attorneys' fees and costs, imposed $8,671.25 in attorneys' fees and costs to a non-party who successfully

---

[74] *See* 243 F.R.D. 310, 313 (N.D. Ind. 2007).
[75] 2006 WL 1587405 (E.D. La. Apr. 20, 2016)(Wilkinson, J.).

quashed a subpoena seeking both deposition testimony and documents on the grounds that the written requests were overly broad and only allowed ten days for production. Additionally, in *Glacier Pool Coolers, LLC v. Cooling Tower Systems, LLC*,[76] Honorable Roby granted a motion to quash on the grounds that the subpoena was not properly served; failed to identify a place of compliance; a proper mileage fee was not served on the witness; and the subpoena did not designate the categories of information sought. In granting the motion to quash, this Court also granted the third-party's requests for attorneys' fees, although it appears that the third-party did not file the subsequent motion to fix the fees and costs.[77]

Here, this Court should impose stiff sanctions on both Defendants and their counsel, in *solido*. **Seven** subpoenas have now been issued by Defendants to Medport in this case alone. In total, including this case, Defendants' counsel has issued roughly ***twenty-three*** subpoenas to Medport in three other personal injury cases pending in this Court. Although each of these subpoenas were objectionable, Medport has ultimately responded by producing medical records that it has on the accounts purchased for the respective plaintiffs, while preserving its objections to request for sensitive pricing information between Medport and its customers (physicians and medical providers).[78] Additionally, Medport has provided Defendants and its counsel with information showing the total medical lien amounts that it holds for each of the respective plaintiffs through its purchase of the accounts receivable from the respective plaintiffs' physicians and other medical providers. Defendants could easily obtain the respective plaintiffs' medical records by sending written authorizations to each of their respective medical providers, which likely has

---

[76] *See* Civil Action No. 17-3517, Rec. Doc. 10.
[77] *Id.*
[78] See Declaration of Marisa Stearns at ¶ 5,

already been done.  Yet, Defendants have continued harass Medport for additional information, which is unduly burden, not proportional to the needs of this case, and plainly not relevant.

For these reasons, Medport and Mr. Alfortish asks this Court to grants its request for sanctions against Defendants and their counsel, *in solido*, including attorneys' fees, costs, and lost earnings in accordance with Rule 45(d)(1) of the Federal Rules of Civil Procedure.  At minimum, the sanctions against Defendants and their counsel, *in solido*, should provide redress to Medport for each of the ***seven*** subpoenas issued to Medport in this case, whereas a separate sanction should be imposed solely on Defendants' counsel to provide redress to Medport for the roughly ***twenty-three*** subpoenas, including ***seven*** issued in this case, issued to Medport in this case and two other personal injury cases in the last two months alone.

### D.      Medport is entitled to a protective order.

Additionally and alternatively, Medport is entitled to a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure.   Rule 26(c) governs the issuances of protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[26] Rule 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party.[27] Rule 26(c) offers a variety of potential options that the Court may use to protect the moving party.[28] Under the broad scope of Rule 26, parties have standing to move for a protective order regarding discovery sought from a third party, even when the moving party may not have standing to move to quash the discovery request.[29] The trial court enjoys wide discretion in setting the parameters of a protective order.[31]

Here, as demonstrated above, Medport asks this Court to issue a protective order forbidding the deposition as planned and further precluding Defendants or their counsel from issuing any other subpoenas to Medport in this case.   Defendants have already imposed a substantial burden on

17

Medport based on the number of subpoenas issued to Medport in this case alone.[79]  Although any relevant information that Defendants could obtain from Medport is accessible from other sources (like directly from the medical providers), Medport has already provided Defendants with the medical records and total lien amounts held by Medport, so Defendants are not entitled to any additional information.  Medport also asks this Court for an award of attorneys' fees and costs pursuant to Rule 26(c)(3).

## III.    CONCLUSION

Based on the foregoing reasons, Medport LA, LLC and Sean Alfortish ask this Court to quash the Subpoena issued by Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company to Sean Alfortish "individually and in capacity as representative of Medport LA."  Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure,  Medport and Mr. Alfortish also ask this Court to impose sanctions against Defendants and their attorneys, including attorneys' fees, lost earnings, and costs, for failing to take reasonable steps to avoid imposing a burden and expense on Medport and Mr. Alfortish.

Respectfully submitted,

 /s/ Ryan O. Luminais
JAMES M. GARNER #19589
RYAN O. LUMINAIS #30605
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
**COUNSEL FOR MEDPORT LA, LLC and
SEAN ALFORTISH**

---

[79] *See* Declaration of Marisa Stearns at ¶ 7, Exhibit 3.