UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS,** | * | **CASE NO: 18-cv-4373** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **RANDALL CHAMBERS,** | * | |
| **GOD'S WAY TRUCKING, LLC** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **CANAL INSURANCE COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES**

MAY IT PLEASE THE COURT:

Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (collectively, "Defendants"), move this Court for an Order compelling Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris, to respond to the Second Set of Interrogatories to Plaintiffs, which were served through plaintiffs' counsel of record on November 28, 2018.[1] These Interrogatories seek information about the relationship between Plaintiffs' counsel and Plaintiffs' treating physicians, Dr. Peter Liechty, Dr. Suneil Jolly, and Dr. Eric Lonseth, and their facilities, ONE Spine Institute, Louisiana Pain Specialists, and Lonseth Interventional Pain Center. The discovery seeks to explore any potential witness bias based on the experts' relationship with Plaintiffs' counsel.

Plaintiffs, through their attorneys, have objected to this discovery and otherwise refused to respond, alleging that Plaintiffs have no knowledge of information responsive to the requests. Defendants submit that the law allows for discovery into potential witness bias, and, thus,

---
[1] A copy of said discovery is attached as Exhibit 1.

1

Defendants request that Plaintiffs be ordered to respond to their discovery requests and to provide the information requested for the reasons fully set forth below.

## BACKGROUND

Plaintiffs allege that a motor vehicle accident occurred on April 24, 2017 in Orleans Parish, Louisiana, between a vehicle operated by Mr. Chambers and owned by God's Way Trucking, LLC and a vehicle owned and operated by Kierra Thomas with guest passengers Antoine Clark and Shirley Harris.[2] On or about April 6, 2018, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans for recovery of alleged damages,[3] which suit was removed to this Honorable Court on April 27, 2018.[4] Defendants assert that the accident did not occur or was staged.[5]

Mr. Clark testified that he did not go the emergency room or urgent care following the accident nor did he go to any doctor before first seeing his attorney, Vanessa Motta.[6] Ms. Motta then referred Mr. Clark to "Dr. Nick,"[7] meaning Dr. Nicholas DiGerolamo at Doctors Rehabilitation Services. Ms. Harris also testified that she was first referred to Dr. Nick by Ms. Motta.[8] Likewise, Ms. Thomas first saw Dr. Nick after the accident and was referred to him by Ms. Motta.[9]

Medical billing records produced with Kierra Thomas, Antoine Clark, and Shirley Harris's initial disclosures indicate that each Plaintiff underwent medical treatment that was funded, at least in part, by a third party litigation company named Total Medical Concepts, LLC and/or Medport. Total Medical Concepts operates/operated out of 525 Clay Street in Kenner,

---

[2] Rec. Doc. 1-4, Plaintiffs' Petition for Damages, at ¶ 7-12.
[3] Rec. Doc. 1-4, Plaintiffs' Petition for Damages.
[4] Rec. Doc. 1, Notice of Removal.
[5] *See* Rec. Doc. 22-4.
[6] *See* Deposition Transcript of Antoine Clark, at p. 48, ln 5-17, attached hereto as Exhibit 2.
[7] *See* Exhibit 2, p. 50, ln 3-12.
[8] *See* Deposition Transcript of Shirley Harris, at p. 42, ln 15-21, attached hereto as Exhibit 3.
[9] *See* Deposition Transcript of Kierra Thomas, at p. 45, ln 22-25 and p. 46, ln 1-16, attached hereto as Exhibit 4.

LA, and, based upon information and belief, Sean Alfortish utilized 525 Clay St. as evidenced by emails submitted by him on behalf of Medport. This is the same address formally used by attorney Vanessa Motta, counsel for Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris, including at the time of the accident and the months following.

