UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIERRA THOMAS, | * | CASE  NO:  18-cv-4373 |
| ANTOINE CLARK, | * | |
| AND SHIRLEY HARRIS | * | |
| | * | JUDGE SARAH S. VANCE |
| VERSUS | * | |
| | * | |
| RANDALL CHAMBERS, | * | MAG. JUDGE KAREN WELLS ROBY |
| GOD'S WAY TRUCKING, LLC | * | |
| CANAL INSURANCE COMPANY | * | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DISCOVERYAND MOTION TO COMPEL MORE COMPLETE
DISCOVERYRESPONSES FROM SHIRLEY HARRIS

MAY IT PLEASE THE COURT:

Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (hereinafter collectively referred to as "Defendants"), submit this Motion seeking an Order compelling Plaintiff, Shirley Harris, to respond to the Defendants' Third Set of Interrogatories, Second Request for Admissions, and Fourth Request for Production of Documents, and an Order compelling Plaintiff, Shirley Harris, to provide more complete information in response to formal discovery requests.

I.      FACTS AND PROCEDURAL BACKGROUND

Plaintiffs allege that a motor vehicle accident occurred on April 24, 2017 in Orleans Parish, Louisiana, between a vehicle operated by Mr. Chambers and owned by God's Way Trucking, LLC and a vehicle owned and operated by Kierra Thomas with guest passengers Antoine Clark and Shirley Harris.[1] On or about April 6, 2018, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans, in which Ms. Harris alleged that she suffered personal and bodily injuries to her neck and back and sought damages for her past, present, and future

---

[1] Rec. Doc. 1-4, Plaintiffs' Petition for Damages, at ¶ 7-12.

1

mental and physical pain and suffering; past, present and future medical expenses and lost earnings; loss of earning capacity; loss of enjoyment of life; and all other damages allowed under Louisiana law.[2] This suit was removed to this Honorable Court on April 27, 2018.[3]

On or about June 7, 2018, Ms. Harris' responses to Defendants' first set of requests for production of documents were received.[4] By correspondence dated January 23, 2019, undersigned counsel identified deficiencies with respect to Request for Production No. 17 concerning Plaintiff's social networking websites and indicated that he would like to discuss the deficient responses with Ms. Harris' attorney during the previously scheduled Rule 37 discovery teleconference on January 25, 2019.[5] During the Rule 37 discovery teleconference, no agreement was able to be reached between undersigned counsel and counsel for Ms. Harris. As of the date of filing this Motion, Ms. Harris has not provided any information in response to Defendants' First Set of Request for Production No. 17, resulting in the filing of this Motion.

On or about December 18, 2018, Defendants propounded a Third Set of Interrogatories, Second Request for Admission, and Fourth Request for Production of Documents to Shirley Harris through her attorneys of record, Mr. Jason Baer and Ms. Vanessa Motta.[6] Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Ms. Harris' Answers to Interrogatories, Responses to Requests for Admissions, and Responses to Requests for Production of Documents were due thirty (30) days later, on or about January 17, 2019. These deadlines have passed, and to date, Ms. Harris has not provided responses to the discovery

---

[2] Rec. Doc. 1-4, Plaintiffs' Petition for Damages, at ¶ 22-24.
[3] Rec. Doc. 1, Notice of Removal.
[4] *See* **Exhibit "4,"** Shirley Harris' Responses to Defendants' First Set of Requests for Production of Documents.
[5] *See* Exhibit 2.
[6] *See* **Exhibit "1,"** Defendants' Third Set of Interrogatories, Second Request for Admissions, and Fourth Request for Production of Documents to Shirley Harris.

requests. Counsel for Defendants attempted to confer with counsel for Plaintiff to seek an amicable resolution and comply with the Federal rules, but has been unsuccessful.[7]

On January 22, 2019, Defendants requested a Rule 37 discovery teleconference in order to discuss the delinquent responses with Ms. Harris' attorney.[8] Undersigned counsel initiated the teleconference on January 25, 2019, wherein Defendants agreed to provide Ms. Harris a two week extension to respond to Defendants' discovery making her responses due on February 8, 2019.[9] Thereafter, Ms. Harris failed to provide any responses to Defendants' discovery.

