UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS,** | * | **CASE NO: 18-cv-4373** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **RANDALL CHAMBERS,** | * | |
| **GOD'S WAY TRUCKING, LLC** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **CANAL INSURANCE COMPANY** | * | |
| | * | **JURY TRIAL** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' OMNIBUS MOTION IN LIMINE

MAY IT PLEASE THE COURT:

Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (hereinafter "Defendants"), respectfully submit this Memorandum in Support of their *Omnibus Motion in Limine*. For the following reasons, Defendants respectfully request that this Honorable Court enter an Order granting Defendants' *Omnibus Motion in Limine* regarding the following areas identified below.

**I.    INTRODUCTION**

Defendants anticipate that Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris (hereinafter "Plaintiffs"), may attempt to introduce improper and irrelevant evidence during the trial of this matter. As a result, Defendants seek pre-trial rulings from the Court on the following matters:

1. **Any arguments about or any reference to the relative financial positions of Defendants and Plaintiffs should be excluded.**

2. **Any evidence, testimony or questions related to insurance coverage or corresponding policy limits should be excluded.**

3. Any lay testimony related to Plaintiffs' medical condition, work capacity, or alleged disability should be excluded.

4. Any evidence of Plaintiffs' future damages should be excluded unless reduced to present value.

5. Any duplicative or cumulative lay witnesses or experts should be excluded.

6. Attorney negotiated discounts and charges for narrative reports for purposes of litigation are not medical costs and are not subject to the collateral source rule and should be excluded from plaintiff's claimed damages.

7. Any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments should be excluded.

8. Any "unit of time" damage calculations should be excluded.

## II. FACTUAL BACKGROUND

Plaintiffs allege that a motor vehicle accident occurred on April 24, 2017 in Orleans Parish, Louisiana, between a vehicle operated by Mr. Chambers and owned by God's Way and a vehicle owned and operated by Kierra Thomas with guest passengers Antoine Clark and Shirley Harris.[1] On or about April 6, 2018, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans for recovery of alleged damages,[2] which suit was removed to this Honorable Court on April 27, 2018.[3] .

## III. LAW AND ANALYSIS

**1. Any arguments over the relative financial positions of the Plaintiffs and Defendants should be excluded.**

There is no issue to which Plaintiffs' or Defendants' financial condition and any disparity between them is relevant. Any evidence of this or any other related information is irrelevant and inadmissible. To admit evidence of Plaintiffs' present financial condition, Defendants' financial condition, or any disparity between the two would serve only to improperly influence and

---

[1] Rec. Doc. 1-4, Plaintiffs' Petition for Damages, at ¶ 7-12.
[2] Rec. Doc. 1-4, Plaintiffs' Petition for Damages.
[3] Rec. Doc. 1, Notice of Removal.

prejudice the jury, especially if there is any suggestion by Plaintiffs' counsel that Defendants should respond in damages because they are relatively wealthy and Plaintiffs in comparison, are relatively poor.

Reference to the relative financial positions of Plaintiffs and Defendants is not relevant to any issues in this case and, therefore, must be excluded pursuant to Fed. R. Evid. 401 and 402.[4] Such evidence is irrelevant and inadmissible to prove the damages to which Plaintiffs are entitled, if any, in this matter. Such arguments are not only improper, but they constitute grounds for reversal.[5]

Accordingly, Defendants move this Court to preclude Plaintiffs and their attorney from offering any evidence or argument about Plaintiffs' financial conditions, Defendants' financial conditions, and their disparity.

**2. Any evidence, testimony or questions related to insurance coverage or corresponding policy limits should be excluded.**

It is anticipated that Plaintiffs may attempt to prove the existence of insurance policies. Under Rule 411 of the Federal Rules of Evidence, "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."[6] Such evidence is only marginally relevant to such issues, yet very likely to be misevaluated and given improper effect by the fact-finder.

---

[4] Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *Jowers v. Lincoln Elec. Co.,* 617 F. 3d 346, 355 (5th Cir. 2010) ("Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (quoting Fed. R. Evid. 401).

[5] *See Gonzalez v. Volvo of America Corp.*, 734 F.2d 1221, 1225 (7th Cir. 1984) ("Appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of the plaintiffs is totally improper and cause for reversal."); *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F. 2d 519, 522 (10th Cir. 1983) ("Counsel for plaintiffs clearly overstep the bounds of proper argument by attempting to contrast [defendant corporation's] wealth with plaintiff's poverty.")

[6] Fed. R. Evid. 411.

Federal Rule of Evidence 411 is clear that evidence of liability insurance and policy limits should not be communicated to the jury, and any hearing or discussion of Plaintiffs' attempt to introduce such evidence should take place outside the presence of the jury.[7] Therefore, Defendants' motion *in limine* to preclude introduction of evidence of liability insurance and policy limits should be granted.

### 3. Any lay testimony related to Plaintiff's medical condition, work capacity or alleged disability should be excluded.

If a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:

(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.[8]

Any evidence from lay witnesses concerning Plaintiffs' specific medical conditions should be excluded as opinion testimony, because it would only serve to cause juror confusion, and because such testimony is hearsay.[9]

Further, for a plaintiff "[t]o obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident."[10] Therefore, lay opinion testimony would only serve to cause juror confusion.

Accordingly, any lay testimony related to Plaintiff's medical condition, work capacity or alleged disability should be excluded.

---

[7] *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985)(finding error in admission of limits of alleged tortfeasor's insurance coverage was not harmless).
[8] Federal Rule of Evidence 701.
[9] Federal Rule of Evidence Articles 602, 701, and 801/802.
[10] *Aisole v. Dean*, 574 So.2d 1248, 1252 (La. 1991).

