UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS** * | **CASE NO:** | **18-CV-4373** |
| **ANTOINE CLARK** * | | |
| **AND SHIRLEY HARRIS** * | **JUDGE SARAH S. VANCE** | |
| * | | |
| **VERSUS** * | | |
| * | | |
| **RANDALL CHAMBERS,** * | **MAG. JUDGE KAREN WELLS** | |
| **GOD'S WAY TRUCKING, LLC** * | **ROBY** | |
| **CANAL INSURANCE COMPANY** * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMO IN SUPPORT OF PLAINTIFF KIERRA THOMAS' ET AL, MOTION IN LIMINE TO EXCLUDE THE VIDEO SURVEILLANCE OF ANTOINE CLARK AND KIERRA THOMAS AND REQUEST FOR SANCTIONS**

I.

The purpose and object of the instant Motion is to secure an Order specifically to instruct Defendants and Defendants' counsel not to mention, refer to, insinuate, or bring before the jury, directly or indirectly, on voir dire examination, reading of the pleadings, Opening statement of the case, interrogation of witnesses, Closing argument, objections before the jury, or in any other manner whatsoever, any of the matters set forth below, and to instruct counsel for Defendants and Defendants that failure to abide by such Order of the Court may constitute contempt of court. These motions are made on the grounds that violation of any or all of these items would cause great harm to Plaintiff's cause and would deprive them of a fair and impartial trial.

Plaintiff's respectfully move the Court to issue *in Limine Orders* in the following particulars, to wit:

**1. Evidence of any Videotape surveillance:**

Defendant evidently hired an investigator to do video surveillance on Antoine Clark and

1

Kierra Thomas.    Despite the fact that the videotape was performed back in August 2018, it was not disclosed to the Plaintiff counsel until March 25, 2019, they day before the Court imposed deadlines for submission of Motions in *Limine*.    The just produced videotape evidence does not show anything that would assist the trier of fact and does not assist the trier of fact.    In fact, the videotape would not withstand a Fed. R. Evidence 403 challenge.    Despite the fact that Plaintiff requested in written discovery the presence of such surveillance tapes and the plaintiffs were actually deposed back in October 2018, no reason exists for the delay of the Defendant in producing the surveillance tape of the plaintiffs four months after the plaintiffs deposition and the day before plaintiff has deadlines to file Motions In Limine.    Nevertheless, due to the willful nature by Defendants in withholding this videotape until the last possible minute and not disclosing the potential witness to allow plaintiff the opportunity to perhaps depose that witness, it is for these reasons that Plaintiff requests sanctions against the Defendant.

The only possible use of the videotape by Defendants would only serve to prejudice or possibly confuse jury into thinking that Mr. Clark or Ms. Thomas were doing activities to which he was not able to do. Defendants offer no reasons for their absconding and not admitting the existence of this videotape.

While it is highly likely that after reviewing the tape, the Defendant will not use the videotape in any manner, Plaintiff does not tread likely on the tactics employed by the Defendant throughout the course of their litigation history.    Defendant may indeed seek to be rewarded for ignoring Rule 37 c (1) and attempting to introduce the videotape.    Defendants cannot escape the fact that they have had this videotape evidence back in August 20-22, 2018 and holding onto beyond Plaintiffs deposition taken a month later.    At a minimum, after plaintiffs deposition, Defendant had a duty under Rule 37 to disclose this evidence so that Plaintiff would be afforded

2

the opportunity to depose the investigator for the raw tapes which they may have in their possession.  Furthermore, Defendant merely produced "excerpts" of tapes from August 20-22, 2018 on Antoine Clark. Certainly, there are hours of "raw footage" that have been performed but not produced by the Defendant as well.

Defendants did also perform attempt to perform surveillance on Kierra Thomas between August 10, 14, 23, 29 and September 11 & 25, 2018.  Excerpts of those tapes were finally produced to Plaintiff on February 25, 2019, four (4) months after Kierra Thomas' deposition taken by the Defendant in October 2018.

The surveillance company/investigator(s) that did all the surveillance is known as Photofax and according to the defendant is located out of Hampshire, Illinois.   Defendant did not produce the name or names of the individual investigators or if they are located locally.   Plaintiff was merely given a company name out of Illinois.

