UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS,** | * | **CASE NO: 18-cv-4373** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| **VERSUS** | * | |
| | * | |
| **RANDALL CHAMBERS,** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **GOD'S WAY TRUCKING, LLC** | * | |
| **CANAL INSURANCE COMPANY** | * | **JURY TRIAL** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT FOR FAILURE TO RESPOND TO SUBPOENA AND TO COMPEL PRODUCTION OF DOCUMENTS

**MAY IT PLEASE THE COURT:**

Defendants Randall Chambers, God's Way Trucking, LLC and Canal Insurance Company submit this Memorandum in Support of their Motion for Contempt for Failure to Respond to Subpoena and to Compel Productions of Documents.

**I.    BACKGROUND**

Plaintiffs allege that a motor vehicle accident occurred on April 24, 2017 in Orleans Parish, Louisiana, between a vehicle operated by Mr. Chambers and owned by God's Way Trucking, LLC and a vehicle owned and operated by Kierra Thomas with guest passengers Antoine Clark and Shirley Harris.[1] On or about April 6, 2018, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans for recovery of alleged damages,[2] which suit was removed to this Honorable Court on April 27, 2018.[3] Defendants have attempted to assert that the accident did not occur or was staged.[4]

---

[1] Rec. Doc. 1-4, Plaintiffs' Petition for Damages, at ¶ 7-12.
[2] Rec. Doc. 1-4, Plaintiffs' Petition for Damages.
[3] Rec. Doc. 1, Notice of Removal.
[4] *See* Rec. Doc. 22-4, which is the proposed pleading subject to a pending Motion for Leave.

1

Based on the medical billing records secured to date, it appears that that Ms. Thomas' treatment with Dr. Eric Lonseth and/or Lonseth Interventional Pain Centers and Diagnostic Imaging Services; Ms. Harris' treatment with Louisiana Pain Specialists and Dianostic Imaging Services; and Mr. Clark's treatment with DISC of Louisiana, Dr. Eric Lonseth and/or Lonseth Interventional Pain Centers and Diagnostic Imaging Services, was funded by a third party litigation company named Total Medical Concepts, LLC.[5] Total Medical Concepts operates out of 525 Clay Street in Kenner, LA. This is the former address as attorney Vanessa Motta, counsel for Plaintiffs, Kierra Thomas, Antoine Clark, and Shirley Harris.

Although Total Medical Concepts website recently went offline, the website as it appeared in August of 2018 is still available through the Internet Archive Wayback Machine.[6] The site proclaims that, "TMC is the greatest concept to happen to a personal injury victim by financing and facilitating all of your health care needs."[7] Under the FAQ section the question, "When should I use Total Medical Concepts?" is answered as follows:

> The best use of TMC is immediately upon signing with the attorney of your choice. We work with you and your attorney to immediately provide you the medical care you need from your injury resulting from an accident. Once you have begun with our network of physicians, we will help coordinate all of your testing and needs to your attorney to keep them informed of your treatment. When you use TMC from the inception, you will not have to pay any costs upfront for testing or surgery until your case settles.[8]

The following medical care providers, which rendered treatment for Plaintiffs, were listed as being part of Total Medical Concepts' Physician Network: Crescent View Surgery Center, Guardian Care/Dr. Eric Lonseth, Louisiana Pain Specialists, Diagnostic Imaging Services, and

---

[5] Attached as Exhibit "A" *in globo*.
[6] https://web.archive.org/web/20180816151708/http://totalmedicalconceptsllc.com/index.html
[7] *Id*.
[8] https://web.archive.org/web/20180816152942/http://totalmedicalconceptsllc.com/faqs.html

DISC of Louisiana.[9]  In the instant action, Plaintiffs have each treated with several of those providers.

