MINUTE ENTRY
ROBY, M.J.
March 13, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIERRA THOMAS, ET AL                          CIVIL ACTION

VERSUS                                        NO:    18-4373

RANDALL CHAMBERS                              SECTION: "R" (4)

LAW CLERK:              Brian E. Hawthorne
COURT REPORTER:         Rebecca Gonzalez

Appearances:      **Vanessa Motta** for the Plaintiffs
                  **Dustin L. Poche** for the Defendants

**MINUTE ENTRY, ORDER & REASONS**

The Defendants, Randall Chambers, God's Way Trucking, LLC, and Canal Insurance
Company (collectively "the Defendants") filed: (1) a **Motion for Leave of Court to Propound
Additional Interrogatories on Plaintiffs** (R. Doc. 40); (2) a **Motion to Compel Discovery
Responses** (R. Doc. 42); and (3) **a Motion to Compel Discovery Responses from Shirley Harris**
(R. Doc. 46).  The motions are opposed.

I.      **Background**

This negligence action arose out of an alleged vehicle collision on April 24, 2017 (R. Doc.
1-4, p. 2.), whereby Plaintiff Kierra Thomas ("Thomas"), who was driving her 2016 Nissan Altima
on Interstate 10 in Louisiana, and Plaintiffs Antoine Clark ("Clark") and Shirley Harris ("Harris")
(both guest passengers in Thomas' car), were struck by a 2007 Peterbilt truck driven by Defendant
Randall Chambers ("Chambers"). R. Doc. 1-4, p. 3. The Plaintiffs allege that Chambers collided
into Thomas' car after he negligently changed lanes without looking to see if the lane was clear.

MJSTAR: 00:56

*Id*.  The Plaintiffs each claim that, because of the collision, they suffered serious bodily injury requiring continuous medical care and treatment. *Id*. at p. 5-7.

On April 6, 2018, the Plaintiffs filed suit against Chambers. *Id*. at p. 2-3. The Plaintiffs further claimed that Chambers was acting within the scope of his employment at the time of the collision and asserted claims against Chambers' employer, God's Way Trucking LLC ("God's Way"), under *respondeat superior*, among other things. *Id*. at p. 4. The Plaintiffs additionally claimed that Defendant Canal Insurance Company is liable because they had an insurance policy in favor of Chambers and God's Way at the time of the collision. *Id*. at p. 4-5.

On April 30, 2018, the Defendants propounded 23 interrogatories on the Plaintiffs. R. Doc. 40-1, p. 1. However, the Defendants allege that they later discovered potentially fraudulent activity, and subsequently filed a counterclaim alleging: (1) the Plaintiffs intentionally caused the collision; (2) the Plaintiffs suffered no injuries; (3) the Plaintiff's petition for damages constitutes a fraudulent misrepresentation under Louisiana law; and (4) the Defendants have suffered damages because of the Plaintiffs' misrepresentations. *Id*.; R. Doc. 13.

On July 11, 2018, the Plaintiffs filed a motion to dismiss the Defendants' counterclaim and a motion for sanctions which was granted. R. Doc. 14. The Court found that the claim was incompatible with an assertion that they justifiably relied on the Plaintiffs' alleged misrepresentations and was not legally cognizable. *Id*. at p. 8; *see* R. Doc. 37, p. 4.  On October 26, 2018 (two days after the Court issued its order), the Defendants for reconsideration because of newly discovered evidence which was later denied. They also filed a motion seeking leave to file an amended counterclaim. R. Doc. 22.

 In the mean time during the pendency of the reconsideration motion, the Defendants propounded a Second Set of [four additional] Interrogatories (now totaling 27 all together) even

though the fraud claim was dismissed seeking information relevant to evaluate potential bias in the Plaintiffs' witnesses based on the alleged relationship between the Plaintiffs' attorney and the Plaintiff's physicians. R. Doc. 42-1, p. 4; R. Doc. 40-1, p. 1.

