UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIERRA THOMAS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    18-4373** |
| **RANDALL CHAMBERS, ET AL** | **SECTION: "R" (4)** |

**ORDER & REASONS**

Before the Court is a **Motion for Leave of Court to File Supplemental and Amending Answer (R. Doc. 33)**, filed by the Defendants Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (collectively "the Defendants"), seeking an order granting them leave to file an amended answer to the Plaintiffs' Petition for Damages. The Plaintiffs did not consent to the filing of this pleading. Nor have they filed an opposition.

**I.    Background**

Due to extensive motion practice in this case, the background facts have been set forth in previous orders. Therefore, the Court will forego providing a summary of the background facts, and instead will provide the facts pertinent to the motion at hand.

On April 6, 2018, the Plaintiffs, Kierra Thomas, Shirley Harris, and Antoine Clark, filed a personal injury lawsuit for a motor-vehicle collision in Orleans Parish against the Defendants in the Civil District Court for the Parish of Orleans, Louisiana. R. Doc. 1. On April 27, 2018, the Defendants removed the case to the United States District Court for the Eastern District of Louisiana. *Id.* The Court issued a Scheduling Order on May 31, 2018, which provides in pertinent part: "Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than **JULY 2, 2018**." R. Doc. 9, p. 1.

On July 3, 2018, the Defendants filed a counterclaim against the Plaintiffs alleging that the Plaintiffs intentionally caused the collision and that they suffered no injuries as a result of the

1

accident. R. Doc. 20, p. 3. The Defendants further claimed that the Plaintiffs' petition for damages constitutes a fraudulent misrepresentation under Louisiana law. *Id*. On July 11, 2018, the Plaintiffs filed a motion to dismiss this counterclaim and a motion for sanctions, alleging that the counterclaim was frivolous. *Id*.

On October 24, 2018, the District Judge dismissed their counterclaim with prejudice, holding that the counterclaim was not legally cognizable and failed to satisfy Rule 12(b)(6) because the Defendants did not allege that they justifiably relied on the Plaintiffs' alleged misrepresentations. *Id*. at 6-8. However, two days after the District Judge issued her Order, the Defendants moved for reconsideration of her Order and filed a subsequent Motion for Leave to file a Supplemental and Amending Counterclaim (stating that they recently uncovered new evidence of thirty (30) similar accidents involving the Plaintiffs' relatives/associates with similar facts that occurred on Interstate 10, which supports their fraud claim). R. Doc. 21.

Moreover, on January 14, 2019 (approximately two months before the discovery deadline and three months after the District Judge denied the counterclaim with prejudice), the Defendants filed the instant Motion for Leave to File Supplemental and Amending Answer, where they wish to assert: (1) the accident at issue was intentionally caused by the Plaintiffs; and (2) an affirmative defense that the Plaintiffs "conspired to cause and/or stage this incident," and that Plaintiffs are "presenting a fraudulent claim arising out of the subject incident." R. Doc. 33-1, p. 2. The Defendants again claim that they discovered evidence of thirty (30) similar accidents on Interstate 10 and/or 610 in the New Orleans area with similar factual scenarios to the alleged accident at issue. *Id*. The Defendants contend that this will not prejudice the Plaintiffs because the deadlines set forth in the scheduling order will not be affected. *Id*. at 3. The Defendants further contend that the Plaintiffs are already on notice of the substantive allegations made in the amended answer because they were outlined in numerous pleadings that have been previously submitted. *Id*.

On February 7, 2019, the District Judge denied the Defendants' motion for reconsideration and motion for leave to file an amending counterclaim, holding: (1) the newly discovered facts would not change the outcome of the Court's Order dismissing their fraud claim; and (2) the deficiency from their first counterclaim had not been cured in that the Defendants' factual assertions were still incompatible with a claim for delictual fraud under Louisiana law. R. Doc. 37, p. 7-10.

## II.     Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *see Martin Energy Servs., LLC v. M/V BOURBON PETREL, et al.*, No. CV 14-2986, 2018 WL 4775067, at *3 (E.D. La. Oct. 3, 2018).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Martin Energy Servs., LLC*, 2018 WL 4775067, at *3 (quoting *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002))). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Id*. (quoting *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994)).

3

Moreover, "[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)); *see* 2018 WL 4775067, at *3. Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* 2018 WL 4775067, at *3.

**III. Analysis**

    **A. Good Cause**

A Scheduling Order was issued on May 31, 2018, which provides: "Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than **JULY 2, 2018**." R. Doc. 9, p. 1. However, the Defendants have requested leave to file an amended answer on January 14, 2019, approximately six months after the scheduled deadline. R. Doc. 33.

To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." 2018 WL 4775067, at *3 (citing *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536)). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *Id.* (citing *S&W Enterprises*, 315 F.3d at 536).

    *1. The Movant's Explanation for its Failure to Timely Move for Leave to Amend*

The Defendants have not provided an explanation for their failure to timely file an amended answer. The Defendants state that they have "uncovered evidence of more than 30 other accidents with similar factual scenarios to the alleged accident at issue. These similar questionable facts

4

include alleged accidents on Interstate 10 and/or 610 in the New Orleans area." However, this information is not new. In fact, the Defendants have held a large portion of this information in their possession since October 26, 2018 when they filed their Motion to Alter Judgment (asserting that they recently discovered new facts and evidence supporting their counterclaim for fraud and that the Plaintiffs intentionally struck the vehicle operated by Defendant Chambers). R. Doc. 21. The Defendants have admitted that the substantive allegations have been previously set forth in prior pleadings. However, the Defendants do not provide an explanation for why they waited until January 14, 2019 to move for leave to amend their answer when they have had a bulk of this information in their possession for months preceding the filing this motion. This factor weighs against good cause.

