UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIERRA THOMAS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-4373 |
| RANDALL CHAMBERS, ET AL. | SECTION "R" (4) |

### ORDER AND REASONS

Defendants move to extend the discovery deadline to issue subpoenas to two of plaintiff Antoine Clark's employers.[1]  Defendants have not shown good cause for an extension of the Court's deadline, and their motion is therefore denied.

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is

---

[1]  R. Doc. 143.

exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)). In the Fifth Circuit, courts weight four factors when deciding whether to modify a scheduling order: (1) the party's explanation for its failure to timely act within the deadlines set by the court; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., LLC*, 315 F.3d at 536.

Defendants argue that an extension of the discovery deadline is warranted because of a disclosure plaintiffs made during a settlement conference after the deadline had passed. Plaintiffs allegedly revealed that Clark had recently been fired from his position as a merchandiser for 5440 Pepsi, LLC, because his back injury—which he allegedly sustained during the car wreck at the center of this litigation—forced him to sit while he was supposed to be working.[2] Clark testified during his deposition that he was fired from Pepsi because he was sitting down while on the clock, but Clark

---

[2]  R. Doc. 143-1 at 2.

did not specifically connect his termination to his back injury.[3] Plaintiffs also allegedly revealed for the first time the name of Clark's current employer—Reinhart Foodservice of Louisiana, LLC.[4] Plaintiffs did not disclose Clark's current employer in response to defendants' interrogatory requesting Clark's employment information.[5] Plaintiffs objected to the interrogatory, stating that "Mr. Clark is not pursuing a lost wage claim."[6] Defendants now seek to subpoena Pepsi and Reinhart for information regarding the circumstances of Clark's termination from Pepsi, and information relating to his job duties at Reinhart.

Defendants have not shown good cause to modify the discovery deadline. Defendants have not adequately explained their delay in seeking this information from plaintiffs; nor have they shown the importance of the requested modification.

First, Clark testified in October 2018 that he was fired from his position at Pepsi because he was sitting down while he was supposed to be working.[7] Defendants should have been aware after this testimony that Clark's termination may have been connected to his alleged injuries. They therefore

---

[3] R. Doc. 143-3 at 3.
[4] R. Doc. 143-1 at 1.
[5] R. Doc. 143-2 at 2.
[6] *Id.*
[7] R. Doc. 143-3 at 3.

3

could have taken steps within the discovery deadline to seek information related to Clark's termination. Defendants also could have moved to compel plaintiffs to disclose Clark's employment records—which would have revealed his current employment at Reinhart—after plaintiffs refused to provide that information in response to defendants' interrogatories. Defendants have filed numerous other motions to compel in this matter, but they never sought this information.[8] Defendants do not explain why they failed to take these steps within the deadline set by the Court's scheduling order.

Second, defendants fail to show the importance of the information they seek. Plaintiffs responded to defendants' interrogatory by stating that "Mr. Clark is not pursuing a wage loss claim."[9] This response contradicts plaintiffs' petition for damages, where Clark does in fact state a claim for lost earnings and loss of earning capacity.[10] But plaintiffs' statement in their response to defendants' interrogatories operates as a judicial admission and a waiver of Clark's claims for lost wages and loss of earning capacity. "A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver." *Martinez v.*

---

8 R. Doc. 42; R. Doc. 46; R. Doc. 59.
9 R. Doc. 143-2 at 2.
10 R. Doc. 1-4 at 6 ¶ 21.

4

*Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (plaintiff's counsel's statement during deposition that plaintiff was "waiving any physical injury claims" was a "judicial admission, which could not be contradicted by affidavit or otherwise"); *see also Mills v. City of Bogalusa*, No. 13-5477, 2016 WL 2619752, at *12 (E.D. La. May 5, 2016) (finding that statements made in an answer to interrogatories waiving certain claims operated as a judicial admission). Thus, although the circumstances of Clark's termination from Pepsi may be important to a lost wages claim, Clark has waived that claim. Defendants have not explained how the information they seek is so important to Clark's claim for pain and suffering damages that it warrants a modification of the Court's scheduling order three and a half weeks before trial.

    Defendants' motion is therefore DENIED.

    New Orleans, Louisiana, this __8th__ day of April, 2019.

                                 _____Sarah Vance_____
                                     SARAH S. VANCE
                           UNITED STATES DISTRICT JUDGE