# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIERRA THOMAS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4373** |
| **RANDALL CHAMBERS, ET AL** | **SECTION: "R" (4)** |

## ORDER

Before the Court is a **Motion to Quash and for Protective Order (R. Doc. 38)**, filed by specially-appearing parties Medport LA and Sean Alfortish, seeking to quash a corporate deposition subpoena issued by the Defendant's under Rule 30(b)(6), for a protective order under Rule 26(c), and for sanctions against the Defendants. The motion is opposed. R. Doc. 44. The motion was heard with oral arguments on February 27, 2019. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Due to extensive motion practice in this case, the background facts have been set forth in previous orders. Therefore, the Court will forego providing a summary of the background facts, and instead will provide the facts pertinent to the motion at hand.

On April 6, 2018, the Plaintiffs, Kierra Thomas, Shirley Harris, and Antoine Clark, filed a personal injury lawsuit for a motor-vehicle collision against Defendants Randall Chambers, God's Way Trucking, LLC, and Canal Insurance Company (collectively "the Defendants") in the Civil District Court for the Parish of Orleans, Louisiana. R. Doc. 1. On April 27, 2018, the Defendants removed the case to the United States District Court for the Eastern District of Louisiana. *Id*.

The Defendants now assert that the accident did not occur or was staged, and that more than 30 other automobile collisions involving the Plaintiffs' relatives/associates exist with similar factual scenarios. R. Doc. 44. p, 2. The Defendants further claim that connections between the

1

cases exist, including common medical financing companies such as Medport, LA ("Medport"). *Id.* at p. 4. Medport is organized under Nevada law and its headquarters is located in Las Vegas, Nevada. R. Doc. 38-1, p. 3. Further, Medport purchased certain accounts receivable from medical providers that treated Harris and Clark after the collision. *Id*. Medport also purchased payment accounts from Total Medical Concepts, LLC ("TMC") for Thomas and Harris. *Id*.

On November 29, 2018, the Defendants served a corporate deposition subpoena under Federal Rule of Civil Procedure 30(b)(6) on Sean Alfortish ("Alfortish"), an independent contractor/sales representative of Medport. *Id*. at p. 4, 5. The subpoena was served on Alfortish "individually and in capacity as a representative of Medport LA" and commanded Mr. Alfortish to appear for a deposition in New Orleans, Louisiana on February 19, 2019. R. Doc. 38-1, p. 4.; *see* R. Doc. 38-2, p, 1.

On February 12, 2019, Medport and Alfortish filed a motion to quash the deposition subpoena, claiming that the subpoena did not comply with Rule 30(b)(6) for the following reasons: (1) the Defendants do not describe with particularity the matters for examination; (2) the Defendants do not have the right to unilaterally select Alfortish as Medport's corporate representative; and (3) Alfortish was not the correct person to receive service for Medport.[1] R. Doc. 38, p. 1-2. Additionally, Medport contends that the subpoena is procedurally deficient because a witness and mileage fee was not tendered to Mr. Alfortish upon service in accordance with Rule 45(b). *Id*.

---

[1] Medport and Alfortish also contend that the subpoena at issue is one of seven subpoenas issued by the Defendants for this case (and roughly the twenty-third subpoena issued to Medport in the last two months for three other personal injury cases pending in this Court) R. Doc. 38, p. 1-2.

Medport and Mr. Alfortish also contended that the corporate deposition must be in or around Las Vegas, Nevada, and the information sought in the subpoena is not proportional to the needs of the case and is unduly burdensome. *Id*.

Medport and Alfortish further requested a protective order to prohibit Alfortish from testifying "individually and in capacity as a representative of Medport LA," and to prevent the Defendants from issuing further subpoenas. *Id*. Moreover, also requests sanctions against the Defendants and their counsel, including attorney's fees, lost earnings, and costs for failing to avoid undue burden or expense under Rules 26 and 45. *Id*. at p. 2.

The Defendants filed an opposition on February 19, 2019, claiming that the motion is moot because they voluntarily withdrew their request for a Rule 30(b)(6) deposition prior to the filing of the motion at issue (on the day that the motion was filed), and that the only remaining issue is whether the deposition of Mr. Alfortish in his individual capacity should proceed. R. Doc. 44, p. 1, n. 2.

## II. **Standard of Review**

Federal Rule of Civil Procedure 30(b)(6) provides: "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." The rule further states: "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

## III. <u>Analysis</u>

### A. The Defendants' Improper 30(b)(6) Deposition Notice

Medport contends that the Defendants improperly served the 30(b)(6) corporate deposition subpoena for the following reasons: (1) Mr. Alfortish was not the correct person to receive service for Medport; (2) the Defendants do not have the right to unilaterally select Mr. Alfortish as Medport's corporate representative; (3) the Defendants do not describe with particularity the matters for examination; and (4) the subpoena is procedurally deficient because a witness and mileage fee was not tendered to Mr. Alfortish upon service in accordance with Rule 45(b). R. Doc. 38, p. 1-2.

Medport further contends that the Defendants "plainly seek" to obtain corporate testimony from Medport, given that the Subpoena is directed to Alfortish "individually and in capacity as a representative of Medport." *Id*. at p. 1.

The Defendants contend that the motion should be denied as moot because the Defendants verbally withdrew the subpoena on February 12, 2019, when they called Medport to state that they only wanted to depose Alfortish in his individual capacity. The Defendants further argue that the only issue before the Court is whether Alfortish should be deposed in his individual capacity. *Id*.

