UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERRA THOMAS** | * | **CASE NO: 18-cv-4373** |
| **ANTOINE CLARK,** | * | |
| **AND SHIRLEY HARRIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **RANDALL CHAMBERS,** | * | |
| **GOD'S WAY TRUCKING, LLC** | * | **MAG. KAREN WELLS ROBY** |
| **CANAL INSURANCE COMPANY** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS SUPPLEMENTAL MEMORANDUM IN SUPPORT TO SET EXPERT FEES OF STANFORD MCNABB FOR DEPOSITION AND TRAVEL EXPENSES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Kierra Thomas, et al who respectfully move this Court to set the Expert Fees of Mr. Stanwood McNabb who has held himself out as an expert in life care planning.

Defense counsel tries to lure this court into an argument that this Court does not hold any subject matter over this dispute because Plaintiff counsel has misrepresented to the courts or held back information concerning Defendant's claim of breach of contract. This claim by the Defendant is patently false.

Plaintiff's counsel specifically stated on page 3 in the Memorandum in Support to Set Expert Fees, that Plaintiff signed a contract. The signing the contract is not the issue at hand, and Defendant has missed the whole issue before this Court by trying to allege any contractual issue.

Defendant states this issue is a breach of contract and not a Motion to set Fees. Defendants do not issue any law or facts applying to their memorandum, they simply try to not have this Court set the fees of the purported expert, Mr. McNabb by stating the issue between the parties should

1

be viewed as a Breach of Contract. Defendant ignores all case law and power of the court and the presiding Judge to set the fees of an expert and whether or not the fees were reasonable.

Nevertheless, because of Defendant's new representations to the court, Plaintiff provides this supplemental motion to address the facts and law of Defendant's flawed argument.

### *Supplemental Issue:*

The issue first and foremast is exorbitant and ridiculous amount of fees for McNabb's testimony deposition **and** Mr. McNabb's attempt to charge $1,200.00 per hour for his travel time when neither of the parties discussed nor agreed upon any location. These facts as stated are indisputable. Defendant attempts to ignore these facts and simply try to get this matter before a state court judge in Lafayette by claiming this is a breach of contract and instead have the state judge determine the issue and the amount of money Mr. McNabb wants to obtain from Plaintiffs and their counsel. There was no valid contract for multiple reasons the main ones being Error/Mistake and Ambiguities in the Contract which are to be construed against the maker of the contract, in this case the Defendant.

### *Rule*

Under Louisiana law, four elements are necessary to form a valid, enforceable contract: (1) capacity, (2) consent, (3) object, and (4) cause.[1] When one of these requirements is at issue to determine whether a valid contract has been entered, the dispute generally focuses on consent, i.e., whether a valid offer and acceptance have been made by the parties.

---

[1] *See* La. Civ.Code arts.1918, 1927, 1966, 1971; *see also McPherson v. Cingular Wireless, LLC,* 967 So.2d 573, 577 (La.App. 3 Cir.2007) (citing *Leger v. Tyson Foods, Inc.,* 670 So.2d 397, 401 (La.App. 3 Cir.1996)). Chalos & Co., P.C. v. Marine Managers, Ltd., No. CIV.A. 14-2441, 2015 WL 6442558, at *7 (E.D. La. Oct. 23, 2015)

A party's contractual consent "may be vitiated by error, fraud, or duress."[2] If **error** vitiates a party's consent, the contract may be rescinded.[3]

"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[4] "A contract is considered ambiguous on the issue of intent when either it lacks a provision bearing on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed."[5] When a contract is ambiguous, parol or extrinsic evidence may be admissible to prove the intent of the parties.[6]

### *Analysis*

In the present case, Mr. McNabb's contract reads "Deposition/Travel Time" being $1,200.00 per hour, which I was agreeing to the Deposition. The contract also states that Mr. McNabb charges mileage for travel. Thus, it is confusing as to whether Mr. McNabb believes he is entitled to $1,200.00 per hour of travel and expenses for mileage or if he charges mileage or just mileage or just travel time.

While the ambiguous contract was signed by the parties, it was unclear that Mr. McNabb was actually, with a straight face, believing he was going to charge and ultimately obtain $1,200.00 per hour for his drive to New Orleans from Lafayette and without confirming with Plaintiff's counsel to make sure both parties were on the same page.

---

[2] La. Civ.Code art.1948. Chalos & Co., P.C. v. Marine Managers, Ltd., No. CIV.A. 14-2441, 2015 WL 6442558, at *7 (E.D. La. Oct. 23, 2015)
[3] Cyprien v. Bd. of Supervisors ex rel. Univ. of **La**., 5 So.3d 862, 868 (**La**.2009)
[4] TWTB, Inc. v. Rampick, 152 F. Supp. 3d 549, 567 (E.D. La. 2016)
[5] Campbell v. Melton, No. 2001–2578 (La. 5/14/02); 817 So.2d 69, 75
[6] TWTB, Inc. v. Rampick, 152 F. Supp. 3d 549, 567 (E.D. La. 2016)

First and most important, because there was never any "**meeting of the minds**" that Mr. McNabb was ever asked to come to New Orleans, Plaintiff's counsel never had a thought to object a section that is contradicting in multiple areas and has two completely different actions (deposition/travel time).  As pointed out in the original Motion of Plaintiff, Plaintiff's counsel never spoke to, requested and/or asked Mr. McNabb to come to New Orleans.  In the attached email on the original Motion to Set Fees, Plaintiff's counsel simply requested with Defense Counsel dates for Mr. McNabb's deposition, and Mr. Poche's response:

**Vanessa:**

**Stan McNabb – 3/14/19 at 2:00 pm.  My office.**

Consequently, Plaintiff merely showed up at the office of Perrier & Lacoste because they were told the expert would be there and was given the date and place as well as time.   Plaintiff merely over-paid the amount of the deposition as a courtesy and would not have even considered bringing this Motion but for the expert, days after the deposition, requesting more money for his time spent in deposition as well as his travel time of $1,200.00 per hour for travel.