Although Total Medical Concepts website recently went offline, the website as it appeared in August of 2018 is still available through the Internet Archive Wayback Machine.[10] The site proclaims that, "TMC is the greatest concept to happen to a personal injury victim by financing and facilitating all of your health care needs."[11] Under the FAQ section the question, "When should I use Total Medical Concepts?" is answered as follows:

> The best use of TMC is immediately upon signing with the attorney of your choice. We work with you and your attorney to immediately provide you the medical care you need from your injury resulting from an accident. Once you have begun with our network of physicians, we will help coordinate all of your testing and needs to your attorney to keep them informed of your treatment. When you use TMC from the inception, you will not have to pay any costs upfront for testing or surgery until your case settles.[12]

The following medical care providers, which rendered treatment for Plaintiffs, were listed as being part of Total Medical Concepts' Physician Network: Doctors Rehabilitation Services/Dr. Nicholas DiGerolamo, Crescent View Surgery Center, Guardian Care/Dr. Eric Lonseth, Louisiana Pain Specialists/Dr. Neil Jolly, Diagnostic Imaging Services, and DISC of Louisiana.[13]

More importantly, health insurance claim forms were sent to Total Medical Concepts ("TMC") for Kierra Thomas from Lonseth Interventional Pain Center and for Shirley Harris

---

[10] https://web.archive.org/web/20180816151708/http://totalmedicalconceptsllc.com/index.html
[11] *Id*.
[12] https://web.archive.org/web/20180816152942/http://totalmedicalconceptsllc.com/faqs.html
[13] https://web.archive.org/web/20180816151618/http://totalmedicalconceptsllc.com/network.html

from Louisiana Pain Specialists.[14] Health insurance claims forms were also sent to Ms. Motta for Antoine Clark from Lonseth Interventional Pain Center and One Spine Institute; for Shirley Harris from One Spine Institute; and for Kierra Thomas from Lonseth Interventional Pain Center and One Spine Institute.[15]

In sum, Plaintiffs' testimony indicates that none of them sought treatment immediately following the accident, but instead relied on their attorney, Ms. Motta, for referrals to medical providers. Because their testimony and medical records indicated an ongoing relationship between Plaintiffs' attorneys and Plaintiffs' doctors, on November 28, 2018, Defendants propounded on Plaintiffs four interrogatories for the purpose of exploring the aforementioned relationship that may tend to show the experts' bias.[16] The interrogatories read as follows:

**INTERROGATORY NO. 1:**

Please state whether "your lawyers" have ever paid or distributed any money from their operating or trust accounts (or from any other business or personal accounts) of ONE Spine Institute and/or Dr. Peter Liechty ("Dr. Liechty"). If so, for the past three years to date of service of these Interrogatories, please itemize all such payments, organized by patient/client on whose behalf said payments were made. Names, vital statistics, and other identifying information may be withheld as necessary to comply with HIPPA. The scope of this Interrogatory includes all monies paid for any reason without regard as to how the payment was characterized or coded.

**INTERROGATORY NO. 2:**

Please state whether your lawyers" have ever paid or disbursed any money

---

[14] Attached as Exhibit 5, in globo.
[15] *See* Exhibit 5.
[16] *See* Interrogatories, attached as Exhibit 1.

4

from their operating or trust accounts (or from any other business or personal accounts) to Louisiana Pain Specialists and/or Dr. Suneil Jolly ("Dr. Jolly"). If so, for the past three years to date of service of these Interrogatories, please itemize all such payments, organized by patient/client on whose behalf said payments were made. Names, vital statistics, and other identifying information may be withheld as necessary to comply with HIPAA. The scope of this Interrogatory includes all monies paid for any reason without regard as to how the payment was characterized or coded.

**INTERROGATORY NO. 3:**

Please state whether your lawyers" have ever paid or disbursed any money from their operating or trust accounts (or from any other business or personal accounts) to Lonseth Interventional Pain Centers and/or Dr. Eric Lonseth ("Dr. Lonseth"). If so, for the past three years to date of service of these Interrogatories, please itemize all such payments, organized by patient/client on whose behalf said payments were made. Names, vital statistics, and other identifying information may be withheld as necessary to comply with HIPAA. The scope of this Interrogatory includes all monies paid for any reason without regard as to how the payment was characterized or coded.

**INTERROGATORY NO. 4:**

Besides You, please state whether "your lawyers" have referred and/or sent other clients/patients to Dr. Lonseth, Dr. Jolly, and/or Dr. Liechty and/or "your lawyers" have cases involving clients/patients who treated with Dr. Lonseth, Dr. Jolly, and/or Dr. Liechty. If so, please state the number of each

client/patient treating, by specifying whether to Dr. Lonseth, Dr. Jolly, and/or Dr. Liechty, for the past three years from the date of service of these Interrogatories and the dates of each. Names of clients/patients may be withheld.