## II.   LAW AND ARGUMENT

### A. Motion to Compel Discovery responses to Third Set of Interrogatories, Second Request for Admission, and Fourth Request for Production of Documents

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the scope of discovery includes any matter, not privileged, relevant to the subject matter involved in the pending action. The discovery rules are to be interpreted to provide for broad and liberal discovery.[10] A party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34.[11] Defendants request an order compelling Ms. Harris to fully respond to Defendants' December 18, 2018, written discovery within ten (10) days from the signing of the order.

In addition, Ms. Harris has not provided a written answer or objection to Defendants' Second Requests for Admission that were propounded upon her counsel of record on December 18, 2018. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, "A matter is

---

[7] *See* **Exhibit "2,"** correspondence from undersigned counsel to counsel for Plaintiff dated January 22, 2019.
[8] *Id.*
[9] *See* **Exhibit "3"** and **Exhibit "5"** correspondence from undersigned counsel to counsel for Plaintiff dated January 25, 2019.
[10] *Morris v. Wyeth, Inc*., 2010 WL 1141224, at *1 (W.D. La. Mar. 22, 2010) (Hayes, Mag. J.) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495,507 (1947)).
[11] Fed. R. Civ. P. 37(a)(3)(B).

admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants request that numbers 1-17 of Defendants' Second Request for Admissions to Shirley Harris be deemed admitted, or, in the alternative, that Ms. Harris be compelled to fully respond to Defendants' December 18, 2018, written discovery within ten (10) days from the signing of the order.

### B. Motion to Compel More Complete Discovery Responses

In order to defend the claims asserted against it, Defendants requested that Plaintiff, Shirley Harris, identify her social networking websites that she has utilized or accessed since the date of the subject accident, which was limited to evidence that depicts or relates or is inconsistent with Plaintiffs' mental, emotional, and physical condition from the date of the accident through the present relating to her claims for damages as alleged in her Petition for Damages. This was not a blanket request. In response, Plaintiff submitted general objections that do not apply to this limited request without providing any response. The request and response are duplicated below.

### REQUEST FOR PRODUCTION NO. 17.

With regard to Plaintiff's social networking website ("SNW") accounts identified in Interrogatory No. 22, please produce or make available for inspection all documents or things, including electronically stored information (ESI), in the party's possession, custody or control which evidence, depict or relate to the party's mental, emotional and physical condition from the date of the accident through the present, inclusive of all documents or information relating to **this accident, plaintiff's injuries, or which support or are inconsistent with the party's alleged damages stemming from the accident that is the subject of this lawsuit, including personal and bodily injuries including, but not limited to, injuries to her neck and back; severe physical and mental injuries as well as inconvenience; Past, present and future mental pain and suffering; Past, present and future physical pain and suffering; Past, present and future medical expenses; Past, present and future lost earnings; Loss of earning capacity; and Loss of enjoyment of life (all as referenced in Paragraphs 16**

4

**and 18 of the Petition).** This request includes, but is not limited to, all IP Logs, blog entries, "Wall Postings," photographs, bulletins and any additional information contained on SNW accounts maintained by the party that:

a) refer or relate to the accident in question;
b) refer or relate to plaintiffs' property damages;
c) refer or relate to inconvenience or mental or emotional distress that plaintiff alleges she     suffered as a result of the accident and any treatment received therefor;
d) refer or relate to alternative potential emotional stressors that are inconsistent with the mental injuries she alleges here;
e) refer or relate to physical injuries, pain, suffering or disability that plaintiff alleges she sustained as a result of the accident and any treatment that he received therefor;
f) refer or relate to other, unrelated physical injuries, pain, suffered, or disability suffered or sustained by plaintiff;
g) reflect physical capabilities that are inconsistent with the injuries that plaintiff allegedly suffered as a result of this accident; and
h) refer, relate, or are inconsistent with plaintiff's alleged past loss of wages and future loss of earning capacity.