### 4. Any future damages should be excluded unless reduced to present value.

Any evidence of the amount of future damages must be reduced to the present value.[11] Accordingly, to the extent that Plaintiffs attempt to present any calculation of future medical expenses or loss of household services, those calculations must be reduced to the present value.

### 5. Any duplicative or cumulative lay witnesses or experts should be excluded.

Although witness lists are not due until on or about March 18, 2019, Defendants submit that Plaintiff may attempt to call duplicative fact or expert witnesses. Under Fed. R. Evid. 403 "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[12]

"The district court has broad discretion in assessing admissibility under the rule providing for exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues or misleading jury."[13] "It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court."[14] The court may limit the number of witnesses called to testify on a single question.[15] Pursuant to Fed. R. 403, this Court should limit the number of Plaintiffs' repetitive witnesses.

In the case *sub judice*, plaintiffs are available to provide testimony concerning his day to day life activities, difficulties, and hardships since this accident. Allowing additional family members and/or associates to repeat the same testimony that Plaintiffs will offer will cause undue delay and waste of time pursuant to Fed. R. Evid. 403.

---

[11] *See Bowens v. Patterson,* 97-876 (La. App. 3 Cir. 6/3/98), 716 So. 2d 69, 85, *opinion vacated in part on reh'g (Aug. 19, 1998), writ denied,* 98-1807 (La. 10/30/98), 727 So. 2d 1162, and *writ denied,* 98-2283 (La. 10/30/98), 728 So. 2d 388.
[12] Fed. R. Evid. 403.
[13] *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 (5th Cir. 2005)
[14] *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.,* 417 F.2d 378, 382 (5th Cir. 1969)
[15] *Aetna Cas. & Sur. Co. v. Guynes,* 713 F.2d 1187, 1193 (5th Cir. 1983).

6. **Attorney negotiated discounts and charges for narrative reports for purposes of litigation are not medical costs and are not subject to the collateral source rule and should be excluded from plaintiff's claimed damages.**

Defendants are concerned that total amount of medical expenses Plaintiffs intend to submit to the jury is inflated with attorney-negotiated write-offs or discounts. The collateral source rule does not apply to attorney-negotiated write-offs or discounts.[16] Further, charges for narrative reports, conferences, and other related services incurred for litigation purposes are not items of damages.[17]

Defendant believes that Plaintiffs may attempt to introduce medical expenses without taking in to account attorney negotiated discounts, written off medical expenses, or litigation charges. These items should be excluded from Plaintiffs' alleged damages. They are not subject to the collateral source rule, and Plaintiffs should only be allowed to submit the discounted totals as medical expenses incurred. Defendants are entitled to a credit for the amount of any attorney negotiated discounts, and charges for narrative reports, conferences, and other related services incurred for litigation purposes, and any amount including those figures should be excluded.

7. **Any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments should be excluded.**

A conscience-of-the-community argument is any "impassioned and prejudicial plea[ ] intended to evoke a sense of community loyalty, duty and expectation."[18] Such an argument often invokes the parties' "relative popular appeal, identities, or geographical locations" to prejudice the viewpoint of the jury against an out-of-state corporation.[19] A Golden Rule

---

[16] *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279 (La. 10/2/15), reh'g denied (Dec. 7, 2015).
[17] *Simon v. Reel*, 867 So.2d 174 (La. App. 3 Cir. 3/3/04).
[18] *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1985).
[19] *Guaranty Serv. Corp. v. Am. Emp'rs' Ins. Co.*, 893 F.2d 725, 729 (5th Cir.1990); *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011).

argument suggests that the jury "place themselves in the plaintiff's position and do unto him as they would have him do unto them."[20]

Defendants request that no similar improper conscience of the community or golden rule arguments be permitted at trial. Any such reference would only serve to prejudice any defendant and would impose an improper distraction suggesting a verdict based solely upon immaterial, irrelevant and prejudicial statements, all as against a jury's sworn duty to treat each party equally and reach a fair, honest and just verdict according only to the facts and evidence presented at trial.[21]

### 8. Any "unit of time" damage calculations should be excluded.

Defendants request an Order that no statement, reference or argument be made that an award be based upon a "unit of time" calculation, i.e., that a time span be broken down into smaller units such as weeks, days, hours, etc. and multiplying the smaller unit by a dollar amount, resulting in a total damage award. The suggestion of such a calculation for any damage award is improper, prejudicial and engaged solely for the purpose of persuading a jury to make a liberal and excessive damage award.[22]

---

[20] *Whitehead v. Food Max of Miss., Inc.,* 163 F.3d 265, 278 (5th Cir.1998)*; Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011).
[21] *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233 (5th Cir. 1985).
[22] *See Pennington v. Justiss-Mears Oil Co.,* 242 La. 1, 134 So.2d 53 (1961); *Lougon v. Era Aviation, Inc.,* 609 So.2d 330 (La. App. 3d Cir. 1992); *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233 (5th Cir. 1985).

## IV.   CONCLUSION

Considering the foregoing, Defendants move and pray that the *Omnibus Motion in Limine* should be granted and that this Court issue an order excluding all evidence, testimony, and argument related to the above mentioned areas, including numbers one through eight.

Respectfully submitted,

*/s/ Dustin L. Poché*
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company

---

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the Court's CM/ECF system this **20th** day of **February**, **2019**, at their last known email address of record.

*/s/ Dustin L. Poché*
**DUSTIN L. POCHÉ**

---