The Photofax "investigator(s)", whose name is still unknown at this time, is not even listed on any of the defendant's extensive, exhaustive and exceedingly ridiculous witness list just updated just two days ago on February 23, 2019.   Nevertheless, Defendant has absconded this information for at least (4) months, consciously making the decision on the day before plaintiff can file a Motion in *Limine* to exclude the evidence.   Aside from the fact that the Defendant should be sanctioned for purposely having held this evidence in direct contradiction to the Federal Rules of Civil Procedure, plaintiff will briefly address why the Motion in *Limine* should be granted concerning the just produced videotapes.

Our Fifth Circuit Court of Appeal held in *Chiasson v. Zapata Gulf Marine Corp*, 988 F.2d 513 (5th Cir. 3/31/93), our Fifth Circuit Court of Appeal reversed the trial court for allowing videotape evidence of a plaintiff doing normal, daily activities. While the Defendant naturally held

that the videotape was being used for impeachment purposes, the Fifth Circuit Court of Appeal disagreed. Our Fifth Circuit Court of Appeal held that the videotape was substantive evidence, not impeachment evidence. The Court rationale was that the tape did not discredit any of the plaintiff's testimony when the plaintiff had testified that she did daily activities, she just did them with pain. The court also stated that the admission of the videotape was not harmless either and instead vacated the ruling of the trial court and remanded the case back for a new trial excluding the videotape.

In the present case, not only is the videotape substantive, but also, Defendant purposely held onto the videotape for over six months and did not allow the Plaintiff to know the existence of the videotape. They did not produce the videotape timely after the deposition of the Plaintiff despite the fact that they were specifically asked this question in discovery and they had already taken the deposition of each of the plaintiffs months ago.

Under Fed. R. Civ. P. 37c (1), Congress ensured that an un-disclosing party may at least not make use of its own concealed evidence. The rule clearly states that "[I]F a party fails to provide information or identify a witness as required by Rule 26(a) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

<u>Defendant has listed 35 potential witnesses</u> in its discovery as recently as February 23, 2019 and Photofax from Illinois was not disclosed until today, February 25, 2019. They have not been officially added to the Defendants witness list in discovery, just informed to Plaintiff as to their existence. It defies common sense that Photofax was not engaged by the Defendant, paid by the Defendant, or its attorney and its findings were sent directly to defense counsel almost six months ago. Rather, the Defendant made a conscious decision to withhold the evidence as it was

not favorable to the Defendant and keep the evidence until the eve of discovery and whereupon the Plaintiff could not use the evidence to show its physicians prior to a deposition, especially in the case of Dr. Eric Lonseth who treated Mr. Antoine Clark to state that the videotape is not in derogation to anything Mr. Clark may have told him during his visits and treatments with Dr. Lonseth.  Coincidentally, the videotape was sent to counsel the same day that Dr. Lonseth's deposition was set.  Sadly, however, plaintiff counsel has come to expect these types of tactics from the Defendant and their counsel throughout the course of this litigation and other needless, time consuming, counter-productive litigation.

Thus, Plaintiff requests a Motion in *Limine* to strike any use or reference to the Photofax videotape by the Defendant during the trial of this matter.  The videotape should be excluded from evidence under Fed. Rule of Evidence 403 and Rule 37 c (1) as well as the aforementioned case law.  Finally, Plaintiff requests sanctions against the Defendant that this court deems appropriate for the willful failure to produce the evidence in a timely fashion and to deter such actions in the future.

## CONCLUSION

For the foregoing reasons, Plaintiff seek an Order *in Limine* from the Court precluding the above discussed matters at the trial of this matter on the grounds that all are inadmissible under the Federal Rules of Evidence, and/or that their probative value, if any, is outweighed by the prejudicial effects.

Respectfully submitted,

  */s/* Vanessa Motta
**VANESSA MOTTA  (#36915)**
855 Baronne Street 2nd Floor
New Orleans, LA 70113
Telephone: (504) 500-7246
Facsimile:(504)513-3122
Email: vanessa@mottalaw.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February 2019, all parties were served with a copy of the foregoing pleading through filing with the CM/ ECF system.

  */s/* Vanessa Motta
  VANESSA MOTTA