**A. Shirley Harris**

On May 15, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit, and *subpoenas duces tecum* to Plaintiffs' counsel indicating that Total Medical Concepts and One Spine Institute, LLC, among others, must produce the following records on Plaintiff, Shirley Harris, by June 18, 2018[10]:

> A true **CERTIFIED COPY** of your complete record, including without limitation: any and all medical records; doctors' notes; doctors' reports; correspondence; agreements with patient and/or his/her representative or attorney; finance agreements; letters of guarantee; emails with patient, his/her treating physicians, and/or his/her representative and/or attorney; notes; orders; nurses' notes; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; messages; questionnaires; patient history; billing information; payments for any services to date; and any and all other documentation in your possession concerning any and all services and/or treatment rendered to the patient named: **Shirley Harris (DOB: 07/16/85; SSN: \*\*\*-\*\*-7510)**.

In correspondence dated June 12, 2018, Loy Ernst, the registered agent and Chief Financial Officer of Total Medical Concepts, responded by certifying that he produced any and all documents related to any and all treatment of Shirley Harris, for any and all dates of treatment, which correspondence plus all enclosures totaled eleven (11) pages.[11] It included a lumbar and cervical spine MRI report and bill from Diagnostic Imaging Services; an invoice for the two MRIs addressed to Vanessa Motta indicating that her amount due was $1,283.00, while another bill indicated that the amount due was $2,508.00; and a payment receipt received from

---

[9] https://web.archive.org/web/20180816151618/http://totalmedicalconceptsllc.com/network.html
[10] Attached as Exhibit "B"
[11] Attached as Exhibit "C"

Vanessa Motta indicating that she paid $1,225.00.[12]

In correspondence dated June 15, 2018, Kaitlyn Gates of One Spine Institute faxed thirteen total pages and two more additional pages on June 18, 2018 with medical reports and bills from five visits with Dr. Peter Liechty.[13] Their production did not include any handwritten or dictated notes by any doctor at One Spine Institute, namely Dr. Liechty; there were no messages, call logs, or correspondence; and there were no finance agreements or agreements with the patient and/or her attorney or representative. Of note, two of Ms. Harris's health insurance claim forms were addressed to Medport LA.[14] Her transaction history for One Spine Institute listed Medport LA as the primary payer and responsible party and indicated total adjustments of $14,738.75, insurance payments of $22,281.25, and $0.00 paid by the patient;[15] all of which serves as further evidence of the existence of a finance agreement or agreement with the patient and/or her attorney or representative. No opposition to the subpoenas was submitted. No motions to quash or requests for protective orders were filed.[16]

Undersigned counsel spoke with both One Spine and One Spine's counsel, Julie Quinn, on February 26, 2019.  Counsel advised both that the following items were not received, including: "finance agreements; letters of guarantee; emails; orders; handwritten notes; films; mri films and reports; x-ray images and reports; lab reports; prescriptions; messages; questionnaires; patient history"; etc.  Ms. Quinn reported that "zero other medical records other

---

[12] *See* Exhibit "C"
[13] Attached as Exhibit "D"
[14] *See* Exhibit "D," at p. 5-6.
[15] *See* Exhibit "D," at p. 14-15.
[16] Defendants submitted a follow-up subpoena to One Spine to cure any service defects and to request additional medical records in anticipation of Dr. Liechty's deposition, scheduled for March 8, 2019.  The subpoena was personally served on One Spine and is attached as Exhibit "T".  In response, one additional "note" was produced for Kierra Thomas for a December 13, 2018 appointment.  The records for Shirley Harris and Antoine Clark were duplicative.

than the 'notes' to Vanessa" existed.[17]  However, that does not address the request for finance agreements, letter so guarantee, emails, handwritten notes, etc.  Although Dr. Liechty's office claims it does not have intake forms for Shirley Harris and Kierra Thomas, an intake form and driver's license were produced for Antoine Clark.[18]

On November 7, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit and *subpoenas duces tecum* to Total Medical Concepts, LLC, among others, requesting the following documents by December 10, 2018 with respect to Shirley Harris[19]:

> A true and complete **CERTIFIED COPY** any and all records, claims and/or documentation, including without limitation:
>
> 1) any and all medical records; doctors' reports and/or notes; physician assistants' reports or notes; nurses' reports and notes; correspondence and/or emails with patient and/or plaintiff; correspondence and emails with plaintiff's and/or patient's treating physicians, and/or his/her representative(s) and/or attorney(s); orders; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; referrals; questionnaires; patient history; health claims; prescription and/or medication claims; personal injury claims; and any and all other documentation in your possession related to any and all services and/or treatment rendered to and/or payment made on behalf of: **Shirley Harris (DOB: 07/16/85; SSN: \*\*\*-\*\*-7510);**
>
> 2) agreements with patient, plaintiff and/or his/her representative or attorney; finance agreements; letters of guarantee; purchase agreements; assignment agreements; purchase orders; agreements or contracts with:
>
>> a. Patient/Plaintiff: **Shirley Harris (DOB: 07/16/85; SSN: \*\*\*-\*\*-7510)**;
>>
>> b. agreements or contracts with Patient/Plaintiff: **Shirley Harris'** medical care providers, including, but not limited to: **Eric Lonseth, MD and/or Lonseth Interventional Pain Centers, Louisiana Pain Specialists, Diagnostic Imaging Services, Disc of Louisiana, Doctors Rehab Services, Interventional Spinal Care of Louisiana, One Spine Institute, LLC,** and

---

[17] Attached as Exhibit "E"
[18] Attached as Exhibit "F"
[19] Attached as Exhibit "G"

5

    c. agreements or contracts with Patient/Plaintiff: **Shirley Harris'** counsel, including, but not limited to: **Jason M. Baer, Esq., Joshua A. Stein, Esq., and/or Pandit Law Firm, LLC located at 701 Poydras St., Ste. 3950, New Orleans, LA 70139; and/or Vanessa Motta, Esq. and/or Motta Law Firm, LLC located at 525 Clay St., Kenner, LA 70062 and/or 4501 Cleveland Pl., Metairie, LA 70003-1245;** and

3) billing information; receipts; invoices; pre-bills; final bills; discounts; payments for any services to date; summaries of payments disbursed; pre-certification approvals; health insurance claim forms; itemized statement of charges; and transaction history on behalf of: **Shirley Harris (DOB: 07/16/85; SSN: \*\*\*-\*\*-7510),** and

4) copy of Total Medical Concepts complete website, previously found at totalmedicalconceptsllc.com; including, but not limited to the following links: home, page, list of medical providers and/or physician network, FAQS, contacts and TMC.

Total Medical Concepts, LLC, was personally served with the subpoena regarding Shirley Harris through its representative, Loy Ernst, on November 20, 2018.[20] To date, Total Medical Concepts, LLC has not produced a single record in response to the second *subpoena duces tecum*. None of the requested medical records, bills, or agreements between: Total Medical Concepts, LLC, and Ms. Harris; Total Medical Concepts, LLC and Ms. Harris' medical care providers including but not limited to Louisiana Pain Specialists; and Total Medical Concepts, LLC and plaintiffs' counsel of record including but not limited to The Pandit Law Firm and/or The Motta Law Firm were produced. No oppositions to the subpoenas were submitted. No motions to quash or requests for protective orders were filed. As of the filing of this Motion, Total Medical Concepts, LLC has not provided any further response to the subpoenas.