Moreover, on December 18, 2018, the Defendants propounded a Third Set of [two additional] Interrogatories (now totaling 29 all together), a Fourth Set of Requests for Production, a Second Request for Admissions, and a more complete response to RFP No. 17. in their First Set of Requests for Production. The Interrogatories and Second Request for Admission seek, *inter alia*, the name of the persons associated with various phone numbers, as well as the phone number of Plaintiff Shirley Harris' ("Harris") "husband and/or significant other." The Fourth Set of Requests for Production seeks letters sent to Harris from Enterprise/Rental company regarding damages sustained in the accident. RFP No. 17 seeks Harris' social media information and documents related to the accident.

On February 14, 2019, the Defendants filed their Motion for Leave to Propound [ten (10)] Additional Interrogatories on the Plaintiffs (R. Doc. 40). In the motion they mainted that the facts show that the Plaintiffs intentionally caused the accident, that more than thirty (30) additional accidents (occurring on I-10 between from October 2015 and November 2018) exist involving 18-wheelers and people who are related to/known by the Plaintiffs, and that the additional interrogatories seek information regarding the nature and extent of Plaintiff's relationship/communication with the other claimants.[1]

The Plaintiffs oppose the motion, contending that the additional questions are only in relation to the fraud claim that has been twice been denied by this Court. R. Doc. 78-1, p. 1. Plaintiffs further contend that the additional interrogatories are burdensome, amount to

---

[1] The Defendants provided a table listing the case captions, plaintiffs, attorneys who represented the plaintiffs, dates, locations, and descriptions of the thirty additional accidents with alleged similarities. *Id.* at p. 2-3.

harassment, have no bearing to the case at hand, and do not show good cause under Federal Rule of Civil Procedure 26. *Id*. at p. 3. The Plaintiffs also requested a protective order to limit the interrogatories only to questions about the accident/collision in this case. *Id*. at p. 3-4.

On February 15, 2019, the Defendants filed their Motion to Compel Discovery Responses (R. Doc. 42) seeking an order compelling the Plaintiffs to respond to the Defendants Second Set of Interrogatories and for attorney's fees associated with bringing the motion. The Defendants again maintained that the facts indicate an ongoing relationship between the Plaintiff's attorneys and the Plaintiff's doctors, and that these interrogatories will allow them to explore bias on behalf of the Plaintiffs' witnesses.

The Plaintiffs replied that they do not have knowledge of the information requested, and that their counsel, Vanessa Motta ("Ms. Motta"), is not engaged in any referral fee arrangement with any physician. R. Doc. 79-1, p. 1. The Plaintiffs further contend that this accusation is slanderous to Ms. Motta and the physicians at issue, and that a protective order is necessary to prevent future defamatory and incorrect accusations. R. Doc. 79-1.

Four days later, the Defendants filed their Motion to Compel Discovery and Motion to Compel on More Complete Discovery Responses from Shirley Harris (R. Doc. 46) seeking an order compelling Plaintiff Shirley Harris to respond to the Defendants Third Set of Interrogatories, Second Request for Admissions, Fourth Set of Requests for Production, and a more complete response to RFP No. 17 from their First Set of Requests for Production. The Defendants also seek attorney's fees associated with bringing the motion. The Defendants stated that, on January 22, 2019, they requested a Rule 37 discovery teleconference with Harris to discuss her "delinquent" responses, and as a result of that conference (held on January 25, 2019), the Defendants permitted a two-week extension to respond, making Harris' responses due on February 8, 2019. However,

the Defendants contended that, as of the filing of their motion on February 19, 2019, Harris has not provided any responses and the deadlines have passed. *Id*.