### 2. *The Importance of the Amendment*

The Defendants' proposed amendments include that: (1) the accident at issue was intentionally caused by the Plaintiffs; and (2) the defendants wish to assert the affirmative defense of fraud. Allegations of fraud are certainly serious. *Marquette v. S. Fid. Ins. Co.*, No. CIV.A. 14-2311, 2015 WL 5083617, at *3 (E.D. La. Aug. 26, 2015). However, given that the District Judge has now twice denied the Defendants counterclaim asserting the same fraud as alleged in the proposed amendments, it stands to reason that the importance of the amendment is lessened and does not impact the Defendants' ability to defend their case. This factor weighs against good cause.

### 3. *The Potential Prejudice in Allowing the Amendment & The Availability of a Continuance to Cure the Prejudice*

The Defendants contend that this amendment would not prejudice the Plaintiffs because it will not affect the deadlines set by the Scheduling Order. Moreover, the Defendants argue that the Plaintiffs' are on notice because the substantive allegations against them in the amended answer have been set forth in other previous pleadings.

5

Generally, affirmative defenses must be presented in the answer. Fed. R. Civ. P. 8(c)(1); *see Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 553 (5th Cir. 2013). Even so, if the defense is later presented "in a manner that does not result in unfair surprise[,] ... technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* (quoting *Allied Chem. Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir.1983)). The defense may be considered if it was raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (quoting 695 F.2d at 856).

Here, although the Defendants' motion for leave to amend was filed approximately two (2) months before the discovery deadline[1], the Defendants have attempted to assert their fraud claim several times. Thus, this would not constitute unfair surprise to the Plaintiffs. This factor weighs in favor of good cause modification. Moreover, since there is no prejudice, the availability of a continuance to cure the prejudice is not a factor.

The Court notes that two of the factors weigh in favor of modification, while the other two factors weigh against modification. Accordingly, in the interest of justice, the Court will consider the Defendants' Motion under Rule 15.

### B. Rule 15(a)

The Defendants' proposed amendments state that the accident at issue was intentionally caused by the Plaintiffs, and provide the following affirmative defense of fraud:

> Defendants submit that Plaintiffs' were aware of other similar claims brought by or on behalf of his neighbors, relatives, and associates involving disputed liability sideswipe type collisions with commercial vehicles. Plaintiffs conspired to cause and/or stage this incident. On or about April 24, 2017, Plaintiffs did in fact cause and/or stage this accident. They are now presenting a fraudulent claim arising out of the subject incident.

R. Doc. 33-4. P. 9.

---

[1] *See Fairley v. ART Catering, Inc.*, No. CV 16-3488, 2017 WL 6994538, at *3 (E.D. La. Sept. 20, 2017) (holding that the proposed amendment filed three months before the discovery deadline would cause prejudice).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Martin Energy Servs., LLC*, 2018 WL 4775067, at *3 (quoting *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002))). However, notwithstanding that liberal amendment policy, whether to grant leave to amend is within a court's discretion, and denial of leave to amend is proper when the amendment would be futile. *See Fenghui Fan v. Brewer*, 377 F. App'x 366, 368 (5th Cir. 2010) (affirming judgment when district court denied leave to amend based on futility); *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (defining futility "to mean that the amended complaint would fail to state a claim upon which relief could be granted"); and *Muse v. Nat'l Flood Ins. Program*, No. CV 17-10586, 2019 WL, at *3 (E.D. La. Feb. 28, 2019) (affirming the Magistrate Judge's order denying the plaintiffs' motion for leave to amend based on futility).

Here, the Defendants' proposed fraud defense is subject to the heightened pleading requirement in Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *see Thomas v. Chambers*, No. CV 18-4373, 2018 WL 5279122, at *2 (E.D. La. Oct. 24, 2018), *reconsideration denied*, No. CV 18-4373, 2019 WL 485781 (E.D. La. Feb. 7, 2019). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Thomas*, 2018 WL 5279122, at *2. The Fifth Circuit "interprets Rule 9(b) strictly, requiring the [complaining party] to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *see* 2018 WL 5279122, at *2. In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc.*

7

*v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)); see 2018 WL 5279122, at *2.

Here, as with their counterclaim, the Defendants fail to state any facts in support of their conclusory allegation that the Plaintiffs intentionally caused the automobile collision. 2018 WL 5279122, at *3. The Defendants do not provide any information as to who initiated the alleged conspiracy, when the alleged conspiracy was created, and how the accident was allegedly staged. They merely state very generally that the Plaintiffs conspired to cause the accident, in fact caused the accident, and are now presenting a fraudulent claim. Thus, the Defendants fell well short of their obligation to "set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d at 1068; *see also* Fed. R. Civ. P. 9(b) (complaining party "must state with particularity the circumstances constituting fraud"); *see further* 2018 WL 5279122, at *3. Therefore, because the Defendants have failed to properly allege fraud, the Court **DENIES** the motion based on futility.

**IV.   Conclusion**

**IT IS ORDERED** that the Defendants' **Motion for Leave of Court to File Supplemental and Amending Answer (R. Doc. 33)** is **DENIED**.

New Orleans, Louisiana, this 5th day of April 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

8