The Court holds that the Defendants did not comply with Rule 30(b)(6). The Defendants did not name Medport as the deponent and "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Rather, the Defendants named Alfortish as the deponent and stated that they wished to depose him "individually and in capacity as a representative of Medport LA." This is wholly improper and Medport is correct that the Defendants do not have the right to unilaterally select Alfortish as their corporate representative.

Additionally, although the Defendants contended in their pleadings and during oral arguments that they withdrew the subpoena via a telephone conversation with Medport on the day the motion was filed, the Defendants did not provide or send any written correspondence stating that the subpoena at issue was in fact withdrawn. The Court finds that the Defendants did not effectively withdraw the subpoena. Accordingly, the Court grants Medport and Alfortish's Motion to Quash.

**B. Alfortish's Request for Attorney's Fees and a Protective Order**

Medport requested a protective order pursuant to Rule 26(c) that forbids Alfortish's deposition and precludes Defendants from issuing any future subpoenas to Medport in this case. Medport argues that they have incurred a substantial burden based on the number of subpoenas that have been issued to them by the Defendants (seven subpoenas in this case, and twenty-three subpoenas in three other personal injury cases pending in this Court). Medport also requested attorneys' fees and costs pursuant to Rule 26(c)(3), and sanctions pursuant to Rule 45(b) for the Defendants' failure to avoid undue burden/expense.

The Defendants contend that most of the subpoenas mentioned were issued in separate lawsuits involving different defendants and plaintiffs. R. Doc 44, p. 15. However, in this litigation, the Defendants contend that they only essentially issued three subpoenas to Medport – one for each plaintiff. *Id*. at p. 14. Additionally, the Defendants contended during oral arguments that, because they attempted to withdraw the subpoena prior to the filing of the motion, they should not be sanctioned and/or ordered to pay attorney's fees and costs.

Rule 26(c) governs the issuances of Protective Orders in discovery. *Santos-Lemos v. Tasch, LLC*, 313 F. Supp. 3d 717, 719–20 (E.D. La. 2018). A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c)(1); *See Santos-Lemos*, 313 F. Supp. 3d at 719–20. The rule offers a variety of potential options that the Court may use to protect the moving party. Fed. R. Civ. P. 26(c)(1)(A)-(H); 313 F. Supp. 3d at 719–20. "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]'" 313 F. Supp. 3d at 719–20 (quoting *Cazaubon v. MR Precious Metals, LLC*, 14–2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998))).

The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."); 313 F. Supp. 3d at 720. Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference. *Id*.

First, Medport and Alfortish have included a Rule 26 certificate. Further, on the day that the motion was filed, the parties discussed the subpoena, the alleged withdrawal of the subpoena, and whether the deposition of Alfortish as an "individual" should proceed. Accordingly, the Court finds that Medport and Alfortish have met Rule 26(c)'s requirements for requesting a protective order.

Second, regarding Medport's request for a protective order to prevent the Defendants' from issuing future subpoenas to it in this case, the Court cannot issue a protective order against prospective subpoenas. Third, regarding Medport's request for a protective order to prevent

Alfortish from testifying as Medport's corporate representative, the subpoena has been quashed due to the Court's Order. Accordingly, Medport's request for a protective order is **DENIED**.

Regarding Medport and Alfortish's request for attorney's Fees, Rule 37(a)(5)(A) (via Rule 26(c)(3)) provides: "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In determining substantial justification, the Supreme Court has clarified that "substantially justified does not mean 'justified to a high degree.' Rather, it means justified in substance, or that there is a genuine dispute." *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 4 (D.D.C. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. CV 15-5265, 2017 WL 448575, at *4 (E.D. La. Feb. 1, 2017).

Having already determined that Medport and Alfortish made a good faith attempt to resolve the dispute without court intervention, the Court will address the second and third factors. Regarding substantial justification, the Court finds that there was a genuine dispute as Medport contended that, despite the Defendants' representations of wanting to depose Alfortish individually, the Defendants were in fact attempting "back-door" a corporate deposition through Alfortish. Moreover, the Court does not find that any other circumstances make the award of attorneys' fees unjust. Therefore, Medport and Alfortish's request for attorneys' fees and costs associated with the motion pursuant to Rule 26(c)(3) and Rule 37(a)(5)(A) is **GRANTED**.

Regarding Medport's request for sanctions under Rule 45, Rule 45 provides that, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction –which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Here, although the Court finds that an award of attorney's fees and costs associated with the Motion under Rule 37 is appropriate, the Court will decline to sanction the Defendants under Rule 45 for lost earnings. Accordingly, Medport's request for sanctions is **DENIED**.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Medport and Alfortish's Motion to Quash and for Protective Order (R. Doc. 38) is **GRANTED IN PART** and **DENIED IN PART**:

**IT IS GRANTED** with respect to Alfortish's 30(b)(6) deposition subpoena, and Alfortish's 30(b)(6) deposition subpoena is hereby **QUASHED**.

**IT IS DENIED** with respect to Medport and Alfortish's request for a Protective Order.

**IT IS DENIED** with respect to Medport and Alfortish's request for sanctions under Rule 45.

**IT IS GRANTED** with respect to Medport and Alfortish's request for attorney's fees and costs under Rule 26 and Rule 37.

**IT IS FURTHER ORDERED** that Medport and Alfortish shall have file a motion to fix attorney fees into the record by **April 10, 2019**, along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the

documentation required by Local Rule 54.2. Any opposition shall be filed no later than **April 16, 2019**. The motion shall be set for hearing on **April 17, 2019**, to be heard without oral argument.

New Orleans, Louisiana, this 9th day of April 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**