Next, this court has held that Neurosurgeons, Orthopedists and other experts who have many more years of experience and skill than Mr. McNabb have been awarded fees of half of what Mr. McNabb believes he is entitled to receive.  As mentioned in the earlier brief of counsel, the fees are based on education and experience.  Those doctors mentioned above, have had to leave clinics and patients and lose time from their practice.  Conversely, Mr. McNabb is a hired expert who holds a bachelor's degree and just got certified as a life care planner about three (3) years ago.  His qualifications and experience do not come close to those to those physicians who have been awarded $600.00 per hour for their services.

Nevertheless, even if this Honorable Court were to completely ignore that Mr. McNabb was never asked nor requested by Plaintiff counsel to come to New Orleans, what acts as the death knell to any argument that Mr. McNabb should be paid $1,200.00 per hour for his travel time in driving to New Orleans is the intent of the parties.  Even though the amount requested by Mr. McNabb was ridiculously high at $1,200.00 per hour, Plaintiff counsel advanced the fee to Mr. McNabb because trial was set for April 29, 2019 and Plaintiff did not have the time to object to McNab's requested hourly fee.  Plaintiff believed that the deposition should not take more than one or two hours at most.

If Mr. McNabb really believed he was going to get $1,200.00 for each hour of travel or 5 total hours as he claims, for a total of $6,000.00 without even taking the first hour of deposition he would have asked for a bigger deposit.  Common sense logic leads the reader to the question that if Mr. *McNabb truly believed* there was a "meeting of the minds" that he was going to be paid $1,200.00 per hour from Plaintiff counsel for driving his car to New Orleans, he would have only made it to Baton Rouge with the $1,200.00 deposit and need to **ask for about $6,000.00 more** just to cover his expenses and the first hour of deposition.  The amazing part is that Mr. McNabb's entire report only cost approximately **$3,000.00 total!**  This is clearly a nefarious attempt to make a huge collection at the expense of Plaintiffs and this court should easily see what is occurring. Additionally, if we were to look at the details as to what the deposition costs entail, Mr. McNabb tries to include his prepping time for the deposition as part as his total, when he is getting paid through the Defense counsel to perform the same duties, and is not my   This is precisely why this Honorable Court is the arbiter of what is fair and reasonable when it comes to expert fees.

Plaintiff counsel can assure the court if there was ever any discussion or thoughts that Mr. McNabb was going to charge $1,200.00 per hour just to drive to New Orleans from Lafayette and

back, then it would have been Plaintiff and Defense counsel driving to Lafayette for the deposition or the deposition would have been done via phone.

**Mr.McNabb's prior attempts to get more money for his hourly rate have been rejected in the past by other courts**:

This is not the first time where Mr. McNabb has demanded that he be paid an hourly fee of $1,200.00 per hour. In the case of *Williams v. M-I LLC*, CA-05-0404, 2006 WL 2604672, (W.D. LA 9/8/2006), Mr. Stanford McNabb demanded a payment of $1,200.00 for two hours of his deposition testimony, *this time* as a vocational rehabilitation expert. At that time, Mr. McNabb claimed that his hourly fee was merely $600 per hour.

The Honorable Magistrate Judge Methvin determined that the Plaintiff should only pay a "reasonable expert fee" to Mr. McNabb which considered all of the factors explained in Plaintiff's original Motion. **Judge Methvin then determined that Mr. Stanford McNabb was only entitled to an hourly fee of $575.00 for his *first hour* of deposition and $160.00 for each additional hour thereafter**.

Naturally, this jurisprudence to which Mr. McNabb is well aware was strangely omitted in any of his replies where federal court in Louisiana has already established that his request for $1,200.00 per hour is more than double what he has been awarded in the past.

**WHEREFORE**, Plaintiffs, Kierra Thomas, et al, respectfully pray for a Judgment granting the setting the expert fee and expenses of Stanford McNabb.

*SIGNATURE BLOCK NEXT PAGE*

Respectfully submitted,

**MOTTA LAW, LLC**

_/s/ Vanessa Motta_
**VANESSA MOTTA (#36915)**
855 Baronne Street 2nd Floor
New Orleans, LA 70113
Telephone: (504) 500-7246
Facsimile: (504) 513-3122
Email: vanessa@mottalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been filed using the Court's CM/ECF system, which will send notice to all counsel of record in this matter. Notice to all other parties will be submitted by e-mail, facsimile, and or U.S. Mail postage pre-paid on this 6th day of May, 2019.

/s/ Vanessa Motta
VANESSA MOTTA