On December 26, 2018, Plaintiffs responded to the discovery requests, objecting to all four interrogatories and refusing to provide any of the information sought.[17] In sum, Plaintiffs' objections included that the interrogatories (1) are overly broad, unduly burdensome, and harassing; (2) are irrelevant and unlikely to lead to the discovery of admissible evidence; and (3) seek confidential information regarding Plaintiffs' counsel's business practices.[18] Plaintiffs further responded, subject to their objections, by alleging that they have no information or knowledge responsive to the interrogatories.[19]

Defendants requested a Rule 37 conference on December 28, 2017 with Plaintiffs' counsel to discuss the insufficient responses.[20] A Rule 37 conference was held on January 3, 2019 between Defendants' counsel, Mr. Dustin Poche, and Plaintiffs' counsel, Mr. Joshua Stein; however, no agreement concerning Plaintiffs' insufficient responses was able to be reached.[21]

## LAW AND ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the scope of discovery includes any matter, not privileged, relevant to the subject matter involved in the pending action.[22] The discovery rules are to be interpreted to provide for broad and liberal discovery.[23] Further, under Rule 33 of the Federal Rules of Civil Procedure, a party must answer

---

[17] See Plaintiffs' Responses to Defendants' Second Set of Interrogatories, attached hereto as Exhibit 6
[18] *See generally*, Exhibit 6.
[19] *See generally*, Exhibit 6.
[20] *See* correspondence between Defendants' counsel, Mr. Dustin Poche, and Plaintiffs' counsel, Mr. Joshua Stein, with all counsel of copied on the correspondence, attached hereto as Exhibit V.
[21] *See* Exhibit 7.
[22] Fed. R. Civ. Proc. 26(b)(1).
[23] *Morris v. Wyeth, Inc.*, 2010 WL 1141224, at *1 (W.D. La. Mar. 22, 2010) (Hayes, Mag. J.) (citing *Schlagenhauf v. Holder,* 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495,507 (1947)).

interrogatories from "information available to a party[,]" and "bin answering interrogatories, a party is charged with knowledge of what its agents know[.]"[24] It follows that a party "has an obligation to reveal information held by his attorneys."[25]

If a party objects to discovery requests, the party "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is `overly broad and burdensome' or 'oppressive' or vexatious' or not reasonably calculated to lead to the discovery of admissible evidence."[26]

Here, Defendants' discovery requests seek relevant information within the knowledge of Plaintiffs' agents (that is, their attorneys), and Plaintiffs have failed to set forth any specific, legitimate objections to the requests.

### A. The Information Sought by Defendants is Relevant and Sufficiently Narrowly Tailored.

It remains well settled that defendants are entitled to conduct discovery into a witness' potential bias, and evidence of witness bias is relevant and admissible.[27] Specifically, evidence of a special relationship between an expert witness and legal counsel is relevant to demonstrate the possible bias of the expert witness, and discovery that is reasonably calculated to lead to such

---

[24] Fed. R. Civ. Proc. 33(b); *Crum v. Forster Specialty, Inc. Co.*, 2015 WL 7736650, *3 (W.D. La. Nov. 30, 2015) (Hayes, Mag. J.).
[25] *Crum*, 2015 WL 7736650, *3.
[26] *Morris*, 2010 WL 1141224, at *1 (quoting *Reyes v. Red Gold, Inc.*, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).
[27] See U.S. v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant[.]"). *See also Woodward v. Diamond Offshore Drilling, Inc.,* 2000 WL 275797, *1 (E.D. La. March 9, 2000) (Shushan, Mag. J.) ("[A]" party clearly has the right to inquire as to the bias or prejudice of any witness.").

7

evidence should be permitted."[28] The U.S. Court of Appeals for the Fifth Circuit has determined that it is proper to allow a party to explore potential bias of an expert witness.[29]

The interrogatories propounded by Defendants are nearly identical to interrogatories that have been permitted by other district courts within the Fifth Circuit and elsewhere.[30] Regarding identical requests propounded to a plaintiff in a case in the U.S. District Court for the Eastern District of Louisiana, in addition to finding that the requests were relevant to show bias on the part of the plaintiff s expert, the court held:

> Here, the case law supports the finding that counsel for plaintiff need respond to the discovery requests. There are only three discovery requests, and they are limited in time to three years and thus not overboard. The requests also inform counsel for plaintiff that he may withhold any personal identifying information that may potentially violate the Health Insurance Portability and Accountability Act, which is thus not an impediment in responding to the requests.[31]