For purposes of this Request for Production, the party is in "control" of all ESI maintained by the Social Networking Site Administrator by virtue of the consent provisions of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq.

Furthermore, to ensure the plaintiff's search for responsive information is complete, plaintiff must, to the extent possible, download all historical data available from his social networking websites for review by plaintiffs' counsel (not plaintiff himself) for responsive information. If a particular social network website does not allow for such review, the response shall include a description of the steps taken to locate and review responsive information within any social networking account.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as overly broad, unduly burdensome, harassing, seeking information outside the scope of discovery.[12]

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents

and tangible items. A party seeking discovery must serve a request for production on the party

believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ.

---

[12] *See* Exhibit 4.

P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). If a party fails to respond fully to requests for the production of documents in the time allowed by Rule 34(b)(2)(A), the party seeking discovery may move to compel responses pursuant to Rule 37(a)(3)(B)(iv).

FRCP Rule 34(a)(1)(A) specifically allows for a request for production of electronically stored information. A party is in "control" of all ESI maintained by the Social Networking Site Administrator by virtue of the consent provisions of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*

The requested information is both relevant and discoverable. The Plaintiff's posting on social networking websites is neither privileged nor protected by any privacy right. This information is necessary to the defense of the claims asserted by Plaintiff. Various courts when discussing social media discovery have ordered the production of similar requested materials. For instance, in *Bass ex rel. Bass v. Miss Porter's Sch.,* No. 3:08 CV 1807 (JBA), 2009 WL 3724968, at *1 (D. Conn. Oct. 27, 2009), the court held that Facebook usage depicts a snapshot of the user's relationships and state of mind at the time of the content's posting. Similarly, in *Reid v. Ingerman Smith LLP,* No. CV 2012-0307 ILG MDG, 2012 WL 6720752, at *1 (E.D. N.Y. Dec. 27, 2012), the court reasoned that there is no dispute that social media information may be a source of relevant information that is discoverable. The Court further found that both public and private postings provided relevant, probative evidence of plaintiff's mental and emotional state, as well as revealed the extent of activities in which she engages.

An additional case discussing privacy concerns is *Nucci v. Target Corp.,* 162 So. 3d 146, 153-54 (Fla. Dist. Ct. App. 2015), in which the court held that photographs posted on a social networking site are neither privileged nor protected by any right of privacy, regardless of any

privacy settings that the user may have established.

In *Sourdiff v. Texas Roadhouse Holdings, LLC,* 2011 WL 7560647, at *1 (N.D.N.Y.2011), the court noted that particularly in cases involving claims of personal injuries, social media information may reflect a "plaintiff's emotional or mental state, her physical condition, activity level, employment, this litigation, and the injuries and damages claimed."

In *Romano v. Steelcase Inc.,* 30 Misc. 3d 426, 907 N.Y.S.2d 650 (Sup. Ct. 2010), the court ruled that private information sought from plaintiff's social networking website accounts was material and necessary for defendant's defense; plaintiff did not have a reasonable expectation of privacy in information published on social networking websites; and defendant's need for access to plaintiff's private information on social networking websites outweighed any privacy concerns voiced by plaintiff.