    Furthermore, Total Medical Concepts did not appear on February 25, 2019 for its previously scheduled and noticed deposition.[21]

---

[20] Attached as Exhibit "H"
[21] Attached as Exhibit "N"

### B. Kierra Thomas

On June 12, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit and *subpoenas duces tecum* to Plaintiffs' counsel indicating that One Spine Institute, LLC, among others, must produce the following records on Plaintiff, Kierra Thomas, by July 30, 2018[22]:

> A true **CERTIFIED COPY** of your complete record, including without limitation: any and all medical records; doctors' notes; doctors' reports; correspondence; agreements with patient and/or his/her representative or attorney; finance agreements; letters of guarantee; emails with patient, his/her treating physicians, and/or his/her representative and/or attorney; notes; orders; nurses' notes; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; messages; questionnaires; patient history; billing information; payments for any services to date; and any and all other documentation in your possession concerning any and all services and/or treatment rendered to the patient named: **Kierra Thomas (DOB: 10/17/93; SSN: \*\*\*-\*\*-7158)**.

The above subpoena was delivered via certified mail to One Spine Institute on June 27, 2018.[23] In correspondence dated July 12, 2018, Kaitlyn Gates of One Spine Institute responded by certifying that she produced any and all documents related to any and all treatment of Kierra Thomas.[24] The responsive documents included four total pages and showed Dr. Peter Liechty's medical report for one Ms. Thomas visit and the corresponding health insurance claim form.[25] Their production did not include any handwritten or dictated notes by any doctor at One Spine Institute, namely Dr. Liechty; there were no messages, call logs, or correspondence; and there were no finance agreements or agreements with the patient and/or her attorney or representative.

---

[22] Attached as Exhibit "I"
[23] Attached as Exhibit "I"
[24] Attached as Exhibit "J"
[25] *See* Exhibit "J"

Undersigned counsel spoke with both One Spine and One Spine's counsel, Julie Quinn on February 26, 2019. Counsel advised both that the following items were not received, including: "finance agreements; letters of guarantee; emails; orders; handwritten notes; films; mri films and reports; x-ray images and reports; lab reports; prescriptions; messages; questionnaires; patient history"; etc. Ms. Quinn reported that "zero other medical records other than the 'notes' to Vanessa" existed.[26] Ms. Quinn did, however, provide an uncertified billing ledger from One Spine on Ms. Thomas. However, that does not address the request for finance agreements, letter so guarantee, emails, handwritten notes, etc.

On November 7, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit and *subpoenas duces tecum* to Total Medical Concepts, LLC, among others, requesting production of the following documents by December 10, 2018 with respect to Kierra Thomas[27]:

> A true and complete **CERTIFIED COPY** any and all records, claims and/or documentation, including without limitation:
>
> 1) any and all medical records; doctors' reports and/or notes; physician assistants' reports or notes; nurses' reports and notes; correspondence and/or emails with patient and/or plaintiff; correspondence and emails with plaintiff's and/or patient's treating physicians, and/or his/her representative(s) and/or attorney(s); orders; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; referrals; questionnaires; patient history; health claims; prescription and/or medication claims; personal injury claims; and any and all other documentation in your possession related to any and all services and/or treatment rendered to and/or payment made on behalf of: **Kierra Thomas (DOB: 10/17/93; SSN: \*\*\*-\*\*-7158);**
>
> 2) agreements with patient, plaintiff and/or his/her representative or attorney; finance agreements; letters of guarantee; purchase agreements; assignment agreements; purchase orders; agreements or contracts with:
>
>> a. Patient/Plaintiff: **Kierra Thomas (DOB: 10/17/93; SSN: \*\*\*-\*\*-7158)**;

---

[26] Attached as Exhibit F
[27] Attached as Exhibit "K"

    b. agreements or contracts with Patient/Plaintiff: **Kierra Thomas'** medical care providers, including, but not limited to: **Eric Lonseth, MD and/or Lonseth Interventional Pain Centers, Louisiana Pain Specialists, Diagnostic Imaging Services, Disc of Louisiana, Doctors Rehab Services, Interventional Spinal Care of Louisiana, One Spine Institute, LLC,** and

    c. agreements or contracts with Patient/Plaintiff: **Kierra Thomas'** counsel, including, but not limited to: **Jason M. Baer, Esq., Joshua A. Stein, Esq., and/or Pandit Law Firm, LLC located at 701 Poydras St., Ste. 3950, New Orleans, LA 70139; and/or Vanessa Motta, Esq. and/or Motta Law Firm, LLC located at 525 Clay St., Kenner, LA 70062 and/or 4501 Cleveland Pl., Metairie, LA 70003-1245;** and