Harris contends that, regarding RFP No. 17, no Rule 37 Conference was held and that the motion should be dismissed as a result of the Defendants' failure to comply. Moreover, Harris objected to the interrogatories, claiming that the newly propounded interrogatories were unduly burdensome, harassing, not likely calculated to lead to any discoverable and/or admissible evidence, and exceeded the allotted amount prescribed by the Federal Rules of Civil Procedure without leave of Court R. Doc. 81-2, p. 1. Harris did not address the Request for production in her Memorandum in Opposition.

## II.   <u>Standard of Review</u>

### A.  The Permissible Number of Interrogatories and Requests for Leave to Add More

Federal Rule of Civil Procedure 33(a)(1) provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

Rule 26(b)(1) provides that discoverable matters must be both "relevant" and "proportional" to the needs of the case. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Relevance focuses on the claims and defenses in the case, not its general subject matter. *Wittmann v. Unum Life Ins. Co. of Am.*, No. CV 17-90501, 2018 WL 3374164, at *2 (E.D. La. July 11, 2018). Proportionality includes analyzing the following six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed

5

discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *Wittmann*, 2018 WL 3374164 at *2.

Rule 26(b)(2) provides that, by order, the Court may alter the number of interrogatories permitted under Rule 33. Fed. R. Civ. P. 26(b)(2)(A); *see Stephens v. Fla. Marine Transporters, Inc.*, No. CV 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013). However, on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1).

### B.  Requests for Admission Under Rule 36

Federal Rule of Civil Procedure 36 governs requests for admission. *Hoffman v. Bailey*, No. CV 13-5153, 2017 WL 6264033, at *4 (E.D. La. May 12, 2017). Rule 36(a)(3) provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3). Moreover, regarding the effect of an Admission, Rule 36(b) provides: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

### C.  Rule 37 Motions to Compel and Requests for Attorney's Fees

Federal Rule of Civil Procedure Rule 37 permits parties to move for an order compelling discovery responses when the responding party fails to answer an interrogatory submitted under

Rule 33. Fed R. Civ. P. 37(a)(3)(B). The rule specifies that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id*. at 37(a)(4). The moving party "must include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. at 37(a)(1).

Rule 37 further also that, if a motion to compel discovery is granted, or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the opposing party, advising attorney, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A). If a motion is granted in part and denied in part, the court may issue a protective order under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *Id*. at 37(5)(C).

However, the Court must not order payment of attorney's fees if: (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(A).

## III.   Analysis

### A. The Defendants' Motion for Leave of Court to Propound Additional Interrogatories on Plaintiffs (R. Doc. 40).

The Defendants seek to obtain information regarding the nature and extent of Plaintiff's relationship and communication with the other claimants in other accidents who are allegedly biologically related. These claimants were involved in accidents, just like the Plaintiffs, involving 18-wheelers on Interstate 10 between October 2015-November 2018. R. Doc. 40-1, p. 2. However,

the Plaintiffs oppose the motion, contending that the additional interrogatories are only in relation to the fraud claim that has been twice been denied by the District Judge. R. Doc. 78-1, p. 1.

Here, the Defendants did not include the proposed interrogatories for the Court to review. However, Local Rule 7.4 provides that, regarding contested motions, "[i]f the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion." L.R. 7.4. Accordingly, the Court **DENIES** the Defendants' **Motion for Leave of Court to Propound Additional Interrogatories on Plaintiffs (R. Doc. 40)** for non-compliance with Local Rule 7.4.

### B.  The Defendants' Motion to Compel Discovery (R. Doc. 42)

On April 30, 2018, the Defendants propounded their First Set of [23] Interrogatories on the Plaintiffs. R. Doc. 40-1, p. 1. Additionally, on November 28, 2018, the Defendants propounded a Second Set of [4 additional] Interrogatories. R. Doc. 42-1, p. 4. The Second Set of Interrogatories seeks to explore bias on behalf of the Plaintiffs' witnesses regarding the alleged relationship between the Plaintiffs' counsel and the Plaintiffs' physicians. Moreover, this equates to twenty-nine (27) interrogatories total that were propounded to the Plaintiffs without leave of Court.