The Court in *Williams* also ordered the plaintiff to respond to identical interrogatories, determining that the information sought was "relevant to the parties' claims and defenses as defendants are entitled to conduct discovery into the potential bias of a witness."[32] Similarly, the Court in *Norfolk* determined that interrogatories seeking information about referrals between a plaintiffs' lawyer and plaintiffs' doctors was proper where plaintiffs treating doctors were, at a minimum, likely to be fact witnesses, and the information was "sought for the proper purpose of investigating a potential witness's bias.[33] The Court in *Norfolk* also determined that the party

---

[28] *See Butler v. Rigsby*, 1998 WL 164857, *3 (E.D. La. April 7, 1998); *see also Norfolk v. Camparato,* 2012 WL 3055675, *2-3 (S.D. Fla. July 12, 2012) (interrogatories regarding the extent of the financial relationship between the law firm and plaintiff's treating physician is appropriate) (quoting *Crable v. State Farm Mutual Auto. Ins. Co.*, 2011 WL 5525361, *7 (M.D. Fla. Nov. 14, 2011) (Smith, Mag. J.) (to question any relationship between plaintiff's attorney and plaintiff's expert is a "natural and logical method" to gauge an expert's potential for bias)).
[29] *See, e.g., Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171 (5th Cir. 1981).
[30] *See Rogers v. Crosby Tugs, Inc.*, 2016 WL 9406114 (E.D. La. Jan. 22, 2016) (Knowles, Mag. J.); *see Williams v. Taylor*, No. 15-cv-0321 (E.D. La. Aug. 13, 2015) (Shushan, Mag. J.) (R. Doc. 69), attached hereto as Exhibit "8"; *see also Norfolk*, 2012 WL 3055675, *1-3.
[31] *Rogers,* 2016 WL 9406114, *2.
[32] *See* Exhibit "8" at p. 3.
[33] *Norfolk*, 2012 WL 3055675, *2-3.

seeking discovery about medical providers who may be retained as experts could seek information from either the party, the expert, or the party's attorneys.[34]

Like the identical requests propounded by the defendant in *Rogers, Williams*, and *Norfolk*, the discovery requests propounded by Defendants here seek information relevant to expose potential bias on the part of Plaintiffs' witnesses and only seek information for a three-year period, and thus Plaintiffs should be ordered to produce the requested information.

### B. The Information Sought by Defendants is Not Otherwise Subject to Non-Disclosure.

Any of Plaintiffs' objections regarding privilege and confidentiality further lack merit. More specifically, the attorney-client privilege does not protect information where the information was not created "for the purpose of seeking, obtaining, or providing legal assistance to a client."[35] The identity of a client and fee arrangements are generally not subject to the attorney-client privilege.[36] In any event, Defendants' discovery requests do not even seek any information related to the identity of Plaintiffs' counsel's clients and specifically state that the names of clients may be withheld. Accordingly, none of the information that Defendants seek is arguably privileged.

Further, Defendants have not requested any information related to the confidential business practices of Plaintiffs' counsel, and any blanket objection regarding confidentiality does not give any indication as to how disclosure of the requested information would violate any confidential agreement. Plaintiffs' objection gives Defendants even more reason to believe that Plaintiffs' counsel may have a significant referral fee arrangement/relationship with Plaintiffs' treating physicians, making the requested information all the more relevant. To the extent that Plaintiffs

---

[34] *Id.*
[35] *See* Exhibit "N", at p. 3 (internal citations omitted).
[36] *Id. See In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991).

9

argue that the interrogatories are unduly burdensome because Plaintiffs' counsel may have difficulty accessing the information requested in Defendants' interrogatories, such argument is also without merit. Modern day technology and document and accounting retention policies should enable counsel to perform a simple search to find and easily gather the requested information.

## CONCLUSION

For the foregoing reasons and authority, Defendants are entitled to the information requested in the propounded discovery and respectfully request that this Court order Plaintiffs to produce same. Defendants also request that this Court order Plaintiffs and/or their attorney to pay the reasonable expenses, including attorney's fees, incurred by Defendants in obtaining the requested order.

Respectfully submitted,

*/s/ Dustin L. Poche*
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system this **14th** day of **Februray, 2019**.

*/s/ Dustin L. Poche*
**DUSTIN L. POCHE**