The Federal courts in Louisiana have been consistent in their approach to social media discovery. In *Impson v. Dixie Electric Membership Corporation*, the court granted defendant's motion to compel the production of plaintiff's s Facebook or other social media postings in her possession, custody and control, from the date of the accident to the present that referred to or discussed the accident at issue, plaintiff's alleged injuries, and/or plaintiff's alleged damages. *Impson v. Dixie Elec. Membership Corp.*, No. CV 14-632-JWD-RLB, 2015 WL 9413122, at *3 (M.D. La. Dec. 22, 2015). Magistrate Judge Bourgeois held that:

> As the document requests are time and subject-matter limited, the court overrules Ms. Impson's objection that they are overly broad. The court concludes that these requests seek relevant information regarding the accident, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages.
>
> **Ms. Impson's response to these requests references Louisiana law that is not applicable to this discovery dispute…. Regardless of whether Ms. Impson placed privacy settings on her social media postings, these postings were freely shared with third parties. Ms. Impson must produce copies of any such**

7

**postings from [the date of the accident] to the present as sought in the specific discovery requests that are in her "possession, custody, or control."**

Ms. Impson shall produce all social media postings in her "possession, custody, or control" responsive to the foregoing discovery requests within 14 days of the date of this Order.

*Impson v. Dixie Elec. Membership Corp.,* No. CV 14-632-JWD-RLB, 2015 WL 9413122, at *3-4 (M.D. La. Dec. 22, 2015)(emphasis added).

Here, as in *Impson*, Defendants are seeking relevant information posted on social media directly pertaining to Ms. Harris' claims in her Petition for Damages. Such social media information is generally discoverable. For instance, in *Farley v. Callais & Sons, LLC*, No. 14-2550, 2015 WL 4730729 (E.D. La. Aug. 10, 2015), the court ordered the production of the following categories of information discoverable from plaintiff's Facebook account, from the date of accident to the present:

> 1) postings by plaintiff that refer or relate to the accident in question;
> 2) postings that refer or relate to emotional distress that plaintiff alleges he suffered as a result of the accident and any treatment that he received therefor;
> 3) postings or photographs that refer or relate to alternative potential emotional stressors or that are inconsistent with the mental injuries he alleges here;
> 4) postings that refer or relate to physical injuries that plaintiff alleges he sustained as a result of the accident and any treatment that he received therefor;
> 5) postings that refer or relate to other, unrelated physical injuries suffered or sustained by plaintiff; and
> 6) postings or photograph that reflect physical capabilities that are inconsistent with the injuries that plaintiff allegedly suffered as a result of the accident.

To ensure compliance, the court further ordered that plaintiff provide *all* social media postings to his counsel for determination of whether the postings are relevant and responsive to the discovery requests and to execute and provide a declaration, signed under penalty of perjury to that affect. *Id*. at *5.

Defendants are entitled to the requested social media information that Ms. Harris posted on the internet that either supports or is inconsistent with her alleged injuries and claimed damages, which include physical and mental pain and suffering and loss of enjoyment of life.

In *Crowe v. Marquette Transportation Company Gulf-Island, LLC*, 2015 WL 254633 (E.D. La. 6/20/15), the plaintiff initially responded to a discovery request seeking the production of his facebook.com download without producing anything and responding that "plaintiff does not presently have a Facebook account." When it was later discovered that he did in fact have an account (the original having been deactivated then reactivated with a different username) the court ordered it to be produced for an *in camera* inspection. The resulting printout was over 4,000 pages. The court held:

> While the Court has made a preliminary review of certain of these materials, it is not about to waste its time reviewing 4,000 pages of documents *in camera* when it is patently clear from even a cursory review that this information should have been produced as part of Crowe's original response. This production makes it plain that Crowe's testimony, at least in part, was inaccurate. That alone makes this information discoverable. *Crowe v. Marquette Transp. Co. Gulf-Inland, LLC,* No. CIV.A. 14-1130, 2015 WL 254633, at *2 (E.D. La. Jan. 20, 2015).

The plaintiff was then ordered to respond to defendant's discovery requests by downloading and producing a complete copy of his Facebook profile. *Id*. at *3-4.   The plaintiff was also ordered to produce his login information, including his password, and execute any consent or authorization form required by Facebook to obtain a complete copy of his profile. *Id*.