3) billing information; receipts; invoices; pre-bills; final bills; discounts; payments for any services to date; summaries of payments disbursed; pre-certification approvals; health insurance claim forms; itemized statement of charges; and transaction history on behalf of: **Kierra Thomas (DOB: 10/17/93; SSN: \*\*\*-\*\*-7158)**, and

4) copy of Total Medical Concepts complete website, previously found at totalmedicalconceptsllc.com; including, but not limited to the following links: home, page, list of medical providers and/or physician network, FAQS, contacts and TMC.

In correspondence dated June 23, 2018, Loy Ernst, the registered agent and Chief Financial Officer of Total Medical Concepts, responded to a previously issued subpoena by certifying that he produced any and all documents related to any and all treatment of Kierra Thomas for any and all dates of treatment, which amounted to a total of eight (8) pages.[28] It included a lumbar and cervical spine MRI report from Diagnostic Imaging Services; the corresponding health insurance claim forms for the two MRIs; and an invoice for the two MRIs addressed to Vanessa Motta.[29]

Total Medical Concepts was personally served the more recent subpoena regarding

---

[28] Attached as Exhibit "L"
[29] *See* Exhibit "L"

Kierra Thomas through its representative, Loy Ernst, on November 20, 2018.[30] None of the requested medical records, bills, or agreements were subsequently produced between: Total Medical Concepts and the patient/plaintiff, Ms. Thomas; Total Medical Concepts and plaintiffs' medical care providers including but not limited to Dr. Eric Lonseth and/or Lonseth Interventional Pain Centers and Diagnostic Imaging Services; and Total Medical Concepts and plaintiffs' counsel of record including but not limited to The Pandit Law Firm and/or The Motta Law Firm. No opposition to the subpoena was submitted. No motions to quash or requests for protective orders were filed. As of the filing of this Motion, Total Medical Concepts, LLC has not provided any further response to the subpoena.

### C. Antoine Clark

On June 13, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit and *subpoenas duces tecum* to Plaintiffs' counsel indicating that One Spine Institute, LLC, among others, must produce the following records on Plaintiff, Antoine Clark, by July 30, 2018[31]:

> A true **CERTIFIED COPY** of your complete record, including without limitation: any and all medical records; doctors' notes; doctors' reports; correspondence; agreements with patient and/or his/her representative or attorney; finance agreements; letters of guarantee; emails with patient, his/her treating physicians, and/or his/her representative and/or attorney; notes; orders; nurses' notes; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; messages; questionnaires; patient history; billing information; payments for any services to date; and any and all other documentation in your possession concerning any and all services and/or treatment rendered to the patient named: **Antoine Clark (DOB: 10/16/89; SSN: \*\*\*-\*\*-4938)**.

---

[30] Attached as Exhibit "M"
[31] Attached as Exhibit "O"

The above subpoena was delivered to One Spine Institute via certified mail on June 28, 2018.[32] In correspondence dated July 12, 2018, Kaitlyn Gates of One Spine Institute responded by certifying that the attached records constituted all records that One Spine Institute had on Antoine Clark, which response was five pages total and included a Dr. Peter Liechty report for one Mr. Clark visit and the corresponding health insurance claim form.[33] Their production did not include any handwritten or dictated notes by any doctor at One Spine Institute, namely Dr. Liechty; there were no messages, call logs, or correspondence; and there were no finance agreements or agreements with the patient and/or her attorney or representative.