In addition to the 25-interrogatory limit imposed by Federal Rule of Civil Procedure 33, Local Rule 33.1 limits the number of interrogatories that may be served by one party on another party to 25. *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans (HANO)*, No. CV 15-1533, 2017 WL 1426933, at *3 (E.D. La. Apr. 21, 2017). "Because of the inherently expensive and burdensome nature of responding to interrogatories, Rule 33 'was amended in 1993 to reduce the frequency and efficiency of interrogatory practice since the device can be costly and may be used as a means of harassment.'" *Id.* (quoting *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (citing Advisory Committee's Note to the 1993 Amendment to Rule 33)). As such, the

party seeking leave to serve excess interrogatories must make a "particularized showing" to exceed the twenty-five-interrogatory limit. *Id.* (quoting *Duncan*, 204 F.R.D. at 128 (citing *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999))).

Here, the Defendants did not request leave to exceed the limit with a particularized showing. As such, the Defendants' **Motion to Compel Discovery (R. Doc. 42)** is **DENIED**.

## C. The Defendants' Motion to Compel Discovery and Motion to Compel More Complete Discovery Responses from Shirley Harris (R. Doc. 46)

### 1. *The Additional Interrogatories Propounded on Harris*

In addition to the 27 Interrogatories that were previously propounded, on December 18, 2018, the Defendants propounded a Third Set of [2 additional] Interrogatories on Plaintiff Harris. The Third Set of Interrogatories seek, *inter alia*, the name of the persons associated with various phone numbers, as well as the phone number of Plaintiff Harris' "husband and/or significant other." Harris has objected to this third Set of Interrogatories, claiming that they are unduly burdensome, harassing, not likely calculated to lead to any discoverable and/or admissible evidence, and exceed the allotted amount allowed by the Federal Rules of Civil Procedure without leave of Court.

Here, the Defendants again did not request leave to exceed the limit imposed by the federal and local rules. As such, the Defendants' **Motion to Compel Discovery and Motion to Compel More Complete Discovery Responses from Shirley Harris (R. Doc. 46)** is **DENIED** with respect to the interrogatories.

### 2. *RFP No. 17 from the Defendants' First Set of Requests for Production.*

RFP No. 17 provides requests in pertinent part, Harris' social media account information pertaining to the accident, Harris' injuries (including, but not limited to neck and back injuries, severe mental and physical injuries, inconvenience, and present and future mental/physical pain

and suffering), past, present, and future medical expenses/lost earnings, lost earning capacity, and loss of enjoyment of life. R. Doc. 46-7, p. 5.

Upon review, RFP No. 17 does not provide the specific social media sites that the Defendants seek documents from. However, during oral arguments, the Defendants informed the Court that RFP No. 17 was intended to be tailored to Harris' Facebook and Instagram pages. The Defendants further contended that after RFP No. 17 was initially propounded, the Plaintiffs' original counsel, Jason Baer, sent objections (based on overbreadth, harassment, and seeking information outside the scope of discovery) and later withdrew as their counsel. As a result, the Defendants contend that, because they were not satisfied with the response, they held a Rule 37 conference with Plaintiffs current counsel, Ms. Motta, where she stated that she would obtain and provide the information to RFP No. 17. The Defendants then pointed to emails attached in their motion (dated January 25, 2019) where they stated that they had a Rule 37 conference with the Plaintiffs regarding RFP No. 17. The Defendants also included a Rule 37 certificate to their motion. R. Doc. 46-3.

However, Ms. Motta stated that in their conversation, she never said she would provide a response to RFP No. 17. Rather, she stated that she would look at Mr. Baer's previous response. Ms. Motta further stated that she maintained the previous objections and that the parties never had another conversation regarding RFP No. 17.