In *Baxter v. Anderson*, No. CV 16-142-JWD-RLB, 2016 WL 4443178, at *4 (M.D. La. Aug. 19, 2016), plaintiff was ordered to produce copies of all social media postings, including any photographs and/or writings, from the time of the accident to the present for which Plaintiff has "possession, custody, or control" and are related to the claims and/or defenses of this litigation which meet one of the following criteria:

1) postings by Plaintiff that refer or relate to the accident in question;

2) postings that refer or relate to emotional distress that Plaintiff alleges she suffered as a result of the accident and any treatment received therefor;

3) postings or photographs that refer or relate to alternative potential emotional stressors or that are inconsistent with the mental injuries she alleges here;

4) postings that refer or relate to physical injuries that Plaintiff alleges she sustained as a result of the accident and any treatment that she received therefor;

5) postings that refer or relate to other, unrelated physical injuries suffered or sustained by Plaintiff; and

6) postings or photographs that reflect physical capabilities that are inconsistent with the injuries that Plaintiff allegedly suffered as a result of the accident.

To effectuate the search and to ensure that Plaintiff's search for responsive information was complete, the court in *Baxter*, ordered plaintiff to download all historical data available from her SNW accounts to review for responsive information covered by the Order and if a particular SNW did not allow for such a review, to include in her response a description of the steps taken to locate and review any responsive information within any SNW account. *Id.*

In *Scott v. United States Postal Serv.*, No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at *5 (M.D. La. Dec. 27, 2016), plaintiff was ordered to produce all of her social media postings, including photographs, since the subject accident that: (1) refer or relate to the physical injuries Plaintiff alleges she sustained as a result of the accident and any treatment she received therefor; or (2) reflect physical capabilities that are inconsistent with the injuries that Plaintiff allegedly suffered as a result of the accident. To ensure the search for responsive information was complete, she was also required to comply with the same download instructions set forth in *Baxter*. *Id*.

In *Lawrence v. Rocktenn CP LLC*, No. CV 16-821, 2017 WL 2951624, at *3 (W.D. La. Apr. 19, 2017) the court granted defendant's motion to compel a request for production which sought:

a copy of all postings, comments, private messages, pictures, or videos on any social media website identified in your response to Interrogatory No. 1, either

posted by or directed to, Joseph Lawrence, during the relevant time period which: (a) in any way refer, relate, or depict you demonstrating physical capabilities that are inconsistent with the injuries you allegedly suffered as a result of the accident at issue; (b) in any way refer or relate to the allegations contained in your Petition for Damages; (c) are in any way relevant to your claim for emotional distress; (d) are contrary to your claim that the decline of your marriage has caused you emotional distress; (e) refer or relate to alternative potential sources of your alleged injuries; (f) refer or relate to your activities on days during which you have been disabled for working due to the injuries you allegedly sustained on May 14, 2015. Your response to this Request for Production should include any responsive post from any previously deleted/deactivated accounts. Facebook provides that a de-activated Facebook account can be reactivated simply by logging in. If you have forgotten the password, you may request a new password. Facebook provides steps for recovering your password if you no longer have access to your e-mail address at: https://www.facebook.com/help/105487009541643?helpref=faqcontent.
*Id.* at *2.

In doing so, the court concluded that the request was narrowly tailored so that it appeared reasonably calculated to lead to the discovery of admissible evidence, was time and subject-matter limited, and relevant to Plaintiff's alleged injuries and damages. *Id*. at *3.