Undersigned counsel spoke with both One Spine and One Spine's counsel, Julie Quinn on February 26, 2019. Counsel advised both that the following items were not received, including: "finance agreements; letters of guarantee; emails; orders; handwritten notes; films; mri films and reports; x-ray images and reports; lab reports; prescriptions; messages; questionnaires; patient history"; etc. Ms. Quinn reported that all "zero other medical records other than the 'notes' to Vanessa" existed.[34] Ms. Quinn did, however, provide Clark's uncertified billing ledger, intake form and identification from One Spine. However, that does not address the request for finance agreements, letter so guarantee, emails, handwritten notes, etc.

On November 6, 2018, Defendants sent a copy of their Notice of Records Deposition, Affidavit and *subpoenas duces tecum* to Total Medical Concepts, LLC, among others, requesting production of the following documents by December 10, 2018 with respect to Antoine Clark[35]:

---

[32] Attached as Exhibit "O"
[33] Attached as Exhibit "P"
[34] Attached as Exhibit "F"
[35] Attached as Exhibit "Q"

A true and complete **CERTIFIED COPY** any and all records, claims and/or documentation, including without limitation:

1) any and all medical records; doctors' reports and/or notes; physician assistants' reports or notes; nurses' reports and notes; correspondence and/or emails with patient and/or plaintiff; correspondence and emails with plaintiff's and/or patient's treating physicians, and/or his/her representative(s) and/or attorney(s); orders; handwritten notes and/or messages; graphs; films; MRI films and reports; x-rays images and reports; lab reports; EMG and/or nerve conduction study results; diagnostic reports; prescriptions; referrals; questionnaires; patient history; health claims; prescription and/or medication claims; personal injury claims; and any and all other documentation in your possession related to any and all services and/or treatment rendered to and/or payment made on behalf of: **Antoine Joseph Clark (DOB: 10/16/89; SSN: \*\*\*-\*\*-4938);**

2) agreements with patient, plaintiff and/or his/her representative or attorney; finance agreements; letters of guarantee; purchase agreements; assignment agreements; purchase orders; agreements or contracts with:

   a. Patient/Plaintiff: **Antoine Joseph Clark (DOB: 10/16/89; SSN: \*\*\*-\*\*-4938)**;

   b. agreements or contracts with Patient/Plaintiff: **Antoine Joseph Clark's** medical care providers, including, but not limited to: **Eric Lonseth, MD and/or Lonseth Interventional Pain Centers, Louisiana Pain Specialists, Diagnostic Imaging Services, Disc of Louisiana, Doctors Rehab Services, Interventional Spinal Care of Louisiana, One Spine Institute, LLC, Walgreen Louisiana Co., Inc. and/or Walgreens Pharmacy,** and

   c. agreements or contracts with Patient/Plaintiff: **Antoine Joseph Clark's** counsel, including, but not limited to: **Jason M. Baer, Esq., Joshua A. Stein, Esq., and/or Pandit Law Firm, LLC located at 701 Poydras St., Ste. 3950, New Orleans, LA 70139; and/or Vanessa Motta, Esq. and/or Motta Law Firm, LLC located at 525 Clay St., Kenner, LA 70062 and/or 4501 Cleveland Pl., Metairie, LA 70003-1245;** and

3) billing information; receipts; invoices; pre-bills; final bills; discounts; payments for any services to date; summaries of payments disbursed; pre-certification approvals; health insurance claim forms; itemized statement of charges; and transaction history on behalf of: **Antoine Joseph Clark (DOB: 10/16/89; SSN: \*\*\*-\*\*-4938).**

>   4) copy of Total Medical Concepts complete website, previously found at totalmedicalconceptsllc.com; including, but not limited to the following links: home, page, list of medical providers and/or physician network, FAQS, contacts and TMC.