Rule 37's duty to confer is analyzed on a case by case basis. *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apartments, LLC*, No. CV 15-6406, 2016 WL 6157534, at *2 (E.D. La. Oct. 24, 2016). Courts usually require some attempt at a live conference between the parties. *Herrera v. State Farm Lloyds*, No. 5:15-CV-151, 2015 WL 13678720, at *2 (S.D. Tex. Dec. 3, 2015). However, the plain language of Rule 37 does not mandate that the discovery

conference take a particular form or that the certification be presented in a particular manner. *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. CIV.A. 10-1483, 2012 WL 5289370, at *2 (E.D. La. Oct. 24, 2012); *S. Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. CIV.A. 11-2715, 2013 WL 1196604, at *3 (E.D. La. Mar. 22, 2013); *Gautier v. Plains Bros. Pipeline, LP*, No. CIV.A. 12-1064, 2013 WL 1787559, at *3 (E.D. La. Apr. 25, 2013). Moreover, Rule 37 does not specify that the movant must be the party that institutes the conference. *J.M. Smith Corp.*, 2012 WL 5289370, at *2.

Courts in this jurisdiction have also held that technical compliance with Rule 37 can be overridden when the circumstances warrant. *S. Louisiana Ethanol, L.L.C.*, 2013 WL 1196604, at *3; *see Robinson v. LA Dock Company, LLC*, No. 99-1996, 2000 WL 1059860, at *2-*3 (E.D. La., Aug. 1, 2000) (Roby, M.J.) (finding that failure to hold an initial conference did not warrant dismissal of the motion where nonmovant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile). Courts can consider the "contentious history" of the litigants, as well as whether "court intervention is necessary regarding this discovery dispute to avoid any delay and to further the interests of justice." 2013 WL 1196604, at *3 (citing *In re Miller*, No. BR 10-25453-MER, 2012 WL 2953111, at *8 (Bankr. D. Colo. July 19, 2012) *aff'd in part sub nom. Miller v. Deutsche Bank Nat. Tr. Co.*, No. 12-CV-03279-PAB, 2013 WL 4776054 (D. Colo. Sept. 4, 2013), *aff'd sub nom. In re Miller*, 577 F. App'x 849 (10th Cir. 2014)). Such an approach has been used to "avoid any remote possibility of prejudice." *Id*. (quoting *Freydl v. Meringolo*, No. 09 CIV 07196 BSJ-KNF, 2011 WL 134972, at *3 (S.D.N.Y. Jan. 7, 2011)).

The Court notes that the emails provided in Defendants motion do not recount any part of their conversation. Moreover, the emails do not provide that the scope of RFP No. 17 was discussed or that Ms. Motta would provide the information. Instead, the email merely quotes RFP No. 17 in full and provides a two-week extension. Therefore, based on the parties' representations, the Court found that a true Rule 37 conference discussing the scope of the requested information or what to produce was not held by the parties. Further based on the fact that the parties could not agree as to what was relevant on Harris' Facebook and Instagram page, the Court ordered the parties to sit down during the oral arguments and discuss the scope of RFP No. 17.

The parties followed the Court's instructions and agreed to the following production of Facebook and Instagram information for all of the Plaintiffs between April 24, 2017 - present:

> Messages, comments, posts, timeline, videos, and photos of Shirley Harris or about/regarding Shirley or made by Shirley regarding:
> 1) Accident and/or scene
> 2) Property damage
> 3) Other accidents
> 4) Injuries
> 5) Vacationing, for example Cozumel and waterpark
> 6) Carrying anything over 10 pounds
> 7) Extracurricular activities
> 8) Unorthodox postures or positions
> 9) Surge day out
> 10) Dancing
> 11) House work
> 12) Cutting grass

As such, given that the parties have now held a Rule 37 conference and agreed to the aforementioned production, the Defendants' motion is **DENIED** as **MOOT** regarding RFP No. 17.