In *Matthews v. J & J Serv. Sols., LLC*, No. CV 16-621-BAJ-EWD, 2017 WL 2256963, at *11 (M.D. La. May 23, 2017), the court ordered plaintiff to provide an archived version of her Facebook account from the date of the accident to the present within 14 days. Instructions for downloading and producing her Facebook and Twitter archive were included as follows:

Please use the following instructions to create the Facebook "archive":
1. Log into your Facebook account
2. Click on the "down arrow" icon, to the right of the "Home" icon (upper right-hand corner).
3. Select "Settings".
4. Click on "Download a copy of your Facebook Data" (below "Language").
5. Click "Start My Archive."
6. Re-enter your password.
7. Click the "Start My Archive" again.
8. You will receive an email with a file attachment.

If you have a Twitter account, please obtain an archive of your tweets for production. To do this, follow these instructions.
1. Log in to your twitter account.

11

2. Click the "gear" icon.
3. Click on settings
4. Toward the bottom of the page, click "Request Your Archive".
5. You will receive an email with a file attachment of your Twitter account.
   *Id*. at *11.

More recently, after weighing relevance and proportionality, including privacy considerations, as to Plaintiff's Facebook, Twitter, and Instagram accounts, the court in *Ehrenberg* found discoverable the following categories of information from the date of the alleged accident through the present:

1. Posts (referring to posts made by Plaintiff or other on her "wall" and includes photos or other images) or photos that refer or relate to the accident.
2. Posts or photos that refer or relate to physical injuries that Ms. Ehrenberg alleges she sustained as a result of the accident and any treatment she received therefore.
3. Posts or photos that refer or relate to other, unrelated physical injuries suffered or sustained by Ms. Ehrenberg.
4. Posts or photos reflecting physical activity by Ms. Ehrenberg and/or which reflect a physical capability of Ms. Ehrenberg.
5. Posts or photos that refer or relate to emotional distress or mental anguish that Ms. Ehrenberg alleges she sustained as a result of the accident and any treatment she received therefore.
6. Posts or photos that refer or relate to any alternative potential emotional stressors experienced by Ms. Ehrenberg.
7. Posts or photos that refer or relate to any vacations taken by Ms. Ehrenberg, including but not limited to the specific vacations referred to by State Farm in its Motion to Compel.

*Ehrenberg v. State Farm Mut. Auto. Ins. Co.,* No. CV 16-17269, 2017 WL 3582487, at *3 (E.D. La. Aug. 18, 2017)

Finally, Plaintiff's objections that production of the requested materials is overly broad and unduly burdensome should be disregarded. The Facebook.com Help Center has simple, easy to follow instructions for downloading information which can be easily saved and produced.

## Downloading Your Info

How can I download my information from Facebook?

You can download your information from your settings. To download your information:

1  Click ▾ at the top right of any Facebook page and select **Settings**

2  Click **Download a copy of your Facebook data** below your General Account Settings

3  Click **Start My Archive**

Instagram has similar, easy to follow instructions:

## How to export from the web:

- Log in to Instagram.com and visit the Privacy and Security page.
- Hit "Request Download" under the Data Download section.
- Enter your email and Instagram password.

    In the instant matter, Defendants' narrowly tailored request is both time and subject matter limited, relevant to the claims and defenses pursuant to Shirley Harris' Petition for Damages, and reasonably calculated to lead to the discovery of admissible evidence. The request is in line with the growing body of relevant case law. Defendants' motion to compel a response to Request for Production No. 17 from Ms. Harris should be granted.

### III.   <u>CONCLUSION</u>

    Pursuant to Federal Rule of Civil Procedure 37, Defendants are entitled to an Order compelling Ms. Harris to respond to the Defendants' Third Set of Interrogatories, Second Request for Admissions, and Fourth Request for Production of Documents. Defendants are also entitled to an Order from this Court compelling a proper response to Defendants' First Request for Production of Documents No. 17.

The Court should also require Plaintiff and/or her attorney to pay the reasonable expenses, including attorney's fees, incurred by Defendants in filing the present motions pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

/s/ Dustin L. Poche
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS**

---

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system this **19th** day of **February, 2019**.

/s/ Dustin L. Poche
**DUSTIN L. POCHE**

---

14