In correspondence dated June 23, 2018, Loy Ernst, the registered agent and Chief Financial Officer of Total Medical Concepts, responded to a previously issued subpoena by certifying that he produced any and all documents related to any and all treatment of Antoine Clark, for any and all dates of treatment, which correspondence plus all enclosures totaled five (5) pages.[36] It included a lumbar spine MRI report from Diagnostic Imaging Services; the corresponding health insurance claim form for the MRI; and an invoice for the MRI addressed to Vanessa Motta.[37]

Total Medical Concepts, LLC was personally served with the more recent subpoena regarding Antoine Clark on November 20, 2018 through its representative, Loy Ernst.[38] None of the requested medical records, bills, or agreements were subsequently produced between: Total Medical Concepts and the patient/plaintiff, Mr. Clark; Total Medical Concepts and plaintiffs' medical care providers including but not limited to DISC of Louisiana, Dr. Eric Lonseth and/or Lonseth Interventional Pain Centers and Diagnostic Imaging Services; and Total Medical Concepts and plaintiffs' counsel of record including but not limited to The Pandit Law Firm and/or The Motta Law Firm. No opposition to the subpoena was submitted. No motions to quash or requests for protective orders were filed. As of the filing of this Motion, Total Medical Concepts, LLC has not provided any further response to the subpoena.

---

[36] Attached as Exhibit "R"
[37] *See* Exhibit "R"
[38] Attached as Exhibit "S"

## II.     LAW AND ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure permits the discovery of documents and other tangible things from non-parties through the issuance and service of a subpoena duces tecum by an attorney as an officer of the Court. See Fed. R. Civ. P. 45(a)(3); *United States SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Hence, subpoenas issued by attorneys are done so with the power of the Court and are handled as a court order. *Id.; see also Res. Invs. Inc. v. United States*, 97 Fed. Cl. 545, 552 (Fed. Cl. 2011); *Miller v. St. John's Health Sys*., 2011 U.S. Dist. LEXIS 83766, *4 (S.D. Ind. July 29, 2011); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001).

One Spine Institute and Total Medical Concepts, LLC, provided incomplete responses to the subpoenas issued regarding each Plaintiff, Shirley Harris, Kierra Thomas, and Antoine Clark. Each provider was either personally served with the subpoena or served with the subpoena through certified mail in compliance with Fed. R. Civ. P. Rule 45.

In *Neil v. Randolph*, 2010 WL 1727809, at *3 (E.D. La. 2010), the Eastern District of Louisiana extensively quoted *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ill. 1994), where a non-party challenged service of a subpoena by certified mail. The court noted that "[n]othing in this language [of F.R.C.P. 45(b)(1)] suggests that in-hand personal service is required to effectuate 'delivery....'"; finding that service by certified mail was sufficient. *Neil*, 2010 WL 1727809, at *3; quoting *Doe*, 155 F.R.D. 630. The Court looked to Rule 4 to bolster its conclusion, if "delivering to such person," as stated in Rule 45(b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. *Id.* The better conclusion is that the drafters knew how to indicate a personal service requirement and that they chose not to do so when they created Rule 45. *Id.*

Additionally, Rule 45(g) governs the court's ability to hold a non-compliant recipient of a properly served subpoena in contempt. It provides that "the issuing court…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). The failure to produce required documents pursuant to a valid subpoena, or to offer an adequate excuse for such non-production, may be considered a contempt of court. W*ilson v. United States*, 221 U.S. 361, 31 S. Ct. 538, 55 L. Ed. 771 (1911); *Sec. Inv'r Prot. Corp. v. Exec. Sec. Corp.*, 433 F. Supp 470 (S.D.N.Y. 1977). The failure to substantially comply with a subpoena prior to the deadline without a good faith reason for such non-compliance constitutes contempt. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d. 1007 (D.C. Cir. 1997).