### 3. *The Defendants Fourth Set of Requests for Production of Documents.*

In the Defendants' Fourth Set of Request for Production of Documents, propounded on December 18, 2018, there is only one RFP at issue that provides: "Please produce a copy of any

and all Enterprise/Rental company letter(s) regarding property damages sustained in the accident identified during your deposition on October 19, 2018." R. Doc. 46-4. The Defendants accurately assert that, pursuant Rule 34, Harris' response was due thirty (30) days later on January 17, 2019. R. Doc. 46-1, p. 2. The Defendants further contend that, on January 22, 2019, they requested a Rule 37 discovery teleconference with Harris. *Id*. at p. 3. As a result of that conference, the Defendants contend that they permitted a two-week extension to respond, making Harris' responses due on February 8, 2019. *Id*. The Defendants contend that, as of the filing of their motion on February 19, 2019, Harris has not provided any responses and the deadlines have passed. *Id*.

Harris does not address this RFP in her Memorandum in Opposition. However, Harris attached a copy of her response, showing that on March 1, 2019 (well after the deadline), she answered RFP No.1 stating: "None in my possession." Harris did not make any further objections or responses.

The Court finds that Harris' response, although untimely, was sufficient. Accordingly, the Defendants' motion is **DENIED** regarding their Fourth Set of Request for Production of Documents because a response has been provided.

### 4. *The Defendants' Second Request for Admissions 7 Harris' Untimely Response*.

On December 18, 2018, the Defendants propounded a Second Request for Admissions to Harris. R. Doc. 46-1, p. 2. The Defendants again contend that Harris did not provide the responses by the January 17, 2019 deadline or the February 8, 2019 extension. *Id*. The Defendants further contend that as of the filing of this motion, Harris has not provided any responses. *Id*.

Harris argues that she did respond to the Defendants' Request for Admissions and that this should be a moot issue. R. Doc. 81-1, p. 1.

The evidence shows that the Second Request for Admissions were not responded to until March 1, 2019, well after the deadline and extension. It is a matter of law that the requested matters are deemed admitted and conclusively established without order of the Court. *See Landry v. Lafourche Par. Det. Ctr.*, No. CIV.A. 12-2092, 2014 WL 198160, at *6 (E.D. La. Jan. 16, 2014). Therefore, the Requests for Admissions are **MOOT**.

### D.  The Defendants' Requests for Attorney's Fees

The two motions to compel also contained a request for attorney's fees. In determining whether an opposing party's nondisclosure, response, or objection was substantially justified, the Supreme Court has clarified that "substantially justified does not mean 'justified to a high degree.' Rather, it means justified in substance, or that there is a genuine dispute." *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 4 (D.D.C. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. CV 15-5265, 2017 WL 448575, at *4 (E.D. La. Feb. 1, 2017).

The Court finds that other circumstances make the award of attorney's fees unjust. The Here, the motion regarding the Second Request for Admissions was not required by law. Additionally, the request to compel responses to the interrogatories was not justified because leave authorizing the defendants to propound additional interrogatories was not granted. Furthermore, RFP No. 17 has been resolved during the argument, and Harris did not have any responsive Enterprise documents. Accordingly, the Court **DENIES** the Defendants' requests for attorney's fees for both motions.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion for Leave of Court to Propound Additional Interrogatories on Plaintiffs (R. Doc. 40)** is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendants' **Motion to Compel Discovery Responses (R. Doc. 42)** is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendants' **Motion to Compel Discovery and Motion to Compel More Complete Discovery Responses from Shirley Harris (R. Doc. 46)** is **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS DENIED** regarding the Interrogatories.

- **IT IS DENIED** as **MOOT** regarding RFP No. 17.

- **IT IS DENIED** regarding their Fourth Set of Request for Production of Documents.

- **IT IS DENIED** regarding their Second Request for Admissions, and under operation of law, the requested matters are deemed admitted and conclusively established without involvement of the Court.

**IT IS FURTHER ORDERED** that the Defendants' requests for attorneys' Fees is **DENIED**.

New Orleans, Louisiana, this <u>19th</u> day of March 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**