As set forth above, Total Medical Concepts, LLC ("TMC") has failed to respond to Defendants' *subpoenas duces tecum*, in violation of law. TMC provided an incomplete response to Defendants' subpoenas regarding each Plaintiff. Based upon the Plaintiffs' medical records, TMC has funded at least a portion of medical treatment in connection with this lawsuit. Furthermore, a corporate presentative of TMC failed to appear for its deposition on February 25, 2019.

A third party litigation funding company is an investment in a lawsuit. A funding agreement, therefore, is "not in the nature of a traditional collateral source." *Houston v. Publix Supermarkets, Inc.*, 2015 WL 458154 at *2 (N.D. Ga. July 29, 2015); aff'd, *ML Healthcare Services, LLC v. Publix Supermarkets, Inc*. 881 F.3d 1293, 1299 (11th Cir. 2018).

The presence of any third party litigation funding deal with TMC also implicates the credibility of witnesses who will be called to testify at trial. In *ML Healthcare Services, LLC v. Publix Supermarkets, Inc.*, 881 F.3d 1293 (11th Cir. 2018), the Eleventh Circuit upheld

admissibility of the third party litigation funding agreement and activities as evidence of potential bias of the witnesses (treating medical care providers), as well as regarding their possible desire for additional and continued referrals of patients from the third party litigation funding company. The Court recognized that for the third party litigation funding company's business model to flourish, it needs the plaintiffs whom it subsidizes to win their lawsuits. *Id*. at 1302. The court also permitted the defendant to introduce evidence of the funding company's payments to attach the reasonableness of the plaintiff's claimed medical expenses. *Id*. at 1301.

In *Rangel v. Anderson*, 202 F. Supp. 3d 1361 (S.D. Ga. 2016), the court denied a plaintiff's motion in limine to prohibit a defendant from offering evidence regarding a medical lien funding company that had paid for plaintiff's medical treatment. The *Rangel* court concluded that excluding evidence regarding the funding agreement "would not serve the underlying rationale of the collateral source rule." *Id*. at 1373. The court noted that "unlike an insurance company, the funding company's payments do not reduce Plaintiff's financial obligations." *Id*. at 1373. The Rangel court also found that evidence of the funding arrangement was "highly relevant" for impeachment as to credibility and bias of the plaintiff's treating physicians. The court noted that the plaintiff's treating physicians had a "financial motivation to testify favorably for plaintiff" due to the potential for "receiving more case referrals from the funding company." *Id*. at 1373-73. The *Rangel* court also reasoned that the funding agreement was relevant to the jury's assessment of the reasonableness of the plaintiff's medical treatment and reasonable value of the medical services providers. "It appears Key Health (the third party litigation funding company) has a motivation for plaintiff's medical bills to be higher… thus, the more procedures the plaintiff undergoes, the more money Key Health stands to make." *Id*. at 1374.

Accordingly, TMC's full and correct response to Defendants' subpoenas is necessary to defend these claims. Should TMC continue to refuse to fully respond to the subpoenas, Defendants will be prejudiced in their defense of this matter which is currently set for trial beginning on April 29, 2019.[39]

Further, the incomplete responses from One Spine Institute regarding each Plaintiff will similarly prejudice Defendants, in that they will not have access to doctors' notes; any correspondence from each facility with TMC or its representative(s); finance agreements; or any agreements with TMC or Plaintiffs' counsel.

### III. CONCLUSION

Defendants pray that this Court enter an Order finding Total Medical Concepts, LLC, and One Spine Institute, in contempt of Court, ordering each to respond fully to the subpoenas issued by Defendants, awarding Defendants reasonable attorney's fees and costs for the filing of this motion, and for all other relief to which they are justly entitled.

Respectfully submitted,

*/s/ Dustin L. Poché*_____
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, #33451**
**PERRIER & LACOSTE, LLC**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the Court's CM/ECF system this **26th** day of **February**, **2018**, at their last known email address of record.

*/s/ Dustin L. Poché*
**DUSTIN L. POCHÉ**

---

[39] *See* Rec. Doc. 9.

17